UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



| | | |
|---|---|---|
| STEVEN BENTON AUBREY, and<br>BRIAN EDWARD VODICKA,<br><br>*Plaintiffs,*<br><br>v.<br><br>D MAGAZINE PARTNERS, L.P. D/B/A<br>D MAGAZINE,<br>MAGAZINE LIMITED PARTNERS, L.P.,<br>ALLISON MEDIA, INC.;<br>JAMIE L. THOMPSON;<br>ROBERT L. ERMATINGER, JR.;<br>SCOTT ROBERT SAYERS;<br>STEPHEN CHARLES SCHOETTMER;<br>ERIC VAUGHN MOYE,<br>DALLAS POLICE DEPARTMENT;<br>CITY OF DALLAS;<br>MELINDA CHRISTINE URBINA;<br>DALLAS COUNTY SHERIFF'S DEPT.;<br>DALLAS COUNTY, TEXAS; and<br>DOES 1-10, all whose true names<br>are unknown,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § | No: 18-CV-61117-BLOOM-VALLE<br><br><br><br>JURY TRIAL DEMAND |

## NOTICE OF CORRECTION

COMES NOW, PLAINTIFFS STEVEN BENTON AUBREY and BRIAN EDWARD VODICKA, filing this Notice of Correction.

On May 17, 2018, Plaintiffs filed their Complaint. After such filing, it was discovered that the sequence of numbered paragraphs was in error on four (4) pages.

For the benefit of this Court and the defendants, Plaintiffs offer corrected pages 85 through 88 with properly numbered paragraphs that are sequential, attached hereto.

Respectfully submitted,

By: _____
Steven B. Aubrey, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
Telephone: (512) 666-8004
defamationperse@gmail.com

By: _____
Brian E. Vodicka
2601 NW 3rd Ave
Wilton Manors, FL 33311
Telephone: (954) 716-9375
defamationperse@gmail.com

501. Plaintiffs are entitled to recover compensatory damages, special damages and punitive damages.

## COUNT XXIII
### Emotional Distress, Negligent Infliction
### (Against Ermatinger, Sayers, DPD, Dallas, Urbina, the Sheriff, Dallas County and Does 1-10)

502. Plaintiffs repeat and incorporate by reference paragraphs 1 through 501 above as though fully set forth herein.

503. This cause of action arises from emotional shock suffered by Plaintiffs resulting from the impact of Applicable Defendants' aggravated assault on May 19, 2016.conduct that would be described as outrageous, shocking or scandalous by an average member of the community and the claim is also a violation of the U. S. Constitution Amendment VI.

504. Applicable Defendants presented falsified affidavits for search warrants to Judge Jeanine Howard, who relied on the perjured affidavits and issued unlawful search warrants.

505. Two of the search warrants were issued on Aubrey and Vodicka, personally, to gather their fingerprints and photograph their bodies.

506. Judge Howard's orders stipulate that the warrants would be executed within "accepted practices."

507. On May 19, 2016, at approximately 3:30 pm, Plaintiffs, then residents of Dallas, Texas, lawfully walked from their apartment to Aubrey's parked vehicle, lawfully occupied Aubrey's vehicle and lawfully began backing the vehicle from a legal parking space.

508. Plaintiffs' vehicle car moved only a few feet when suddenly; Plaintiffs were under attack with multiple unmarked cars coming at them from every direction, traveling at incredibly high speeds.

509. The unmarked cars came to screeching stops before hitting Plaintiffs' vehicle and the drivers, in plain clothes, jumped out of the unmarked cars screaming at Plaintiffs to get out of their car and get down on the ground as they aggressively rushed towards Plaintiffs, weapons drawn and ready to fire.

510. It was not until Plaintiffs were down on the concrete and guns were literally touching their heads with the gunmen's trigger fingers poised to end Plaintiffs' lives at any moment, that Plaintiffs realized the gunmen were employed by Dallas, DPD, Dallas County, and the Sheriff; the gunmen were the applicable defendants.

511. Plaintiffs were in mortal fear because the gunmen did not announce who they were and proceeded to ambush them in unmarked cars while wearing street clothes, likely hoping Plaintiffs would resist arrest, try to defend themselves, or try to escape, which would give Applicable Defendants cause, and the opportunity, to fire at and kill Plaintiffs.

512. Plaintiffs were falsely, unlawfully, without probable cause, and wrongfully, with force and without Plaintiffs' consent and against their will, handcuffed and arrested by Applicable Defendants despite the fact that Judge Howard did not issue an Arrest Warrant.

513. Applicable Defendants intentionally placed Plaintiffs in even greater danger using unmarked cars and plain clothes, hoping Plaintiffs might resist their advances to give them cause to fire their weapons.

514. Applicable Defendants prove the infliction was negligent because they conspired together and with others to coordinate the brutal aggravated assault.

515. Without any visual or audible identification to suggest the Applicable Defendants were associated with law enforcement, Plaintiffs only knew they were being assaulted by angry men with guns rushing towards them.

516. Though The Law had been telling the public, and the judges, that Plaintiffs were hiding from them, in fact, it was The Law hiding from Plaintiffs, in street clothes and unmarked cars.

517. Plaintiffs continue to suffer emotional shock, resulting from the impact of Applicable Defendants' aggravated assault.

518. Plaintiffs were forced to witness each others assaults as they happened simultaneously.

519. Plaintiffs were deprived of their liberty without cause, and taken to Dallas Police Department Headquarters, without giving consent.

520. Because of Applicable Defendants' malicious actions, both Plaintiffs were held in interrogation rooms deprived of their liberty without cause for a period of approximately nine (9) hours,

521. As a result of the trespass, assault, battery, and arrest and imprisonment, Plaintiffs, being Citizens of the United States, were subjected to deprivations of their rights, privileges, and immunities secured by the Constitution of the United States, sustained deprivations of their personal liberties, invasions of their privacy, and violations of their civil rights, have suffered and will continue to suffer from psychological harm, mental distress, humiliation, embarrassment, fear, extreme shock and

nervousness and defamation of their characters and reputations, were prevented from attending to their usual duties and underwent psychological treatment, all to their damages that exceed the jurisdiction of this Court.

502. By reason of the above, Plaintiffs' reputations have been greatly injured and have been brought into public scandal, disrepute, and disgrace, and have suffered great emotional trauma and harm.

522. Applicable Defendants actions have proximately resulted in material damages to Plaintiffs.

523. Plaintiffs are entitled to recover compensatory damages, special damages and punitive damages.