**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | | |
|---|---|---|
| **STEVEN BENTON AUBREY, and** | § | |
| **BRIAN EDWARD VODICKA** | § | |
| <u>**Plaintiffs,**</u> | § | |
| **v.** | § | **CIVIL ACTION NO. 0:18-CV-61117** |
| | § | |
| **D MAGAZINE PARTNERS et al.,** | § | |
| <u>**Defendants.**</u> | § | |

---

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER AND PERSONAL
JURISDICTION OVER TEXAS DISTRICT COURT JUDGE ERIC VAUGHN MOYÉ
AND FAILURE TO STATE A CLAIM**

---

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for
Civil Litigation

SHANNA E. MOLINARE
Assistant Attorney General
Chief, Law Enforcement Defense Division

DEMETRI ANASTASIADIS*
Assistant Attorney General
Texas State Bar No. 01164480

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9374
demetri.anastasiadis@oag.texas.gov

**ATTORNEYS FOR DEFENDANT
JUDGE ERIC VAUGHN MOYÉ
*Attorney of Record**

# TABLE OF CONTENTS

Table of Authorities ......................................................................................................... iii

I.  Introductory Summary ...................................................................................... 2

II.  This Court lacks in personam and subject matter jurisdiction over a claim based
on a statement made in a court session, in a Dallas County, Texas courtroom ................. 3

III.  Aubrey's suit against Judge Moyé is barred by issue preclusion ...................................... 5

IV.  A suit against a state court judge based on his in court explanation of his recusal
is an official capacity suit barred by the Eleventh Amendment ........................................ 7

V.  Plaintiffs' claim that Judge Moyé defamed them by giving an in court verbal
explanation of the reasons for his recusal is barred by judicial immunity........................ 14

VI.  Statements made by a participant of and in connection with a judicial
proceeding are privileged and may not form the basis of a defamation suit .................. 16

VII.  Federal district courts may not review, set aside, modify or disregard state court
rulings on the same issues brought by the same litigants against the same
defendant in federal court .............................................................................................. 17

Conclusion ....................................................................................................................... 19

Certificate of Service ....................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>A.D. ex rel. McGhee v. Alabama Dept. of Human Resources</u>,
  995 F.Supp.2d 1253 (N.D. Ala. 2014) ......................................................................... 6

<u>Adams v. McIlhany</u>,
  764 F.2d 294 (5th Cir. 1985) .................................................................................... 15

<u>Agripost, Inc. v. Miami–Dade Cnty., ex rel. Manager</u>,
  195 F.3d 1225 (11th Cir. 1999) ................................................................................. 6

<u>Allen v. Bello</u>,
  Nos. 14-0760, 15-3519, 2016 WL 1670927 (D. N. J., April 27, 2016) .................................. 18

<u>Allen v. McCurry</u>,
  449 U.S. 90 (1980) ............................................................................................... 5

<u>Andrus v. Charlestone Stone Prods. Co., Inc.</u>,
  436 U.S. 604, (1978) ............................................................................................ 4

<u>Arnett v. Strayhorn</u>,
  515 F. Supp. 2d 699 (W.D. Tex., 2006) ...................................................................... 11

<u>Ballard v. Wall</u>,
  413 F.3d 510 (5th Cir. 2005) ............................................................................... 8, 15

<u>Bauer v. Texas</u>,
  341 F.3d 352 (5th Cir.2003) ................................................................................... 11

<u>Blum v. Lanier</u>,
  997 S.W.2d 259 (Tex.1999) ................................................................................... 13

<u>Boyd v. Biggers</u>,
  31 F.3d 279 (5th Cir. 1994) ................................................................................... 15

<u>Bradley</u>,
  80 U.S. 335 (1871) ............................................................................................. 15

<u>Bradt v. West</u>,
  892 S.W.2d 56, (Tex. App.—Houston [1st Dist.]1994, writ den. ....................................... 8, 14

<u>Burger King v. Rudzewicz</u>,
  471 U.S. 462, (1985) ............................................................................................. 5

<u>Cable Holdings of Battlefield, Inc. v. Cooke</u>,
  764 F.2d 1466 (11th Cir. 1985) ................................................................................ 5

Citizens Ins. Co. of America v. Daccach.,
    217 S.W.3d 430 (Tex. 2007) ......................................................................... 6

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983) ........................................................................... 10, 11, 13

Clark v. Tarrant Cty.,
    798 F.2d 736 (5th Cir. 1986) ....................................................................... 4

Community State Bank v. Strong,
    651 F.3d 1241 (11th Cir.2011) .................................................................... 6

Cook, et al. v. Hedtke,
    NO. 03-17-00663-CV, 2018 WL 1660078 (Tex. App.-Austin, April 6, 2018, no pet.) ........... 12

Cornyn v. City of Garland,
    994 S.W.2d 258 (Tex. App.—Austin, 1999, no pet.) ....................................... 12

Cozzo v. Tangipahoa Parish Council– President Gov't,
    279 F.3d 273 (5th Cir. 2002) ...................................................................... 10

Davis v. Tarrant Cty., Tex.,
    565 F.3d 214 (5th Cir. 2009) ................................................................. 14, 16

DeBauche v. Trani,
    191 F.3d 499 (4th Cir. 1999) ............................................................... 10, 12

Dorrough v. Faircloth,
    443 S.W.3d 278 (Tex. App., Austin 2015, no pet.) ....................................... 8

First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.,
    747 F.2d 1367 (11th Cir. 1984) .................................................................. 6

Gamble v. Boyd Gaming Corp.,
    No. 2:13-cv-01009, 2014 WL 1331034 (D. Nev.) .................................... 1

Honig v. Doe,
    484 U.S. 305 (1988) .................................................................................. 11

In re Federated Dept. Stores, Inc.,
    226 B.R. 191 (Bankr. S.D. Ohio 1998) ................................................... 18

In re Smith Cty.,
    521 S.W.3d 447 (Tex. App.—Tyler 2017, orig. proceeding) .................... 12

Int'l Shoe Co. v. Washington,
    326 U.S. 310, (1945) ................................................................................. 4

iv

Jackson v. BellSouth Telecomms.,
  372 F.3d 1250 (11th Cir. 2004) ............................................... 16

James v. Underwood,
  438 S.W.3d 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ............................................... 16

Johnson v. Wichita Falls Hous. Auth.,
  No. 2-06-416-CV, 2007 WL 4126475 (Tex.App.-Ft. Worth, Nov. 21, 2007) ......................... 17

Kemp ex rel. Kemp v. Perkins,
  324 Fed. App'x. 409 ............................................... 8, 14

Kentucky v. Graham,
  473 U.S. 159 (1985) ............................................... 9

Kessling v. Friendswood Indep. Sch. Dist.,
  302 S.W.3d 373 (Tex.App.–Houston [14th Dist.] 2009, pet. den. ............................................... 13

Kitty Hawk Aircargo, Inc. v. Chao,
  418 F.3d 453 (5th Cir.2005) ............................................... 11

Kizzire v. Baptist Health Sys ., Inc.,
  441 F.3d 1306 (11th Cir. 2006) ............................................... 6

Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire
  Ins. Co., 639 So.2d 606 (Fla. 1994) ............................................... 16

Liedtke v. State Bar of Tex.,
  18 F.3d 315 (5th Cir. 1994) ............................................... 17

Liptak v. Banner,
  No. 3:01-CV-0953-M, 2002 WL 378440 (N.D. Tex. Mar. 7, 2002) ......................... 14

Loch v. Watkins,
  337 F.3d 574 (6th Cir. 2003) ............................................... 17

Lopez v. County,
  Nos. 2:16-CV-0218, 2016 WL 7391036 n. 37 (D. Nev. Dec 20, 2016) ......................... 1

Mack v. Municipality of Penn Hills,
  547 F. Supp. 863 (W.D. Pa.1982) ............................................... 17

Martinez v. Texas Dep't of Criminal Justice,
  300 F.3d 567 (5th Cir. 2002) ............................................... 9

McCarthy ex rel. Travis v. Hawkins,
  381 F.3d 407 ............................................... 10

McClain v. Yeakel,
   No. A-15-CA-080-SS, 2015 WL 1003867 (W.D. Tex. Mar. 5, 2015)...................................... 14

McKay v. Federspiel,
   823 F.3d 862 (6th Cir. 2016) ...................................................................................................... 11

Middlesex County Ethics Committee,
   457 U.S. 423(1982) ...................................................................................................................... 17

Minor v. State of Texas,
   62 F.3d 395 (5th Cir. 1995) .................................................................................................... 8, 14

Mireles v. Waco,
   502 U.S. 9 (1991) .......................................................................................................................... 15

Mitchell v. McBryde,
   944 F.2d 229 (5th Cir. 1991) ................................................................................................. 15, 16

Morris v. Livingston,
   739 F.3d 740 (5th Cir. 2014) ........................................................................................................ 9

Mounkes v. Conklin,
   922 F. Supp. 1501 (D. Kan. 1996)............................................................................................... 17

Murphy v. Hunt,
   455 U.S. 478 (1982) ...................................................................................................................... 12

O'shea v. Littleton,
   414 U.S. 488 (1974) ................................................................................................................ 11, 12

ODonnell v. Harris County,
   227 F.Supp.3d 706, 2016 WL 7337549 (S.D. Tex. Dec. 16, 2016) ........................................... 9

ODonnell v. Harris County,
   251 F. Supp. 3d 1052  (S.D. Tex. 2017)........................................................................................ 9

ODonnell v. Harris County,
   882 F.3d 528 (5th Cir. 2018) ...................................................................................................... 10

Okpalobi v. Foster,
   244 F.3d 405 (5th Cir. 2001) .................................................................................................. 9, 10

Patterson v. Planned Parenthood,
   971 S.W.2d 439 (Tex.1998) ......................................................................................................... 13

Pennzoil Co. v. Texaco, Inc.,
   481 U.S. 1 (1987) .......................................................................................................................... 18

Perkins v. Benguet Consol. Mining Co.,
    342 U.S. 437 (1952) ......................................................................................... 4

Pierson v. Ray,
    386 U.S. 547 (1967) ......................................................................................... 14

Planned Parenthood of Houston & Southeast Texas v. Sanchez,
    403 F.3d 324 (5th Cir. 2005) ........................................................................... 11

Pledger v. Russell,
    702 Fed. Appx. 683 (10th Cir. 2017) .............................................................. 16

Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,
    506 U.S., 113 S.Ct. (1993) ............................................................................... 10

Quintanilla v. Seagraves Ford, Inc.,
    522 S.W.2d 274 (Tex. Civ. App.—Corpus Christi,  1975, no writ ..................... 16

Rabalais v. Leon,
    496 Fed. App'x. 498 (5th Cir. 2012) ............................................................... 17

Ramming v. United States,
    281 F.3d 158 (5th Cir. 2001) ............................................................................ 3

Randall D. Wolcott, M.D., P.A. v. Sebelius,
    635 F.3d 757 (5th Cir. 2011) ........................................................................... 4

Reagan v. Guardian Life Ins.,
    140 Tex. 105 (1942) .................................................................................. 16, 17

Rio Props. v. Rio Int'l Interlink,
    284 F.3d 1007 (9th Cir. 2002) .......................................................................... 4

Rocawear Licensing LLC, v. Pacesetter Apparel Group,
    Nos. CV 06-3093 CJC, 2007 WL 5289737 (C.D. Cal. September 12, 2007) ............ 4

Ruiz v. Johnson,
    178 F.3d 385 (5th Cir. 1999) ............................................................................ 9

Schrier v. Univ. Of Colo.,
    427 F.3d 1253 (10th Cir. 2005) ....................................................................... 12

Seminole Tribe of Florida v. Florida,
    517 U.S. 44 (1996) ........................................................................................... 10

Sparks v. Duval County Ranch Co., Inc.,
    588 F.2d 124 (5th Cir. 1979.) ........................................................................... 15

Stump v. Sparkman,
    435 U.S. 349 (1978) ................................................................ 16

Texas D.P.S. v. Petta.,
    44 S.W.3d 575 (Tex. 2001) ..................................................... 6

United States v. Robinson,
    368 F.3d 653 (6th Cir. 2004) .................................................. 16

Valentine v. Texas,
    602 Fed. App'x 1015 (5th Cir. 2015) ..................................... 11
Vodicka v. A.H. Bello,
    No. 05-17-00728-CV, 2017 WL 3301592, (Tex. App.-Dallas March 7, 2017) ........... 2, 3, 7, 10

Weekly v. Morrow,
    204 F.3d 613 (5th Cir. 2000) .................................................. 18

Will v. Michigan Dept. Of State Police,
    491 U.S. 58,109 S.Ct 2304 (1989) .......................................... 9

World–Wide Volkswagen v. Woodson,
    444 U.S. 286 (1980) .............................................................. 5

**Codes**

28 U.S.C. § 1257 ........................................................................... 18

28 U.S.C.A. § 1738 ...................................................................... 5

42 U.S.C. § 1983 .......................................................................... 9

Tex. Gov't. Code 24.115 .............................................................. 4

**Rules**

Fed. R. Civ. P. 12(a)(4)(A) .......................................................... 1

Fed. R. Civ. P. 12(b)(1) ................................................................ 1, 3

Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6) ........................... 1

Fed. R. Civ. P. 12(b)(2) ................................................................ 1, 5

Fed. R. Evid. 201(b)(2) ................................................................ 3

Tex. R. Civ. P. 18a and 18b ........................................................ 8, 9, 14

**Other Authorities**

Article III, U.S. Constitution..................................................................................... 10, 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | | |
|---|---|---|
| **STEVEN BENTON AUBREY, and** | § | |
| **BRIAN EDWARD VODICKA** | § | |
|     **Plaintiffs,** | § | |
| **v.** | § | **Case No. 0:18-CV-61117-BB** |
| | § | |
| **D MAGAZINE PARTNERS et al.,** | § | |
|     **Defendants.** | § | |

---

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER AND PERSONAL
JURISDICTION OVER TEXAS DISTRICT COURT JUDGE ERIC VAUGHN MOYÉ,
AND FAILURE TO STATE A CLAIM**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant, 14th Judicial District Court Judge of Dallas County, Texas, Judge Eric Vaughn Moyé, in his individual and official capacity, moves this court to dismiss this case based on the absence of in personam and subject matter jurisdiction, Eleventh Amendment and Judicial Immunity and failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(1), 12(b)(2) and 12(b)(6).

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim) dispenses with the requirement of filing an answer unless such motion is denied. ("A motion asserting any of these defenses must be made before pleading, if a responsive pleading is allowed."). As District Judge Eric Vaugh Moyé, timely files this Motion to Dismiss, his answer due date is tolled until fourteen (14) days after the Court rules on the Motion. Fed. R. Civ. P. Rule 12(a)(4)(A); Lopez v. County, Nos. 2:16-CV-0218, 2016 WL 7391036, at *4 n. 37 (D. Nev. Dec 20, 2016); Gamble v. Boyd Gaming Corp., No. 2:13-cv-01009, 2014 WL 1331034, at *3 (D. Nev.), sub. det., 2014 WL 2573899 (D.Nev. June 6, 2014).

## I.      **Introductory Summary**

Pro se Plaintiffs seek damages, injunctive relief and attorneys' fees. (Complaint, page 89). The events forming the basis of Plaintiffs' claim follow.

On May 13, 2016, Ira Tobolowsky, a lawyer who was involved in litigation against Vodicka and Aubrey, died in an arson fire in his garage. Complaint, para. 58. Judge Moyé had been presiding over that litigation. He recused himself and, on  May 18, 2016, in open court, offered a verbal explanation for his recusal. (Complaint, paras. 95, 193, 194). On January 27, 2017, Vodicka and Aubrey filed a Texas state court defamation suit against Judge Moyé. They claimed therein, as they do in the present litigation, that Judge Moyé, on May 18, 2016, during a court sesssion where he was presiding, explained his recusal from litigation wherein Vodicka and Aubrey were parties, as follows: (First Amended Petition, paragraphs 36, 43) <u>Vodicka v. A.H. Bello,</u> Case No. DC-26-12693 (Dallas District Court, March 7, 2017), <u>aff'd</u>  2018 WL 3301592, (Tex-App. Dallas July 5, 2018)  (See **Exhibit 1):**

<u>First Amended Petition at para 36:</u>

On February 22, 2016, Plaintiffs filed motions for ex parte Moye to recuse himself…

<u>First Amended Petition at para 43:</u>

"Moyé said in court Wednesday that he was voluntarily removing himself from the case because of Aubrey and "his implications in the death of Mr. Tobolowsky."

Aubrey and Vodicka make the same claim against Judge Moyé in the present litigation, alleging that, on May 18, 2016, he explained his recusal: (Complaint, paragraphs 95,193,194)

<u>Original Complaint at para 95:</u>

…with the allegations which have been made related to Mr. Aubrey and his implication in the death of Mr. Tobolowsky and related issues, I don't think that is unreasonable for a judge other than myself to hear this case.

Those claims were dismissed by a Dallas County District Court in <u>Steven B. Aubrey and</u>

Brian E. Vodicka v. A.H. Belo Corporation, et al., No. DC-26-12693, (Dallas District Court, March 7, 2017 March 7, 2017), aff'd  2018 WL 3301592, (Tex-App. Dallas July 5, 2018). Aubrey was found to be a vexatious litigant and attorneys' fees and sanctions against Aubrey and Vodicka were assessed by the Court. Their libel suit against Judge Moyé was dismissed and the dismissal was upheld on appeal. **Exhibits 1-5,** attached.[1]

**Exhibit 1:**  First Amended Petition filed by Aubrey and Vodicka, January 27, 2017. [2]

**Exhibit 2:**  Order Declaring Steven B. Aubrey a Vexatious litigant, March 1, 2017.

**Exhibit 3:**  Order Dismissing Petition's Claim Against  Judge Moyé March 1, 2017.

**Exhibit 4:**  Final Judgment, March 7, 2017. [3]

**Exhibit 5:**  Brian E. Vodicka v.  Eric Vaughn Moyé, Case No. 05-17-00728, 2018 WL 3301592, (Tex. App. -Dallas, July 5, 2018) affirming dismissal of libel suit against Judge Moyé.

Aubrey did not appeal the court's judgment and it is final as to him. Vodicka's appeal of of the dismissal was affirmed. A review of these Exhibits indicate that the claim made against Judge Moyé, that, in explaining his recusal from the litigation, he defamed Aubrey and Vodicka, is the same claim brought against him in the present litigation.  Accordingly, the present suit is barred on the basis of issue preclusion.

## II.  This Court lacks in personam and subject matter jurisdiction over a claim based on a statement made in a court session, in a Dallas County, Texas courtroom

The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss to show that jurisdiction exists. Ramming v. United States, 281 F.3d 158, 161 (5th Cir.

---

[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. Rule 201(b)(2).

[2] These Exhibits are submitted so that the court can determine whether Plaintiffs are attempting to relitigate, in a Federal district court, claims which were previously determined adversely against them in the Dallas District Court litigation.

[3] ROA refers to the record on appeal of these decisions currently pending in the Dallas Court of Appeals in Case No. DC-16-12693 on Vodicka's Motion for En Banc Consideration filed on July 20, 2018. Only Vodicka appealed the district court decisions.  Thus, the judgment if final only as to plaintiff Steven B. Aubrey.

2001); Clark v. Tarrant Cty., 798 F.2d 736, 741 (5th Cir. 1986); Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).  A court has an independent duty to satisfy itself of its own subject matter jurisdiction and may raise the issue sua sponte, even where the defendant does not challenge it. Andrus v. Charlestone Stone Prods. Co., Inc., 436 U.S. 604, 608 n. 6, (1978). A district court must dismiss the action if it finds that it lacks subject matter jurisdiction. Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011). The Complaint in this case shows that this Court lacks personal jurisdiction over Judge Moyé as he is alleged to have defamed Plaintiffs during an in court session in the Dallas County Courthouse, where he was presiding judge. (Complaint, paras. 95, 193, 194) The 14th Judicial District Court of Dallas County is governed by Tex. Gov't. Code 24.115 and has no jurisidiction outside of Texas. [4] A Florida federal district court may not adjudicate conduct alleged to have occurred inside a Texas courtroom. Due process requires that the defendant have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, (1945). If a defendant is domiciled in the forum state, or its activities there are substantial, continuous and systematic, a federal court can exercise  jurisdiction over that defendant. Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445-47 (1952); Rocawear Licensing LLC, v. Pacesetter Apparel Group, Nos. CV 06-3093 CJC, 2007 WL 5289737 at *1-2 (C.D. Cal. September 12, 2007):

> The Ninth Circuit has established a three-factor test for determining when a court may constitutionally exercise specific jurisdiction over a defendant: (1) the nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activity; and/or (3) the exercise of jurisdiction must be reasonable.

---

[4] "Sec. 24.115. 14TH JUDICIAL DISTRICT (DALLAS COUNTY). (a)  The 14th Judicial District is composed of Dallas County."

The exercise of jurisdiction over a nonresident defendant requires a showing that he "has "purposefully directed" his activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to those activities." Burger King v. Rudzewicz, 471 U.S. 462, 472–73, (1985). The requirement that there be minimum contacts assures that "the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there." World–Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980).  A Texas judge's in court oral explanation of his recusal, in a Dallas County, Texas courtroom, is not  "purposefully directed" activity toward Florida residents. Nor would any reasonable person anticipate being hailed into a Florida federal court based on the making of a statement in a Texas courtroom, referencing a then Texas resident, Steven Aubrey. The Complaint admits that neither Aubrey or Vodicka were Florida residents on May 18, 2016, the date the Complaint claims Judge Moye made the in court statement. (Complaint, paras. 95, 193-194, 226) (para 193: "On May 18, 2016, the final act of Moye's drama took place in open court.") (para 226: "In November 2016, Plaintiffs moved to South Florida…"). This Court lacks personal jurisdiction over Judge Moyé and should dismiss him from this suit pursuant to Fed. R. Civ. Proc. 12(b)(2).

### III.     Aubrey's suit against Judge Moyé is barred by issue preclusion

Federal courts accord preclusive effect to issues decided by state courts. Res judicata and collateral estoppel reduce unnecessary litigation, foster reliance on adjudication, and promote the comity between state and federal courts that has been recognized as a bulwark of the federal system. Allen v. McCurry, 449 U.S. 90 (1980). Under the Full Faith and Credit Act, 28 U.S.C.A. § 1738, a federal court is required to give res judicata effect to state court judgments. Cable Holdings of Battlefield, Inc. v. Cooke, 764 F.2d 1466 (11th Cir. 1985).

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." A.D. ex rel. McGhee v. Alabama Dept. of Human Resources, 995 F.Supp.2d 1253, 1259 (N.D. Ala. 2014); Community State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir.2011) ("The general principle of res judicata prevents the relitigation of issues and claims already decided by a competent court."). Res judicata makes a final, valid judgment conclusive on the parties, and those in privy with them, as to all matters, fact and law, that were or should have been adjudicated in the proceeding. First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc., 747 F.2d 1367 (11th Cir. 1984). "In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion. Kizzire v. Baptist Health Sys ., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006); Agripost, Inc. v. Miami–Dade Cnty., ex rel. Manager, 195 F.3d 1225, 1229 n. 7 (11th Cir. 1999).

### a. Collateral Estoppel under Texas law

In order to invoke the doctrine of collateral estoppel, a party must establish that: (1) the same facts sought to be litigated in the present suit were fully litigated in a prior suit; (2) those facts were essential to the judgment in the first suit; and (3) the parties were adversaries in the first suit.[5]

### b. Res Judicata under Texas law

Res judicata requires: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties and those in privity with them; and (3) the second action

---

[5] Texas D.P.S. v. Petta. 44 S.W.3d 575 (Tex. 2001).

must be based on the same claims that were raised or could have been raised in the first action.[6]

Comparison of two suits shows that Judge Moyé's alleged defamatory open court statement was

at issue and was or could have been litigated by Aubrey and Vodicka in the Texas proceeding.

    **c.   Texas suit**

In the Texas litigation, **Exhibit 1-**Vodicka and Aubrey's First Amended Complaint,

paragraph 43, Plaintiffs claimed that on May 18, 2016, Judge Moyé stated in court that he was

voluntarily removing himself from the case because of Aubrey and "his implications in the death

of Mr.Tobolowsky."  In **Exhibit 5-**Brian E. Vodicka v. A.H. Belo Corporation and Eric Vaughn

Moyé, Case No. 05-17-00728 (Tex. App. -Dallas, July 5, 2018), the Court affirmed dismissal of

Plaintiffs' libel suit against Judge Moyé. The Opinion of the Court of Appeals, pp. 13, 21,

reviewed and affirmed the trial court's dismissal of the libel claim on the same factual basis.

    **d.   Florida federal Court Complaint, paragraphs 95, 193, 194**

Aubrey and Vodicka make the same claim against Judge Moyé in the present litigation:

95…with the allegations which have been made related to Mr. Aubrey and his implication in the death of Mr. Tobolowsky and related issues, I don't think that is unreasonable for a judge other than myself to hear this case.

193. On May 18, 2016, the final act of Moye's drama took place in open court.

194. Moye, acting under color of Iaw, before a circus parade of Iocal television broadcast station repoders and camera crews, shockingly said:

> "I think at this point with the allegations which have been made related to Mr. Aubrey and his implication in the death of Mr. Tobolowsky..."

Because the claim that Judge Moyé defamed Plaintiffs was litigated or could have been

litigated in Texas, issue preclusion bars this claim from going forward in a Florida federal court.

    **IV.**    **<u>A suit against a state court judge based on his in court explanation of his recusal is an official capacity suit barred by the Eleventh Amendment</u>**

---

[6] <u>Citizens Ins. Co. of America v. Daccach</u>. 217 S.W.3d 430, 449 (Tex. 2007).

The Complaint seeks injunctive relief on page 89.  The basis of the suit is a claim that Judge Moyé, in his capacity as a Texas judge, while presiding over his courtroom, verbally explained his reasoning in recusing himself from litigation involving plaintiffs. "Public officials act within the scope of their authority if they are discharging the duties generally assigned to them."  Dorrough v. Faircloth, 443 S.W.3d 278, 286-87 (Tex. App., Austin 2015, no pet.). Judge Moyé's in court explanation as presiding judge, stating his reasons for recusal from a case involving Aubrey and Vodicka as litigants, was a judicial act taken in an official capacity, regardless of Plaintiffs' characterization of such act. Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005) (In determining whether a judge's actions were "judicial in nature," federal courts consider "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity."). Judges recusing themselves based on a perceived need to ensure the appearance of integrity in the judicial system is commanded by Tex. R. Civ.  Proc. 18a and 18b. A decision to recuse is a judicial act, as is any explanation a judge offers for such decision.[7]

Under Texas law, whether a judge performs a judicial function is codified in language requiring a similar determination as a basis to qualify for attorney general representation—the suit must be one "in which the judge is a defendant because of his office as judge."

Sec. 74.141. DEFENSE OF JUDGES. The attorney general shall defend a state district judge, a presiding judge of an administrative region, the presiding judge of the statutory probate courts, or an active, retired, or former judge assigned under

---

[7] Minor v. State of Texas, 62 F.3d 395 (5th Cir. 1995). Kemp ex rel. Kemp v. Perkins, 324 Fed. App'x. 409, 413 (While a judge takes action in a case after he has already recused himself may have acted in excess of his jurisdiction, he does not act wholly in absence of jurisdiction, so as not to be protected by judicial immunity for his actions.). Bradt v. West, 892 S.W.2d 56, 68-69, (Tex. App.—Houston [1st Dist.]1994, writ den.) (rejecting the argument that the judge lacked jurisdiction because plaintiff had filed a motion to recuse the judge affirming dismissal of the suit).

this chapter in any action or suit in any court in which the judge is a defendant because of his office as judge if the judge requests the attorney general's assistance in the defense of the suit.

The issue therein, as is true  in the application of judicial immunity to specific claims, is whether a judge "is a defendant because of his office as judge". When a suit is based on the judge's open court explanation of the reasons he is recusing from a case assigned to him, as provided by Tex. R. Civ. Proc. 18a and 18b, such explanation is inextricably intertwined with the judicial duty of making a recusal decision. Recusal and conduct surrounding it, such as providing an explanation for such recusal, whether done by written order or verbal declaration, is an act done in a judge's official and judicial capacity.

Such a claim is an official capacity suit, whether or not it is so labeled. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165 (1985). A suit against a state official for official acts as well as a suit against the State of a state agency is barred by the Eleventh Amendment to the U.S. Constitution.[8] An exception to Eleventh Amendment immunity is a claim for an injunction, which may be brought against a state official having a present ability to implement relief ordered by the Court so that future official conduct comports with law. [9] Injunctive relief against a judge may not be brought absent a showing that a declaratory decree was violated or declaratory relief is unavailable. Title 42 U.S.C. 1983:

> ... in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

---

[8] Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567 (5th Cir. 2002); Will v. Michigan Dept. Of State Police, 491 U.S. 58, 70-71,109 S.Ct 2304 (1989); Morris v. Livingston, 739 F.3d 740, 745 (5th Cir. 2014).

[9] Okpalobi v. Foster, 244 F.3d 405,421, 423 (5th Cir. 2001) (suit against Governor); Ruiz v. Johnson, 178 F.3d 385 (5th Cir. 1999), abrogated by Miller v. French, 530 U.S. 327 (2000) (Suit against the Director of the Institutional Division of TDCJ).

See <u>ODonnell v. Harris County,</u> 251 F. Supp. 3d 1052, 1155–56  (S.D. Tex. 2017)<u>,</u> <u>affirmed as modified ,</u> 882 F.3d.528 (5th Cir. 2018) ("…a preliminary injunction against the judicial officers in their judicial capacity is not available."). <u>ODonnell v. Harris County,</u> 227 F.Supp.3d 706, 758, 2016 WL 7337549 (S.D. Tex. Dec. 16, 2016) ("The County Judges are immune from claims for injunctive relief…unless a declaratory decree is violated or unavailable."); <u>ODonnell v. Harris County,</u> 882 F.3d 528, 542, 547 (5th Cir. 2018)<u>; aff'd in part,</u> <u>rev'd in part. ODonnell v. Harris County,</u> 892 F.3d 147, 164 (5th Cir. June 1, 2018) ("The court does not order relief against the Hearing Officers or against the County Judges..."). Moreover, the Complaint does not set out facts showing that they will suffer irreparable and imminent harm-a likelihood that Judge Moyé will subject plaintiffs to future violations of law if injunctive relief is not granted. The Complaint fails to establish a case or controversy sufficient to give a federal court jurisdiction over Judge Moyé and would result in the issuance of an advisory opinion barred by Article III, U.S. Constitution.[10]

To obtain injunctive relief, a plaintiff must demonstrate an immediate threat of violation and injury in the future that cannot be addressed by a remedy at law, such as a challenge to a state court judgment through the state  appellate system. Both Plaintiffs in this case had an opportunity to appeal the adverse judgment of the Texas  court to the Court of Appeals. Vodicka's appeal was affirmed by  the Dallas Court of Appeals and he moved for reconsideration on July 20, 2018. [11]

The exception to Eleventh Amendment immunity applies  only when (1) the suit is against a state official and (2) the plaintiff seeks only prospective injunctive relief (3) in order to

---

[10] <u>City of Los Angeles v. Lyons,</u> 461 U.S. 95, 112-113 (1983); <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy,    Inc.,</u> 506 U.S. at 146, 113 S.Ct. at 689 (1993); <u>Okpalobi v. Foster,</u> 244 F.3d 405, 425-426 (5th Cir. 2001); <u>McCarthy        ex rel. Travis v. Hawkins,</u> 381 F.3d 407, 412, reh'g denied, 391 F.3d 676; (5th Cir. 2004); <u>Cozzo v. Tangipahoa     Parish Council– President Gov't,</u> 279 F.3d 273, 280 (5th Cir. 2002).

[11] <u>Vodicka v. A.H. Belo et al.,</u> Case No. 05-17-00728-CV (Tex. App.—Dallas, July 5, 2018).        .

end a "continuing violation of federal law." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996). "Mere conjecture is insufficient to transform a one-time event into a continuing governmental practice..." DeBauche v. Trani, 191 F.3d 499, 505 (4th Cir. 1999). The requirement of a continuing violation includes establishing a threatened injury that is "certainly impending" or that there exists a "substantial risk that the harm will occur" and that the remedy at law is inadequate. McKay v. Federspiel, 823 F.3d 862, 867 (6th Cir. 2016); O'shea v. Littleton, 414 U.S. 488, 493, 496-497 (1974) (The case or controversy requirement is not satisfied where the litigants simply "anticipate violating lawful criminal statutes...we are...unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct..."); Honig v. Doe, 484 U.S. 305, 320 (1988) (Courts have  "been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury."). Where a plaintiff is seeking injunctive or declaratory relief, he must demonstrate there is a substantial likelihood he will suffer injury in the future. Arnett v. Strayhorn, 515 F. Supp. 2d 699, 704 (W.D. Tex., 2006); Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 458 (5th Cir.2005); Bauer v. Texas, 341 F.3d 352, 357 (5th Cir.2003).   Plaintiffs have not pled to facts showing  a likelihood that Judge Moyé will commit future violations of law resulting in harm to plaintiffs or a substantial threat that they will suffer irreparable injury if the injunction is not granted. Without such a showing, Plaintiffs do not have standing to request equitable relief. Planned Parenthood of Houston & Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005); Valentine v. Texas, 602 Fed. App'x 1015, 1016 (5th Cir. 2015):

A federal court must, when necessary, raise the issue of Article III standing sua

11

sponte. Article III standing requires a showing of 'injury in fact, causation, and redressability.'…'Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement.' …a declaration that Valentine's First Amendment rights were violated by his conviction will afford Valentine no remedy.(citations omitted).

In accord  City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983):

The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a "likelihood of substantial and immediate irreparable injury." O'Shea v. Littleton, 414 U.S. 488, at 502, 94 S.Ct. 669, at 679. The speculative nature of Lyons' claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled.…Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles;

In accord are DeBauche v. Trani, 191 F.3d 499, 505 (4th Cir.1999) ("The Ex parte Young exception, however, applies only when there is an ongoing violation of federal law that can be cured by prospective relief. It does not apply when the alleged violation of federal law occurred entirely in the past."); Schrier v. Univ. Of Colo., 427 F.3d 1253, 1267 (10th Cir. 2005):

To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." "[M]erely serious or substantial" harm is not irreparable harm. "[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." "It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."

Given these considerations, we hold that the court did not abuse its discretion in determining that, without the preliminary injunction, Dr. Schrier would not suffer irreparable harm. The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance. (citations omitted)

The Complaint does not show a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same parties. The possibility that the same party may be subjected to the same action again is not sufficient to satisfy the test. Murphy v. Hunt, 455 U.S. 478, 482 (1982) (per curiam); Cook, et al. v. Hedtke, NO. 03-17-00663-CV,

2018 WL 1660078, at *3 (Tex. App.-Austin, April 6, 2018, no pet.); In re Smith Cty., 521 S.W.3d 447, 454–55 (Tex. App.—Tyler 2017, orig. proceeding) (denying mandamus petition as moot because granting requested relief would have no practical effect and would "only amount to an advisory opinion"); Cornyn v. City of Garland, 994 S.W.2d 258, 267 (Tex. App.—Austin, 1999, no pet.) (Issuing equitable relief for possible future violations would result in an advisory opinion "that lies outside [our] judicial power" because doing so would require speculation and conjecture regarding the nature of the possible future violation.). This exception requires that there be a likelihood that the same action will occur again. Blum v. Lanier, 997 S.W.2d 259, 264 (Tex.1999); City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality."). Kessling v. Friendswood Indep. Sch. Dist., 302 S.W.3d 373, 380 (Tex.App.–Houston [14th Dist.] 2009, pet. den.):

> We looked to a pattern of past improper meeting notices to support an injunction against holding future meetings without proper notice…Kessling's pleadings are sufficient to make a claim ... in that she explicitly alleged a pattern and practice of certain kinds of TOMA violations and requested injunctive and mandamus relief to prevent future violations of the same nature.

Also see Patterson v. Planned Parenthood, 971 S.W.2d 439, 442-443 (Tex.1998):

> The courts of this state are not empowered to give advisory opinions. This prohibition extends to cases that are not yet ripe. A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass. [A] trial court could not grant relief based on "a hypothetical situation which might or might not arise at a later date. District courts, under our Constitution, do not give advice or decide cases upon speculative, hypothetical or contingent situations".

In the case at bar, Plaintiffs complain of past events but pled no ongoing violation of law by Judge Moyé that is imminent and likely to occur, absent equitable relief.  There is no justiciable controversy and no imminent threat of future violations. The Complaint does not set

forth facts showing that there is an immediate threat that Judge Moyé will commit violations of law, causing Plaintiffs legally cognizable harm in the future or that they lacked adequate appellate remedies in the state court action dismissing their claims against him.

Plaintiffs have failed to allege facts that would support a conclusion that Judge Moyé or is imminently likely to violate law in the future to the detriment of either Plaintiff, barring the granting of injunctive relief. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Accordingly, their claims against Judge Moyé are barred by the Eleventh Amendment.

### V.  Plaintiffs' claim that Judge Moyé defamed them by giving an in-court verbal explanation of the reasons for his recusal is barred by judicial immunity

The claims against Judge Moyé, based on his explanation for recusal, are actions "normally performed by a judge", barred by judicial immunity. An act or omission related to a judge's decision to recuse is a judicial function. Judges recusing themselves based on a perceived need to ensure the appearance of integrity in the judicial system is an integral part of their judicial duty  commanded by Tex. R. Civ. Proc. 18a and 18b. Minor v. State of Texas, 62 F.3d 395 (5th Cir. 1995). Kemp ex rel. Kemp v. Perkins, 324 Fed. App'x. 409, 2009 WL 1259024 (5th Cir. 2009) (While a judge takes action in a case after he has already recused himself may have acted in excess of his jurisdiction, he does not act wholly in absence of jurisdiction, so as not to be protected by judicial immunity for his actions.). Bradt v. West, 892 S.W.2d 56, 68-6972 (Tex. App.—Houston [1st Dist.]1994, writ den.) (rejecting the argument that the judge lacked jurisdiction because plaintiff had filed a motion to recuse the judge,  affirming dismissal of the suit against the judge). Liptak v. Banner, No. 3:01-CV-0953-M, 2002 WL 378440, at *2 (N.D. Tex. Mar. 7, 2002).

The issuance of a judicial decision, opinion or decree, modification or correction as well as a written or verbal explanation or reasoning behind such decision is an inherently judicial

function. "Motive of the judicial officer is irrelevant when considering absolute immunity." [12]

Judges have absolute immunity for judicial acts such entering or refusing to enter orders in a case

before them. Pierson v. Ray, 386 U.S. 547, 554 (1967):

> ...immunity applies even when the judge is accused of acting maliciously and corruptly . .
> . . His errors may be corrected on appeal, but he should not have to fear that unsatisfied
> litigants may hound him with litigation charging malice or corruption.

Judicial immunity is overcome in only two circumstances. First, a judge is not immune

from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity.

Second, a judge is not immune for actions that, although judicial in nature, are taken in the

complete absence of all jurisdiction. Id. at 11–12. In determining whether a judge's actions were

"judicial in nature," federal courts consider "(1) whether the precise act complained of is a

normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct

spaces such as the judge's chambers; (3) whether the controversy centered around a case pending

before the court; and (4) whether the acts arose directly out of a visit to the judge in his official

capacity." [13] These four factors are to be broadly construed in favor of immunity-the absence of

one or more factors does not prevent a determination that judicial immunity applies in a

particular case. Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985). Judicial immunity

applies even when a judge is accused of acting maliciously and corruptly or when intentionally

wrongful judicial acts are alleged. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994); Sparks v.

Duval County Ranch Co., Inc., 588 F.2d 124, 125-126 (5th Cir. 1979.). An allegation that a

judge "acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to

avoid absolute judicial immunity." Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991);

---

[12] Davis v. Tarrant Cty., Tex., 565 F.3d 214, 221 (5th Cir. 2009); McClain v. Yeakel, No. A-15-CA-080-SS, 2015 WL    1003867, at *2 (W.D. Tex. Mar. 5, 2015), report and recommendation adopted sub nom. McClain v. Yeakel, No. A-   15-CA-80-SS, 2015 WL 1519183 (W.D. Tex. Mar. 31, 2015).

[13] Mireles v. Waco, 502 U.S. 9, 11 (1991); Ballard v. Wall, 413 F.3d 510 (5th Cir. 2005).

Sparks v. Duval Cty. Ranch Co., 588 F.2d 124, 125–126 (5th Cir.), on reh'g, 604 F.2d 976 (5th Cir. 1979), aff'd sub nom. Dennis v. Sparks, 449 U.S. 24 (1980):

> "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly". Bradley, 80 U.S. at 351. [Bradley v. Fisher, 80 U.S. 335 (1871)]. The Court drew a distinction between acts in excess of jurisdiction, which are protected by immunity, and acts in the clear absence of all jurisdiction, which are unprotected.

A judge may be liable in a civil action only when his act was in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). Quintanilla v. Seagraves Ford, Inc., 522 S.W.2d 274, 276 (Tex. Civ. App.—Corpus Christi, 1975, no writ); United States v. Robinson, 368 F.3d 653 (6th Cir. 2004); James v. Underwood, 438 S.W.3d 704, 709 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Judges enjoy absolute judicial immunity from liability for judicial acts, no matter how erroneous the act or how evil the motive, unless the act is performed in the clear absence of all jurisdiction."); Davis v. Tarrant Cty., Tex.,565 F.3d 214 (5th Cir. 2009); Pledger v. Russell, 702 Fed. Appx. 683, 684-85 (10th Cir. 2017):

> "[W]hether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Id. Acts are not nonjudicial just because they were "in error" or "in excess of ... authority" or even if motivated by "malice or corruption." For example, when the complaint is that a judge ordered police officers to use excessive force to drag an attorney into his courtroom, the act is judicial because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." Id. at 12, 112 S.Ct. 286. Similarly, all the acts Ms. Pledger complains of—appointing counsel, raising an issue sua sponte, placing the defendant in custody, communicating with attorneys, ruling on motions, and issuing written or verbal orders—are functions normally performed by judges, and therefore absolutely immunized from liability. (citations omitted)

## VI.   Statements made by a participant of and in connection with a judicial proceeding are privileged and may not form the basis of a defamation suit

A person making a statement in connection with a judicial proceeding has absolute

immunity for defamation so long as the statement has some relation to the proceeding. <u>Levin,</u> <u>Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.,</u> 639 So.2d 606, 607–08 (Fla. 1994); <u>Jackson v. BellSouth Telecomms.,</u> 372 F.3d 1250, 1274 (11th Cir. 2004) The common law has recognized a judicial proceedings privilege since at least 1772 for parties, witnesses, lawyers, judges, and jurors. <u>Reagan v. Guardian Life Ins.,</u> 140 Tex. 105, 111 (1942) ("Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel. The falsity of the statement or the malice of the utterer is immaterial, and the rule of nonliability prevails even though the statement was not relevant, pertinent and material to the issues involved in the case."). <u>Strasburger v. Kyle,</u> Nos. 13–14–00079–CV, 2016 WL 1072618, at *3 (Tex. App.–Corpus Christi, Mar. 17, 2016, no pet .) (mem. op.) ("no remedy exists in a civil action for libel or slander" arising from communications made in connection with a judicial proceedings, citing <u>Reagan</u> at p. 112); <u>Johnson v. Wichita Falls Hous. Auth.,</u> No. 2-06-416-CV, 2007 WL 4126475 at *3 (Tex.App.-Ft. Worth, Nov. 21, 2007) ("The general rule is that any communication, oral or written, uttered or published in the due course of a judicial proceeding is privileged and cannot constitute the basis of a civil action in damages for slander or libel").

### VII.  Federal district courts may not review, set aside, modify or disregard state court rulings on the same issues brought by the same litigants against the same defendant in federal court

Federal district courts, being courts of original jurisdiction, cannot exercise appellate jurisdiction over state court proceedings. <u>Mounkes v. Conklin,</u> 922 F. Supp. 1501, 1508 (D. Kan. 1996); <u>Mack v. Municipality of Penn Hills,</u> 547 F. Supp. 863 (W.D. Pa.1982). Nor may they engage a presumption that the state courts do not safeguard federal constitutional rights. <u>Middlesex County Ethics Committee,</u> 457 U.S. 423, 431(1982); <u>Loch v. Watkins,</u> 337 F.3d 574,

579 (6th Cir. 2003). Lower federal courts "lack jurisdiction to entertain collateral attacks on state court judgments." Rabalais v. Leon, 496 Fed. App'x. 498, 499 (5th Cir. 2012); Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994).

In Rabalais, the Court concluded that a state court judgment is "attacked" when the losing party in the state court action seeks "what in substance would be appellate review of the state judgment" and, therefore, held that a federal court was precluded from considering issues previously disposed of in state court litigation. Id. Under the Rooker-Feldman doctrine, lower federal courts do not have the authority to review state court rulings even where a federal question is involved. In re Federated Dept. Stores, Inc., 226 B.R. 191, 193 (Bankr. S.D. Ohio 1998). Where the relief sought in a lower federal court "can only be predicated on a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987); Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000):

> No statute exists, however, granting federal district courts jurisdiction to hear appeals from state court decisions. 28 U.S.C. § 1257 provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari...." No parallel provision exists similarly granting appellate jurisdiction over state court decisions to the inferior federal courts…"federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." (footnote citations omitted)

A federal district court explained the policy reasons precluding a suit seeking a decision in conflict with decisions made by state courts, prior to the commencement of federal litigation in Allen v. Bello, Nos. 14-0760, 15-3519, 2016 WL 1670927 at *16 (D. N. J., April 27, 2016):

> … it is likely that federal district courts would be inundated with Section 1983 suits collaterally attacking judges' orders so as to avoid the more deferential review those orders might receive in appellate courts. Instead, when a judge

presiding over a case – and acting in an adjudicative capacity – has entered an order which a litigant believes violates his or her constitutional rights, or is otherwise incorrect or unjust, that litigant should either seek interlocutory review of the order or appeal the order when it becomes final.

## CONCLUSION

This Court lacks personal jurisdiction over a Texas judge for acts performed entirely in Texas.  Moreover, the Eleventh Amendment divests a federal court of subject matter jurisdiction to adjudicate a suit against a state official for acts taken in his official capacity. In addition, Judge Moyé, is judicially immune and precluded from a defamation suit by the judicial proceeding privilege, when the suit arises from court proceedings and the judicial acts alleged in the Complaint- Judge Moyé's open court explanation of the reasons he was recusing himself in the state court litigation where Plaintiffs were parties. Finally, Aubrey's claims in this suit have been or could have been litigated in the previous libel suit filed by Plaintiffs against Judge Moyé and he is barred from proceeding in this court by claim preclusion and the absence of federal district court subject matter jurisdiction to modify, set aside, or vacate Texas state courts' judgments.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Demetri Anastasiadis
Demetri Anastasiadis, Assistant Attorney General
Texas State Bar No. 01164480
demetri.anastasiadis@oag.texas.gov
Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9374

/s/Tiernan Cole
Tiernan Cole, Assistant Attorney General
State Bar No. 87228
Tiernan.Cole@myfloridalegal.com
Office of the Attorney General of Florida
110 SE 6th St., Fl 10
Fort Lauderdale, FL 33301-5001
(954) 712-4600/954-527-370

**ATTORNEYS FOR DEFENDANT
JUDGE ERIC VAUGHN MOYÉ**


## NOTICE OF ELECTRONIC FILING

I, **Demetri Anastasiadis**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a copy of the above and foregoing, in accordance with the Electronic Case Files System of the Southern District of Florida, on this the 30th day of July 2018.

/s/Tiernan Cole
Tiernan Cole
Assistant Attorney General of Florida


## CERTIFICATE OF SERVICE

I, **Demetri Anastasiadis** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the **Motion to Dismiss** was served by the Southern District of Florida

case electronic filing system, on July 30, 2018, on all counsel or parties of record on the service

list.

## SERVICE LIST

Steven B. Aubrey        (regular mail)
2601 NW 3rd Avenue
Wilson Manors, FL 33311
**Plaintiff pro se**

Jason P. Bloom         (regular mail)
2323 Victory Ave., Suite 700
Dallas, Texas 75219
(214) 651-5000
**Attorney for Defendants Allison Media, Inc.**
**and Jamie L. Thompson**

Brian E. Vodicka        (regular mail)
2601 NW 3rd Avenue
Wilson Manors, FL 33311
**Plaintiff pro se**

Eric Page Hockman    (electronic notice)
ehockman@wsh-law.com
Weiss Serota Helfman Pastoriza Cole &
Boniske, P.L.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
(305) 854-0800
**Attorney for Defendants Dallas Police**
**Department and City of Dallas**

Peter L. Harlan, Assistant District Attorney
133 N. Riverfront Blvd. 1319
Dallas, Texas 75207
(214) 653-3690
**Attorney for Defendants Melinda C. Urbina,**
**Dallas County Sheriff Department, and**
**Dallas County, Texas**

(regular mail)

/s/ Demetri Anastasiadis
Demetri Anastasiadis,
Assistant Attorney General of Texas
Texas State Bar No. 01164480
demetri.anastasiadis@oag.texas.gov
Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9374