**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

FILED BY _____ D.C.

AUG 13 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

STEVEN BENTON AUBREY, and §
BRIAN EDWARD VODICKA, §
§
*Plaintiffs,* §
§
v. §    CASE NO: 0:18-CV-61117-BB
§
D MAGAZINE PARTNERS, L.P. et al., §
§
*Defendants.* §

---

## PLAINTIFFS' RESPONSE TO DEFENDANT ERIC MOYE'S MOTION TO DISMISS

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Steven Benton Aubrey and Brian Edward Vodicka (collectively "Plaintiffs"), filing this Response to Defendant Eric Moye's Motion to Dismiss ("Motion") as follows:

Defendant Eric Vaughn Moye ("Moye") filed his Motion addressing this Court "in his individual and official capacity." However, the federal claims in this suit are brought against Moye individually only, not in his official capacity as a state court judge.

## OVERVIEW

After Moye was elected to his position as a judge in 2008, he adopted the belief that as a judge, he was above the law. In fact, since becoming a judge, Moye has committed two criminal assaults, witnessed by the public. Without boundaries, one of his victims was fellow District Court Judge Carlos Cortez whom Moye attacked in

Cortez's chambers in front of a witness in May 2009.   The other victim was an unidentified woman who Moye threatened with his loaded firearm, committing aggravated assault, a second-degree felony offense.   The woman reported Moye's offense to law enforcement, but Dallas County has a hands-off policy regarding Moye that excuses even his felony offenses.

The Motion represents another of Moye's attempts to exercise the special privileges and exceptions he has grown to enjoy since becoming a judge.   Moye was not brought into this case in "his official capacity," but even if he had been, he would liable under the federal claims brought against him.

The Motion correctly stated: "On January 27, 2017, Vodicka and Aubrey filed a Texas state court defamation suit against Judge Moye."   But, the Motion incorrectly states, "the present suit is barred on the basis of issue preclusion" as there is no defamation claim against Moye in this lawsuit.   The only claims brought against Moye in this instant suit are new federal claims.   Much of the Motion is a failed attempt to allege the claims in the state court case are the same as the claims in Plaintiffs' Original Complaint.   While the Original Complaint does allege defamation claims against other defendants, Moye is not party to those claims.

Plaintiffs are pleased that Moye elected to open his can of worms for this Court, and expose his true character and they welcome his invitation to address his comment, designed to mislead this Court and malign Plaintiffs' reputations.   The Motion states: "Aubrey was found to be a vexatious litigant and attorneys' fees and sanctions against Aubrey and Vodicka were assessed by the Court."

2

In truth, Moye determined Aubrey was a vexatious litigant *after* the motion had previously been denied. The same motion was forum shopped into a different county into Moye's court where the legal counsel had favor. Moye abused his discretion and initiated his nefarious judicial attack on Aubrey. The first motion to find Aubrey a vexatious litigant had been filed in Travis County, Texas. Following a 4-hour evidentiary hearing, the motion was denied. Only twenty-eight (28) days later, the same party with the same counsel, forum shopped the same motion with the same claims and filed it in Moye's court in Dallas County, Texas, over 200 miles away.

Moye's court set the vexatious motion to be heard on a date it knew Aubrey was not able to make the trip to Dallas to defend the frivolous motion. Though Aubrey filed a motion for continuance, Moye ignored the request to continue, ignored collateral estoppel, ignored the res judicata doctrine (argued here at length by Moye in his motion to dismiss) and found Aubrey was a vexatious litigant. Six (6) days following Moye's vicious ruling, he signed an ex parte order, drafted by the movant and never seen by Aubrey, granting $250,000 in sanctions charged against Aubrey. The Court of Appeals later reversed the $250,000 sanction award stating: "the trial court abused its discretion as to the amount of the sanctions award." **Exhibits 1-6**, attached.

> **Exhibit 1:** Order Denying Defendant's Motion to Determine Vexatious Litigant, November 20, 2015.
>
> **Exhibit 2:** Defendant's Motion to Determine Vexatious Litigant and Motion for Sanctions, December 18, 2015.
>
> **Exhibit 3:** Vexatious Litigant Chart
>
> **Exhibit 4:** Plaintiff's Motion to Continue Hearing on Respondent's Motion to Determine Vexatious Litigant and Motion for Sanctions, January 25, 2016.

**Exhibit 5:** Order Granting Defendant's Motion to Determine Vexatious Litigant and Motion for Sanctions, February 12, 2016.

**Exhibit 6:** Order Granting Defendant's Motion for Sanctions, February 16, 2016.

**Exhibit 7:** Court of Appeals Fifth District of Texas Mandate, August 18, 2017.

On May 13, 2016, Ira Tobolowsky died in an arson fire in his garage and Moye committed aggravated assault, a second-degree felony offense.[1] Moye committed his second criminal assault during the middle of his re-election campaign, which put his elected position at risk. Moye immediately shifted from criminality to damage control and began contacting the media, through his "re-election campaign," issuing statements to shift the attention away from his criminal act, witnessed by the public, and position Aubrey to take the fall for the murder to serve as his excuse. Moye initially released statements regarding his "warning" officials that he might be in danger because of a case in his court.[2] Acting as the victim, Moye then fabricated a story for the media, claiming that law enforcement "told" him to carry a weapon with him when he traveled. Moye released statements to the media stating that he asked Defendant Dallas County Sheriff's Department for extra security at his home.[3]

---

[1] Moye's victim posted a photo of him on Facebook, driving off in his Mercedes immediately after he threated her life. *See* Original Complaint Exhibit C.

[2] As basis for his extraordinary assertions, Moye sold to the media his criminal theory that when a party to a lawsuit murders another party, there is cause for the judge, presiding over the case, to fear for his/her personal safety and possible folowup murder.

[3] Defendant Melinda Urbina, spokesperson for Defendant Dallas County Sheriff's Department, released statements to the media confirming they provided extra security requested by Moye but she curiously avoided the subject regarding Moye's aggravated assault stating: "Urbina said she had no details about the tollway incident."

All of the statements released by Moye to the media were fabricated to divert attention away from his aggravated assault offense.  Instead of harassing Plaintiffs, law enforcement should have question why Moye, who lives in South Dallas and works in downtown Dallas, was traveling on the on the "North" Dallas Tollway close to the time Ira Tobolowsky was murdered.  Upon information and belief, Moye has not been questioned about financial arrangements or other types of influence between the judge and Ira Tobolowsky that may have been the basis for court's obvious favor.  None of Moye's carefully released statements to the media included an explanation about his trip on the tollroad that took him so far away from his home and his place of work.

Moye's strategically planned media campaign culminated when he invited the media circus to his courtroom and he accused Aubrey for the murder of Ira Tobolowsky. Defendant D Magazine republished Moye's May 2016 accusation in it's April 2017 article titled, A Place Where Something Evil Happened: "'I think at this point,' he said, 'with the allegations which have been made related to Mr. Aubrey and his implication in the death of Mr. Tobolowsky...'"

English Oxford Living Dictionaires.... *IMPLICATE*

1.  "Show (someone) to be involved in a crime."

> 1.1 (be implicated in) "Bear some of the responsibility for (an action or process, especially a criminal or harmful one)"

Moye's "implication" was his "accusation" and during his re-election campaign he held a pecuniary interest when he accused Aubrey for the murder.

Due process of law is violated when judges accuse parties of murder.  This country's system of justice only permits prosecutors to make murder accusations, not

judges.  When judges accuse a party of murder, they act outside of their capacity as judges and are not protected by the Eleventh Amendment or Judicial Immunity.

It has been over two (2) years since the murder and Moye's accusation and he remains the only "official" to publically accuse Aubrey for the crime.  Moye does not preside over a criminal court and he is not involved in, or responsible for, criminal investigations.  The only criminal investigations Moye has authority to comment about are those connected to the criminal offenses he has committed.

Plaintiffs filed a defamation suit against Moye in Dallas County, Texas but then were forced to move away from Dallas, Texas for personal safety concerns.  Though "Judge Moye" had already determined Aubrey was a vexatious litigant once, "Defendant Moye" filed a *third* motion to find Aubrey a vexatious litigant, again.  A hearing was set for Moye's motion and because Plaintiffs were living in South Florida, again Aubrey was unable to attend the hearing to defend himself.  Though the trial court typically permitted telephone access to hearings with prior approval, Aubrey was denied such privilege and again was determined to be a vexatious litigant, this time with Moye in his role as a defendant, not a judge.  Moye's vendetta against Aubrey has a well-documented history.

While the vexatious litigant issue has absolutely no relevance to this suit and cannot serve as basis for his dismissal, Moye is more concerned with casting aspersions at Plaintiffs than he is with arguing why the new federal claims against him should be dismissed.  In fact, his Motion attached as an exhibit the Order Declaring Steven B. Aubrey a Vexatious Litigant and the Motion literally requests this Court to judicially notice it as a "fact that is not subject to reasonable dispute."  Not only is the

"fact" undeniably irrelevant, Plaintiffs allege the fact is certainly subject to reasonable dispute.  Moye raised the vexatious determination issue for no other reason than to malign Aubrey's reputation but full disclosure maligns Moye's reputation instead.

Moye's Motion further commits to the vexatious determination stating: "These Exhibits are submitted so that the court can determine whether Plaintiffs are attempting to relitigate, in a Federal district court, claims which were previously determined adversely against them in the Dallas District Court litigation."  While Moye has twice relitigated the vexatious litigant claim, Plaintiffs are not attempting to relitigate the vexatious litigant claim in this Court or any other.

The Motion's Introductory Summary set the tone for the rest of the Motion, its diversions, misrepresentations and lack of relevance.

## MOYE'S SIX ALLEGED CLAIMS FOR DISMISSAL

**1.    This Court lacks in personam and subject matter jurisdiction over a claim based on a statement made in a court session, in a Dallas County, Texas courtroom.**

On May 18, 2016, five (5) days after committing his second-degree felony offense, Moye assembled as many newspaper and network television media as possible in his courtroom.  (*See* Original Complaint Exhibit B.)  Moye set the stage before accusing Aubrey for the murder of Ira Tobolowsky, not only there in his Dallas, Texas courtroom, but in a calculated way so the accusation was made on a national scale.  Moye's well-orchestrated media campaign assassinated Aubrey's reputation, violated Aubrey's rights under federal law and violated Moye's duties as a judge on a national, and even worldwide, stage.  Moye released statements to, and aired on, NBC

NEWS' The Today Show. (*See* Original Complaint Exhibit D.)  His statements appeared in articles in the United Kingdom and in Israel.

Moye's murder accusation was the last and final statement he ever made to the media regarding the murder investigation.    Moye's allegation, implication and accusation was his alone, a conclusion that he determined was something  to share on a national stage.  In fact, Moye was the only "official" to ever accuse anybody for the murder of Ira Tobolowsky.   Law enforcement has not made such a reckless allegation because they do not have evidence connecting anybody to the crime.   Moye's accusation has been printed and reprinted countless times and has appeared in new publications since Plaintiffs have resided in Florida.

No judge has ever acted outside their capacity, accusing someone for murder and then claimed their egregious statement was justified as a reason for their voluntary recusal.  In fact, Moye's May 18, 2016 Order of Voluntary Recusal did make such a ludicrous claim, simply stating, "that the interest of Justice suggests that recusal is appropriate in this case."  The order did not state the Moye was afraid Aubrey would kill him therefore recusal was appropriate.

Moye's egregious accusation of murder sent the media into a feeding frenzy and all, except one, immediately filled their articles and stories with Aubrey and Vodicka's names, associating them with Moye and the murder.  Acting outside his capacity, without basis, just five (5) days following the murder, and for the purpose of saving his job, Moye teased the media for a few days and then served Plaintiffs to them on a silver platter.[4]

---

[4] Moye's media scheme proved successful on his behalf on two fronts.  It saved his job and saved him from being indicted for the second-degree felony offense.

Though more than two (2) years have passed since Moye made the murder accusation without any official ever corroborating his determination, Moye has never retracted his malicious statement. The countless articles written and news segments aired all remain accessible from the World Wide Web and they still accessed.  Florida Internet users have accessed the stories with Moye's murder accusations.

Since Plaintiffs have been living in Florida, Defendants D Magazine, L.P., Allison Media, Inc., and Jamie L. Thompson (collectively "D Magazine") published the most damaging story thus far and like the other media, their relatively new story included Moye's murder accusation in quotation marks for the 500,000+ readers of its hard copy and the 1,298,565 viewers of its digital offerings.   Moye used the media and the media used Moye as the media needed someone with the appearance of authority to fabricate a connection with Plaintiffs and the murder.   D Magazine even indulged Moye's obsession with branding Aubrey a vexatious litigant, stating: "In February 2016, Judge Eric Moye declared Aubrey a vexatious litigant and ordered him to pay his mother $250,000."

The Motion states:

> If a defendant is domiciled in the forum state, or its activities there are substantial, continuous and systematic, a federal court can exercise jurisdiction over that defendant. Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445-47 (1952).

Moye's strategically released statements and murder accusation are substantial and they continuously and systematically appear via the Internet and the World Wide Web.  The statements have caused catastrophic damage to Plaintiffs in Florida, damage that can be assumed because Moye's statement accused Aubrey of the worst criminality.  Moye's national publicity campaign ensured that Plaintiffs could reside in

any of the fifty (50) states and any Federal District Court in any of those states would have personal jurisdiction over Moye, as does this Court in Florida.

The Motion states:

The exercise of jurisdiction over a nonresident defendant requires a showing that he "has "purposefully directed" his activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to those activities." Burger King v. Rudzewicz, 471 U.S. 462, 472–73, (1985).

Moye released statements to NBC NEWS' The Today Show, proof of his intention for his comments to be read and heard nationwide, thereby he "purposefully directed" his accusation to Florida residents. Moye's resistance to retract or correct his statements proves his intent for the many dozens of articles, that feature his statements accusing Aubrey for the murder, to be accessed in the future as they wait on standby on the World Wide Web. Upon information and belief, Moye's accusation that Aubrey murdered Ira Tobolowsky was instrumental in convincing Broward County law enforcement to harass Plaintiffs for three weeks upon their arrival in South Florida causing long lasting damage. Plaintiffs have suffered injury as a result of Moye's reckless accusation that was featured in D Magazine's April 2017 story.

The Motion states: "A Florida federal district court may not adjudicate conduct alleged to have occurred inside a Texas courtroom." This allegation would only be true if the conduct had been contained in the Texas courtroom or even contained in Texas. Moye arranged for the media to be present so his conduct would not be contained in the courtroom or in Texas. Since Plaintiffs relocated to South Florida, Moye's conduct has continued to affect Florida residents and Florida law enforcement and has caused injury to Plaintiffs. This Court has personal jurisdiction of Moye.

The Motion claims: "This Court lacks in personam and subject matter jurisdiction." Plaintiffs believe that this Court does have subject matter jurisdiction over federal claims against Moye, which include:

- Depriving Liberty without Due Process of Law under the U. S. Constitution Amendment V;

- Due Process and Equal Protection under the U. S. Constitution Amendments V and XIV Section 1 and 42 U.S.C. § 1981(a);

- Presumption of Innocence under U. S. Constitution Amendments V, VI and XIV.

- Persons Under Color of Law Liability under 42 U.S.C. § 1981(c);

- American Disabilities Act under 42 U.S.C. § 12101, *et seq.*;

- Abuse of Process under 42 U.S.C. § 1981; and

- Conspiracy Liability under 42 U.S.C. § 421 and 18 U.S.C. § 242.

These federal claims are appropriately brought against Moye in federal court.

## 2.   Aubrey's suit against Judge Moye is barred by issue preclusion.

This section of the Motion cites seven (7) cases that focus on how federal courts must consider the preclusive effect of state-court judgments and then includes two subsections that fully define "Collateral Estoppel under Texas law" and "Res Judicata under Texas law." However, following the 1½ pages standards to consider, the Motion fails to indicate relevance as Plaintiffs have not brought a claim for defamation against Moye in this case. The Motion incorrectly states: "Aubrey and Vodicka make the same claim against Judge Moye in the present litigation." Plaintiffs have not brought a defamation claim against Moye in this case and only bring new federal claims.

Issue preclusion, as it relates to Moye, only applies to his abuse of discretion when he improperly determined that Aubrey was a vexatious litigant, immediately after a

state court in a different county had denied the same motion, which was filed by the same movant. Issue preclusion is a rabbit trail and has no relevance in this case.

**3.    A suit against a state court judge based on his in court explanation of his recusal is an official capacity suit barred by the Eleventh Amendment.**

Moye was not acting in his official capacity when he accused Aubrey for the murder. Instead, he was acting under color of law when he violated Aubrey's rights under Section 1983. Though judges preside over official hearings, their actions are not necessarily done in their official capacity. As well, the Motion incorrectly alleges Plaintiffs brought an official capacity suit and it is barred by the Eleventh Amendment. The Eleventh Amendment prohibits the federal courts from hearing cases where a state is sued by an individual from another state. Plaintiffs have no claims against The State of Texas in this case.

In *Nebraska Press Assn. v. Stuart* 427 US 539 1976, U.S. Supreme Court Chief Justice Burger, delivering the unanimous opinion of the Court, stated, in part: "Given the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of the jurors, *the trial courts must take strong measures to ensure that the balance is never weighed against the accused. . . .*" *at page 553*. (Chief Justice Burger added his own italics in the opinion.) Moye violated Plaintiffs' rights under the Sixth Amendment of the U.S. Constitution.

Moye is "not immune from liability for nonjudicial actions, *i.e.* action's not taken in the judge's judicial capacity." *Mireless v. Waco* 502 U.S. 9, at 11 (1991) Moye's public implication of Aubrey in the capital murder of Ira Tobolowsky was an "action not taken in the judge's official capacity." *Mireless v. Waco* 502 U.S. 9, at 11 (1991). "This Court in

*Stump* made clear that "whether an act by a judge is a `judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.,* whether they dealt with the judge in his judicial capacity." *Stump et al. v. Sparkman* 435 U.S. 349, 362 (1978). *Mireles*, 502 U.S. at 11–12; *Forrester v. White*, 484 U.S. 219, 227 (1988); *Twilligear v. Carrell*, 148 S.W.3d 502 (Tex. App. 2004). Plaintiffs believe that Moye does not routinely accuse parties in his court of murder and Plaintiff never expected such an act from any judge. Judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts. *Twilligear,* 148 S.W.3d 502.

Moye cannot use "official capacity" as an excuse for violating Aubrey's rights, as he can't use official capacity to excuse his criminal offenses. Moye is often not acting official or as Judge Moye. Criminal assaults and accusations of murder are not functions normally performed by a judge. The judge is expected to be an impartial decision-maker in the pursuit of justice. Judges manage the legal process and oversee court proceedings to ensure that they are fair and follow the law. Moye's accusation that Aubrey murdered Ira Tobolowsky, was an act that is the antithesis of a judge's duties. The judge is an arbiter of facts and law for the resolution of disputes. Here, Moye fabricated a fact that injured Plaintiffs.

**4.    Plaintiffs' claim that Judge Moyé defamed them by giving an in court verbal explanation of the reasons for his recusal is barred by judicial immunity.**

Moye was not conducting a hearing for his voluntary recusal and it would be extraordinary for a judge to raise the subject of his voluntary recusal at any hearing. He

was neither expected nor required to explain anything in court. In fact, Moye is best known for not giving reason for any of his rulings as they tend to be inexplicable.

Moye made public comments during pending litigation. Moye's out-of-court statements to the press violated *Mireles* and Moye's duties under Tex. Const. Art. V, 1-a(6)A and Canon 3(B)10. *Mireles* standard of review sets forth subpart (3); "Whether an act is judicial or non-judicial for this purpose is determined by the nature of the act; whether it is a function normally performed by a judge." Plaintiffs allege it is not a normal function when a judge appears on NBC's The Today Show in the middle of a re-election campaign and comment on a case pending before his court.

The U.S. Supreme Court in *Turney v. Ohio* 273 U.S 510 (1927) held that a Judge who held a "pecuniary interest" in the case violated the U.S. Const. Amend. XIV depriving a defendant, when it stated:

> "Thus matters of kinship, personal bias, state policy, remoteness of interest, would seem generally to be matters merely of legislative discretion. *Wheeling* v. *Black,* 25 W. Va. 266, 270. But it certainly violates the Fourteenth Amendment, and deprives a defendant in a criminal case of due process of law, to subject his liberty or property to the judgment of a court the judge of which has a direct, personal, substantial, ***pecuniary interest in reaching a conclusion against him in his case.***"

Moye had a pecuniary interest in his re-election when making and releasing comments to the press, a non-judicial act.

Moye wants to hide behind "official capacity" and "judicial immunity" to excuse his violations of Aubrey constitutional rights. Neither judicial immunity nor official capacity can shield Moye from liability for violating Aubrey's rights, as they can't be used to excuse his criminal offenses. Moye acted outside his capacity when he accused

Aubrey for the murder, stripping Moye the protection of official capacity and judicial immunity.

5.   **Statements made by a participant of and in connection with a judicial proceeding are privileged and may not form the basis of a defamation suit.**

Moye made his egregious accusation during a hearing on a motion for costs.  It was not hearing for his voluntary recusal and it was not a hearing for a wrongful death claim.  Moye's murder accusation violated Aubrey's constitutional rights and was in no way connected with the judicial proceeding in the court.

Texas Code of Judicial Conduct Canon 3B(6) states in part: "A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice…" Plaintiffs allege that when Moye implicated Aubrey for the murder, his words manifested a bias against Plaintiffs.  Plaintiffs further allege that when Moye directly violated the Texas Code of Judicial Conduct, his act was done outside his capacity. Moye intentionally violated his duty to Plaintiffs and it is illogical to claim his violation of his duty is privileged.

Finally, the Motion alleges the statements "are privileged and may not form the basis of a defamation suit."  Plaintiffs have no claim against Moye for defamation.

6.   **Federal district courts may not review, set aside, modify or disregard state court rulings on the same issues brought by the same litigants against the same defendant in federal court.**

Plaintiffs agree and have not requested this Court to review, set aside, modify or disregard state court rulings.   However, Plaintiffs disagree with "the same issues brought by the same litigants against the same defendant."  Plaintiffs have never filed federal claims against Moye in state court.

## CONCLUSION

As Chief Justice Warren Burger stated in *Nebraska*, "the judge's failure to control the proceedings, and the telecast of a hearing and of the trial itself "inherently prevented a sober search for the truth." *Id.,* at 551. See also *Marshall* v. *United States,* 360 U. S. 310 (1959).  Motivated to save his job, instead of Moye failing to control the hearing (on Motion for Costs), he manipulated the proceeding.   And under color of law, Moye violated Aubrey's constitutional rights, which "inherently prevented a sober search for the truth."   Moye assembled media and made a statement accusing that Aubrey committed a crime, is considered so damaging that the harm and injury is presumed.

This Court has exclusive jurisdiction over the federal claims in Plaintiffs Original Complaint and has personal jurisdiction over Moye, whose strategically released statements continue to plague Plaintiffs and cause them injury in Florida.

Judges who accuse parties of murder act outside their capacity whether or not it is during a proceeding and whether or not the accusation is packaged as an excuse.

Without basis, the final statement in the Motion repeats the same failed assertion made by Moye at the beginning of the Motion, stating: "Finally, Aubrey's claims in this suit have been or could have been litigated in the previous libel suit filed by Plaintiffs against Judge Moye and he is barred from proceeding in this court by claim preclusion and the absence of federal district court subject matter jurisdiction to modify, set aside, or vacate Texas state courts' judgments."  Finally, Plaintiffs *did not* bring federal claims in the state libel suit and the Original Petition does not request this Federal District Court to "modify, set aside, or vacate a Texas state court judgment."

Moye's relies on no less than eight-seven (87) cases to support his Motion along with what he believes is the feather in his cap, the determination that Aubrey is a vexatious litigant, yet he fails to establish a reasonable basis that entitles him to be dismissed from this suit.

Respectfully submitted,

By: _____
Steven Aubrey, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
Telephone: (512) 666-8004
defamationperse@gmail.com

By: _____
Brian Vodicka, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
Telephone: (954) 716-9375
defamationperse@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on August 13, 2018, the undersigned has served the foregoing by USPS regular mail or through the CM/ECF docketing system. Therefore, the undersigned upon information and belief certifies that all counsel or parties of record will receive a copy of these papers.

_____
Steven Aubrey

_____
Brian Vodicka

17

## SERVICE LIST

***Via CM/ECF Notice:***
Dana J. McElroy
THOMAS & LOCICERO PL
915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
LOCAL COUNSEL FOR DEFENDANTS:
D MAGAZINE PARTNERS, L.P.
ALLISON MEDIA, INC.
JAMIE L. THOMPSON
DALLAS COUNTY, TEXAS
DALLAS COUNTY SHERIFF'S DEPARTMENT
MELINDA CHRISTINE URBINA

***Via CM/ECF Notice:***
Eric P. Hockman
WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
LOCAL COUNSEL FOR DEFENDANTS:
CITY OF DALLAS
DALLAS POLICE DEPARTMENT
SCOTT ROBERT SAYERS
ROBERT L. ERMATINGER, JR

***Via CM/ECF Notice:***
Tierman Cole
ASSISTANT ATTORNEY GENERAL
Office of the Attorney General for the State of Florida
110 SE 6th St., Fl 10
Fort Lauderdale, FL. 33301-5001
LOCAL COUNSEL FOR DEFENDANT:
ERIC VAUGHN MOYE

***Via USPS Mail to last known address:***
Stephen Charles Schoettmer
4305 W Lovers Ln
Dallas, TX 75209-2803
DEFENDANT PRO SE

# EXHIBIT  1

Order Denying Defendant's Motion to Determine Vexatious Litigant

November 20, 2015

Filed in The District Court
of Travis County, Texas

NOV 2 3 2015

At_____3:26___P.M.
Velva L. Price, District Clerk

NO. D-1-GN-15-003836

COPY

STEVEN B. AUBREY, Individually and                §           IN THE DISTRICT COURT
as Beneficiary of the Aubrey Family Trust         §
created under the Will of Richard Buck            §
Aubrey, Deceased;                                 §
                                                  §
                      Plaintiff,                  §
                                                  §           353rd JUDICIAL DISTRICT
                                                  §
v.                                                §
                                                  §
UNITED HERITAGE CREDIT UNION;                     §
                                                  §
                      Defendant,                  §           TRAVIS COUNTY, TEXAS
                                                  §

---

## ORDER DENYING DEFENDANT'S MOTION
## TO DETERMINE VEXATIOUS LITIGANT

---

On November 12, 2015, the Court held a hearing on Defendant United Heritage Credit

Union's Motion to Determine Vexatious Litigant.  After considering the Motion to Determine

Vexatious Litigant, the response thereto, the evidence presented, the pleadings on file and all

other relevant factors, the Court decided to DENY the Motion.

IT IS THEREFORE ORDERED that Defendant's Motion to Determine Vexatious Litigant

is in all things DENIED.  Defendant's Motion for Sanctions is carried over and may be set for a

future hearing.

SIGNED THIS _____ DAY OF ___11/ 20___, 2015.

_____
Presiding Judge

AGREED AS TO FORM:

/s/ Steven B. Aubrey
Steven B. Aubrey, Pro Se

_____
Christopher Atwell   01424400
ATTORNEY FOR UNITED HERITAGE CREDIT UNION

# EXHIBIT 2

Defendant's Motion to Determine Vexatious Litigant and Motion for Sanctions

December 18, 2015

FILED
DALLAS COUNTY
12/18/2015 2:34:54 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-11685

| | | |
|---|---|---|
| STEVEN B. AUBREY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | 14TH JUDICIAL DISTRICT |
| | § | |
| BETSY S. AUBREY; Trustee of the | § | |
| Aubrey Family Trust created under the Will | § | |
| of Richard Buck Aubrey, Deceased | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANT'S MOTION TO DETERMINE VEXATIOUS LITIGANT AND MOTION FOR SANCTIONS

---

COMES NOW Defendant Betsy Stirrat Aubrey ("Betsy Aubrey") and files this Motion to Determine Vexatious Litigant and Motion for Sanctions ("Motion"), and shows as follows:

### A. OVERVIEW

1.      *Pro se* Plaintiff Steven B. Aubrey ("Plaintiff") filed the instant lawsuit against his mother Betsy Aubrey, seeking, *inter alia*, her removal as Trustee of the Testamentary Trust established by her late husband ("Aubrey Family Trust"). Betsy Aubrey is both the sole Trustee of the Aubrey Family Trust and its sole beneficiary.

2.      This is not the first lawsuit in which Plaintiff has sued his mother to have her removed as Trustee of the Aubrey Family Trust. During the last two years, Plaintiff has sued his mother in seven different lawsuits. In addition, during the last two years, Plaintiff has also sued his mother's lawyers, her CPA, and three different judges who have resided over cases involving Plaintiff and his mother.

**DEFENDANT'S MOTION TO DETERMINE VEXATIOUS LITIGANT** - Page 1
C:\Users\Leigh\Documents\Clients\Aubrey.General\Aubrey v. Aubrey-- 14th District Court\Abrey - vexatious litigant-Motion.wpd

3.      These lawsuits brought by Plaintiff (11 lawsuits in total) were all brought as part of a malicious mission undertaken by Plaintiff "to make the remainder of his mother's life miserable." In emails sent from Plaintiff to his mother, Plaintiff not only sets out his mission to make her life miserable, he also refers to his mission as a "Jihad."

## B. PLAINTIFF'S JIHAD

4.      Between early 2011 and late 2012, Plaintiff became very disruptive to both the members of the Aubrey family and the operations of the Aubrey Family Trust. During this time period, Plaintiff: (a) sent emails to various Aubrey family members accusing Plaintiff's older brother Buck Aubrey of stealing from the Aubrey Family Trust; (b) Plaintiff was caught attempting to illegally transfer to himself $71,000.00 from the bank accounts of the Aubrey Family, LLC ("LLC"), a partnership comprised of the Aubrey Family Trust and Betsy Aubrey, individually; and (c) unlawfully signed Warranty Deeds transferring an interest in LLC real estate to himself. Plaintiff's antics were successful in clouding the title to LLC property and blocking the refinancing of LLC debt which became past due (collectively referred to as "Plaintiff's bad behavior").

5.      As a result of Plaintiff's bad behavior, Defendant Betsy Aubrey, in December 2012, wrote Plaintiff stating:

> "Steve,
> I don't know quite how to write this except to say that you have caused this family more grief then is fair by anyone's standards. For that reason I have excluded you from any inheritance beyond the trust and LLC property. If you choose to readjust your actions in the future it will be very easy to add you back into the mix. We are all tired of your antics …. Though our family will never be the same, I hope you will rein in your temper and actions as I would like for everything to be divided by three as originally intended …. Betsy

See Declaration of Betsy Aubrey, Exhibit A.

6.      In reply to Betsy Aubrey's email, Plaintiff wrote to Betsy Aubrey stating the following:

> "Betsy,
>         (I know you do not like to hear the truth which includes reading my emails.  If you are inclined not to read this one please skip to the bottom paragraph and read the ultimatum.)
>
>                                      . . . .
>
> ULTIMATUM:
>
>         I hate it that I treated you so well for 50 years.  All the trips I made home to help you around the house.  It appears Tom[1] helps you out as well. In return you shower Buck and Carla[2] with attention and money.  I hope for your sake that Tom is around to take care of you on your dying bed because Buck will be done with you at that point You are some kind of so and so (as you would say).
>
>         Thus far, **all *love notes* sent by me** have gone to people close to my retarded brother, chosen to embarrass only him and to dig the knife in his back. (Emphasis added).  That will not be the case in the future Betsy.  You attack me, I will come back at ya ten times harder.  I know your reputation means everything to you ....  Everyone you know will pity you . . . .
>
>         You have 3 days to change your mind and apologize to me or else. ***Or else I will make it my mission to make the rest of your life miserable, as you deserve.*** (Emphasis added).  EVERYONE you have ever known will know what has happened and the poor choices you have made.  It is sickening to watch you make threats with the money that dad made while you played bridge.  I guess I'm lucky that what I got from you is thin good looks but poor Buck got the "lazy never had a job" part of you ....
>
>         I don't know a single mother who would do what you have done.  You should never have had children.  3 days.

See Declaration of Betsy Aubrey, Exhibit B.

---

[1] Tom Aubrey is Plaintiff's younger brother.

[2] Buck and Carla are Buck and Carla Aubrey; Buck Aubrey is Plaintiff's older brother.

7.     Before the expiration of the three day period as threatened by Plaintiff in Plaintiff's

ultimatum, Plaintiff, wrote to his mother (with copies to various Aubrey family members), stating

in part, the following:

> "Betsy,
>         You can thank Tom.  He has a way of calming things down and
> getting me at least, to settle down for a while. ***After talking to him I have***
> ***decided not to unleash Jihad on you just yet.*** (Emphasis added).  You still
> need to make some dramatic changes in your attitude and course of actions
> for me to change my mind indefinitely.
>
>         For now I will give you the entire holiday season to figure out what
> it is you want to do.  I am lifting the three-day ultimatum and will make the
> first of the year the new deadline ...."

See Declaration of Betsy Aubrey, Exhibit C.

8.     Defendant Betsy Aubrey did not make dramatic chanes in her attitude, did not change

her course of action, did not reinstate Plaintiff in her Will, and did not allow Plaintiff to replace his

brother in charge of family real estate.  As a result, Plaintiff launched his Jihad against his mother.

Since 2013, Plaintiff has filed numerous baseless and malicious lawsuits against Betsy Aubrey;

Plaintiff has sent numerous defamatory emails about Betsy Aubrey to her family and friends; and

Plaintiff, as an alleged whistle blower, has reported Betsy Aubrey to the IRS, accusing her of tax

fraud and tax evasion.  Thus far, Plaintiff has done his best to make his mother's life miserable.

## C. PLAINTIFF IS A VEXATIOUS LITIGANT

### 1. GOVERNING AUTHORITIES

#### (a) Vexatious Litigation

9.     A court may declare a Plaintiff a vexatious litigant if the Defendant shows (a) there

is not a reasonable probability that Plaintiff will prevail in the current litigation; and (b) in the seven

**DEFENDANT'S MOTION TO DETERMINE VEXATIOUS LITIGANT** - Page 4
C:\Users\Leigh\Documents\Clients\Aubrey.General\Aubrey v. Aubrey-- 14th District Court\Abrey - vexatious
litigant-Motion.wpd

years preceding Defendant's motion, Plaintiff has commenced, prosecuted, or maintained at least five litigations (other than small claims court), that have been finally determined adversely to Plaintiff. Tex.Civ.Prac.&Rem. Code § 11.054(1); see also *Amir-Sharif v. Quick Trip Corp*, 416 S.W.3d 914, 919 (Tex. App – Dallas 2013).

10.     Upon finding that a Plaintiff is a vexatious litigant, the court must order the Plaintiff to furnish security against cost and attorney fees for the benefit of the Defendant. Tex.Civ.Prac. & Rem. Code § 11.055. Upon finding Plaintiff a vexatious litigant, the court may also prohibit the Plaintiff from filing, in *propria persona*, any new litigation in the State of Texas. Tex.Civ.Prac. & Rem. Code Ann. §11.101(a). If the trial court orders this prohibition, the Plaintiff may still file a new suit, but only if a local administrative judge determines that proposed lawsuit has merit and is not being filed for purposes of harassment or delay. Tex.Civ.Prac. & Rem. Code §11.102(a).

11.     Two recent Texas cases on vexatious litigation are *Retzlaff v. Go America Communs. Corp.*, 356 S.W.3d 689 (Tex.App.– El Paso, 2011), and *Drake vs. Andrews*, 294 S.W.3d 370 (Tex.App.–Dallas, 2009). In *Drake*, the plaintiff argued that the vexatious litigation statute did not apply because the plaintiff had an attorney when he originally filed his lawsuit (even though the lawyer subsequently withdrew). In deciding that the vexatious litigation statute is not limited solely to *pro se* individuals, the Dallas Court of Appeals stated at 294 S.W.3d 370 at 373:

> . . . . The applicable subsection in this case requires the Plaintiff to have brought *pro se*, in the last seven years, at least five suits that have been determined against him. *See, id.* §11.054(1).
>
> We look next to the statute's directive: "'Plaintiff' means an individual who commences or maintains a litigation." *Id.*, §11.001(5). Andrews (Defendant) argues the statute defines the term "broadly" and that it "is not limited to individuals who commence or maintain a litigation *pro se*." We agree. The definition is not limited to

unrepresented litigants, although it certainly could have been. And
when we apply this broad definition to the criteria for declaring a
Plaintiff vexatious, we see no clear indication the legislature intended
the statute or its restrictions to apply only to *pro se* litigants. It is true
the historical conduct at issue in §11.054 is, under Texas law, tied to
*pro se* status. *See, id.* §11.054(1)-(3). However, the threshold
requirement for a declaration– that there be no reasonable probability
the Plaintiff will prevail– is not. Thus, the test's prong related to the
current suit is not expressly tied to being unrepresented. We
conclude the language of the legislature's intent– is broad enough to
reach all vexatious litigants, whether represented by counsel or not.

In *Retzlaff*, two of the cases brought by the plaintiff and relied upon by the trial court in determining

plaintiff to be a vexatious litigant were cases that had been dismissed. In determining that a

dismissal of a case should count for purposes of the vexatious litigant statute, the Appellate Court,

relying on a California decision, stated at 356 S.W.3d 689, 700, as follows:

A California Appellate Court has rejected the argument that
dismissals should not be counted for purposes of a *vexatious litigant*
statute because the argument runs contrary to the underlying intent of
the legislature. [California case cited]. The court stated: An action
which is ultimately dismissed by the Plaintiff, with or without
prejudice, is nevertheless a burden on the target of the litigation and
the judicial system, albeit less of a burden than if the matter had
proceeded to trial. A party who repeatedly files baseless actions only
to dismiss them is no less vexatious, than the party who follows the
action through to completion. The difference is one of degree, not
kind.

In *Retzlaff*, the Appellate Court also considered whether a mandamus proceeding arising from the

same underlying case should be counted as a separate lawsuit for purposes of the vexatious litigant

statute. In deciding that a mandamus action counted as a separate lawsuit for vexatious litigation,

the Texas Appellate Court further stated:

Under the definitions given above, a person who seeks mandamus
relief commences a civil action in the Appellate Court. Although the

**DEFENDANT'S MOTION TO DETERMINE VEXATIOUS LITIGANT** - Page 6
C:\Users\Leigh\Documents\Clients\Aubrey.General\Aubrey v. Aubrey-- 14th District Court\Abrey - vexatious
litigant-Motion.wpd

mandamus proceeding arose from the same underlying case as the appeal in *OWUSU*, it was a separate, original proceeding that did not challenge the trial court's final decision in the underlying case or relate to the merits of the underlying case. See, *In Re: Retzlaff*, 01-03-00770-CV, 2003 Tex.App. LEXIS 7829, 2003 WL 22108920, at 1 (Tex.App.–Houston [1st Dist.] September 4, 2003, original proceeding (Mem.Op.) denying mandamus relief for trial Judge's purported failure to rule on motions). Therefore, we think it is proper to count it as Retzlaff's fifth adverse determination.

In summary, this Court can include in the five cases determined adversely to Plaintiff, cases in which: (a) Plaintiff was represented by counsel; (b) cases that have been voluntarily dismissed by Plaintiff; and (c) cases involving mandamus actions brought by Plaintiff.

### (b) Sanctions

12.      The law in Texas is well settled that when a Plaintiff brings a lawsuit for an improper purpose, including harassment, delay, or increasing the cost of litigation, he may be sanctioned under Texas Practice and Remedies Code § 10.004.  Groundless pleadings are also sanctionable under Texas Practice and Remedies Code § 10.001.  A court may order a party to perform or not perform certain acts, order a monetary penalty, or order a party to pay the other party the reasonable expenses incurred, including attorney fees, because of frivolous pleadings.  Texas Practice and Remedies Code § 10.004(c).  By this Motion, Defendant is seeking sanctions against Plaintiff as hereafter requested.

### 2. THERE IS NO REASONABLE PROBABILITY THAT PLAINTIFF WILL PREVAIL

13.      There is no reasonable probability that Plaintiff will prevail in the instant lawsuit for, *inter alia*, the following:  (a) Plaintiff is not a beneficiary of the Aubrey Family Trust and therefore lacks standing to bring this lawsuit; and (b) there is a previously filed and pending lawsuit ("Prior

Lawsuit") not disclosed to this Court by Plaintiff, pending in Probate Court No. 1 which has

dominant jurisdiction.

### a. Plaintiff is not a Beneficiary of the Aubrey Family Trust, Is a Contingent Remainderman, and Lacks Standing to Bring this Lawsuit

14.     The relevant sections of the Last Will of Richard Buck Aubrey, Sr., state, in part, as

follows:

a.     Paragraph 1.01 Spouse.  All reference in this Will to "my spouse" shall mean BETSY STIRRATT AUBREY.

b.     Paragraph 1.05 Trustee.  I appoint my spouse as the Trustee of any trust created in this Will.

c.     Paragraph 2.04 Residue.
(1)     Spouse survives.  If my Spouse survives me, my residue shall be divided by my executor into the three (3) parts and disposed of as follows: …. (C) Family Fund.  The third part shall be known as the family fund and shall be administered as the family trust in accordance with Part Three of my Will …

d.     3.03 Administration of the Family Fund.  The family fund shall be held as a separate trust known as the Family Trust.
(1)     Income and principle.  The trustee shall distribute to my Spouse at least annually all of the net income of the Family Trust and may distribute any part of the principal to or for my Spouse in order to provide for my Spouse's health, support and maintenance….
(3)     Termination of Family Trust.  The Family Trust shall continue throughout the life of my Spouse.  Upon the death of my Spouse, all of the principal and undistributed income then remaining in the Family Trust shall be distributed to **MY THEN-LIVING DESCENDANTS, PER STIRPES, AND THE FAMILY TRUST SHALL TERMINATE.** (Emphasis added).

e.     8.04 Issue, Descendants, and Children.  Whenever used in this Will, the word "issue" or the word "descendants" shall mean legitimate descendants of whatever degree, including descendants both by blood and by adoption.  Any reference in this will to my children shall include only the natural and adopted children of my spouse and the living or deceased at the date this Will is signed.  For purposes of this will, a person shall be regarded as having been adopted by another only if the adoption is by court proceedings, the finality of which is not being contested by the adopting person ….

15.     Contrary to Plaintiff's contentions, Plaintiff is not and has never been a beneficiary of the Aubrey Family Trust.  As set out in Section 3.03(3) of the Aubrey Family Trust, the Trust continues throughout the life of Defendant Betsy Aubrey with Betsy Aubrey being the sole named beneficiary.  Upon the death of Defendant Betsy Aubrey, any remaining principal and any remaining undistributed income are to be distributed to the then living Descendants of Richard Buck Aubrey, Sr., free of the Trust which is terminated.

16.     Nowhere in the Aubrey Family Trust is there any provision for a distribution of trust assets to Plaintiff.  Plaintiff is simply not truthful with this Court when Plaintiff repeatedly states that he is a beneficiary of the Aubrey Family Trust.

17.     In order to receive any assets that were in the Aubrey Family Trust, there are two (2) contingencies that must first be satisfied.  The recipient must:

        a.      Be living at the time of the death of Betsy Stirratt Aubrey; and

        b.      Be a descendant of Richard Buck Aubrey, Sr. (as the term "Descendent" is defined in Section 8.04 of the Will of Richard Buck Aubrey, Sr.).

18.     It is not possible, at the present time, to know:  (a) whether there will be assets in the Aubrey Family Trust at the time of the death of Defendant Betsy Aubrey; and (b) whether Steven B. Aubrey will survive (be alive) at the time of death of Defendant Betsy Aubrey.

19.     Because of the foregoing contingencies, which are conditions precedent to the right to inherit, those who might inherit the remaining assets of the Aubrey Family Trust, if there are any assets remaining, are contingent remaindermen.

20.     Because Plaintiff is, at best, a contingent remainderman of the Aubrey Family Trust, he has no standing to bring the instant lawsuit to remove Defendant as trustee of the Aubrey Family Trust. See, *Davis v. Davis*, 734 S.W.2d 707 (Houston [1st Dist.] 1987).

### b. Prior Pending Lawsuit

21.     There is another reason why Plaintiff can not prevail in the instant litigation. There is presently pending a lawsuit, brought by the Defendant Betsy Aubrey in Probate Court No. 1 seeking declaratory relief to establish, *inter alia*:  (a) Plaintiff has no standing to bring the instant lawsuit;  (b)  that Defendant has committed no wrong acts as Trustee; and (c) other declarations which are at issue in the instant lawsuit. The pending lawsuit is Cause PR-15-01710-2, styled *Betsy Stirratt Aubrey v. Stephen B. Aubrey*, pending in Probate Court No. 1 of Dallas County, Texas (the "Probate Court Lawsuit"). The Probate Court Lawsuit has dominant jurisdiction.

### 3. MORE THAN FIVE LITIGATIONS DETERMINED ADVERSELY TO PLAINTIFF IN THE LAST SEVEN YEARS

22.     In the last seven years, Plaintiff has commenced, prosecuted or maintained more than five litigations (other than in small claims court) that have been determined adversely to Plaintiff (or have been dismissed by Plaintiff).  Texas Practice and Remedies Code § 11.054(1)(A).  The litigations identified and referenced below as **Case No. 1 through Case No. 7** were all commenced by Plaintiff against Defendant during the last two years. Defendant asks this Court to take judicial notice of the pleadings in the following cases.

a.      **CASE NO. 1.  Travis County.  Cause No. C-1-PB-14-000668, styled *Steven B. Aubrey V. Betsy Stirratt Aubrey, Independent Executor of the Estate of Richard Buck Aubrey, Deceased, and as Trustee of the Testamentary Trust Created under the Will***

*of Richard Buck Aubrey, Deceased* **in Probate Court No. 1 of Travis County, Texas**. On April 13, 2014, Plaintiff, acting as a *pro se* litigant, filed this lawsuit in Travis County, Texas against Defendant seeking to remove Defendant as Trustee of the Aubrey Family Trust. On April 14, 2014, the Judge of Travis County Probate Court No. 1 dismissed the lawsuit for want of jurisdiction. **THIS CASE WAS DETERMINED ADVERSELY TO PLAINTIFF ON APRIL 14, 2014.**

      b.      **CASE NO. 2:  Dallas County.  Cause No. PR-14-01486, styled** *Steven B. Aubrey V. Betsy Stirratt Aubrey, Individually and as Trustee of the Aubrey Family Trust Created under the Will of Richard Buck Aubrey, Deceased, and as Trustee of the Testamentary Trust Created under the Will of Richard Buck Aubrey, Deceased* **in Probate Court No. 2 of Dallas County, Texas.** On or about April 30, 2014, Plaintiff, *pro se*, filed this lawsuit in Dallas County, Texas to remove Defendant as Trustee of the Aubrey Family Trust. After filing the lawsuit, Plaintiff hired an attorney and two months later fired the attorney. Nevertheless, Plaintiff continued to prosecute and maintain the litigation *pro se. Eventually,* Plaintiff's spouse, Brian Vodicka, commenced to represent Plaintiff in this lawsuit, and on or about April 28, 2015, Plaintiff voluntarily Nonsuited this litigation. During the litigation Plaintiff filed four (4) amended petitions and 35 motions. **THIS CASE WAS DETERMINED ADVERSELY TO PLAINTIFF ON APRIL 28, 2015.**

      c.      **CASE NO. 3:  Travis County.  Cause No. D-1-GN-14-003638 styled** *Steven B. Aubrey v. Betsy Stirratt Aubrey,* **in the 53rd District Court at Travis County, Texas.** On or about September 12, 2014, while Plaintiff's lawsuit against Defendant was pending in Dallas County, Plaintiff, acting as a *pro se* litigant, filed this lawsuit in Travis

County seeking to have Defendant Betsy Aubrey determined to be a vexatious litigant. When Defendant Betsy Aubrey's counsel notified Plaintiff that Defendant would seek dismissal and recovery of Defendant's legal fees pursuant to Tex.R.Civ.P., Rule 91A, Plaintiff immediately amended his Petition, dismissing Plaintiff's vexatious litigation lawsuit. Before dismissing his lawsuit, Plaintiff filed three (3) amended petitions. **THIS CASE WAS DETERMINED ADVERSELY TO PLAINTIFF ON OR ABOUT NOVEMBER 20, 2014.**

     d.     **CASE NO. 4:  Travis County.  Cause No. D-1-GN-14-003638** styled *Steven Aubrey v. Betsy Stirratt Aubrey and Richard Buck Aubrey, Junior* filed in the 53rd **Judicial District Court of Travis County, Texas.**  On or about September 12, 2014, Plaintiff, acting as a *pro se* litigant, filed his Second Amended Petition in Travis County against Defendants Betsy Aubrey and Buck Aubrey seeking relief for, *inter alia*, abuse of power, conspiracy to commit fraud, and breach of fiduciary duty.  This Litigation was transferred to Dallas County and consolidated into the lawsuit Plaintiff had filed in Probate Court No. 2 of Dallas County, Texas [Case No. 2].  This lawsuit [Case No. 4] was thereafter voluntarily Nonsuited by Plaintiff on April 28, 2015.  Before dismissing his lawsuit, Plaintiff filed three (3) amended petitions. **THIS CASE WAS DETERMINED ADVERSELY TO PLAINTIFF ON APRIL 28, 2015.**

     e.     **CASE NO. 5.  Travis County.  Cause No. D-1-GN-15-001718** styled *Steven B. Aubrey v. United Heritage Credit Union* in the 53rd **District Court of Travis County, Texas.** On July 21, 2015, Plaintiff, acting as a *pro se* litigant, filed Plaintiff's Sixth Amended Petition adding Defendant as a party to this litigation.  In the Sixth Amended

Petition, Plaintiff sought removal of Defendant Betsy Aubrey as Trustee of the Aubrey Family Trust.  Immediately after Defendant Betsy Aubrey appeared and filed a Motion to Transfer this lawsuit to Dallas County, Texas, Plaintiff, on September 3, 2015, voluntarily filed a Notice of Nonsuit dismissing his litigation.   **THIS LITIGATION WAS DETERMINED ADVERSELY TO PLAINTIFF ON SEPTEMBER 3, 2015.**

      f.      **CASE NO. 6:  Travis County.  Cause No. D-1-GN-15-003836 styled *Steven B. Aubrey v. United Heritage Credit Union* in the 353rd District Court of Travis County, Texas.**  On October 19, 2015, Plaintiff, acting as a *pro se* litigant, filed a First Amended Petition adding Defendant as a party and seeking to have Defendant removed as Trustee of the Aubrey Family Trust.  This Case 6 is virtually identical to Case No. 5 (Case No. D-1-GN-15-001718 filed in the 53rd District Court of Travis County, Texas, which was subsequently voluntarily nonsuited by Plaintiff).  Defendant Betsy Aubrey has recently answered and filed a Motion to Transfer Case No. 6 to Dallas County, Texas.  Defendant's Motion to Transfer is being set for hearing.  Case No. 6 is presently pending in Travis County, Texas.

      g.      **CASE NO. 7:  Dallas County.  Cause No. DC-15-11685 styled *Steven B. Aubrey V. Betsy S. Aubrey, Trustee of the Aubrey Family Trust Created under the Will of Richard Buck Aubrey, Deceased* in the 14th District Court of Dallas County, Texas.**  On September 23, 2015 Plaintiff, as a *pro se* litigant, filed Case No. 7 in Dallas County, Texas, seeking removal of Defendant as Trustee of the Aubrey Family Trust.  This case is the instant case and is presently pending.

23.     In less than two years, Plaintiff has filed seven different lawsuits against his mother, six of which are to remove his mother as Trustee of the Aubrey Family Trust. Of the seven lawsuits filed by Plaintiff, five were dismissed and two are presently pending. Of the two pending lawsuits, Plaintiff has filed one lawsuit in Travis County and filed one lawsuit in Dallas County. Both of the pending lawsuits seek the same relief; to wit: removal of Plaintiff's mother as Trustee of the Aubrey Family Trust, a Trust for which she is the sole Trustee and the sole beneficiary.

## 4.  LAWSUITS AGAINST JUDGES FILED BY PLAINTIFF IN CASES RELATED TO DEFENDANT

24.     In addition to the seven lawsuits filed by Plaintiff against his mother (Case No. 1 through Case No. 7), Plaintiff has also filed three different lawsuits (Case No. 8 through Case no. 10) against Judges who have resided over cases between Plaintiff and his mother. Defendant asked this Court to take judicial notice of the pleadings in the following cases.

a.     **CASE NO. 8: Dallas County. Cause No. 05-14-01172-cv, styled,** *In Re: Steven B. Aubrey, Individually, and as Beneficiary of the Trust created in the Will of Richard Buck Aubrey, Relator,* **on appeal fromProbate Court No. 3, Dallas County, Texas, Court of Appeals, 5th District of Texas at Dallas.** On September 12, 2014, Plaintiff, acting as a *pro se* litigant, filed a Writ of Mandamus against Judge Michael Miller of the Probate Court No. 3. Plaintiff's Petition for Writ of Mandamus was denied by the Fifth Court of Appeals. **THIS LITIGATION WAS DETERMINED ADVERSELY TO PLAINTIFF ON SEPTEMBER 17, 2014.**

b.     **CASE NO. 9: Dallas County. Cause No. 3-15CB-1792K, styled, "Steven Benton Aubrey v. Ingrid Michelle Warren, in her Official Capacity as Judge of Probate Court**

No. 2 of Dallas County, Texas," filed in the U. S. District Court, Northern District of Texas, Dallas Division. On May 22, 2015, Plaintiff, acting as a *pro se* litigant, filed a lawsuit against Judge Warren of Probate Court 2. On October 21, 2015, the U.S. District Judge dismissed with prejudice Plaintiff's case against Judge Warren. **THIS LITIGATION WAS DETERMINED ADVERSELY TO PLAINTIFF ON OCTOBER 21, 2015.**

        c.      **CASE NO. 10: Travis County. Cause No. D-1-GN-13-003586 styled *Steven B. Aubrey v. the Honorable Susan Kay Stieg* filed in the 200th District Court of Travis County, Texas.** On October 16, 2013, Plaintiff, acting as a *pro se* litigant, filed a Writ of Mandamus against the Honorable Susan Kay Stieg in the 200th District Court of Travis County, Texas. On August 27, 2015, the 200th District Court of Travis County, Texas, dismissed Plaintiff's claims with prejudice. **THIS LITIGATION WAS DETERMINED ADVERSELY TO PLAINTIFF ON AUGUST 27, 2015.**

## 5. LAWSUITS AGAINST DEFENDANT'S PROFESSIONALS FILED BY PLAINTIFF

    25.    The following case against Defendant's Professionals was commenced by Plaintiff as a *pro se* litigant and subsequently voluntarily nonsuited. Defendant asked this Court to take judicial notice of the pleadings in the following cases.

        a.      **CASE NO. 11: Dallas County. Case No. PR-14-01486-3, *Steven B. Aubrey v. Ira E. Tobolowsky, Faith G. Burk, Tobolowsky & Burk, PC, David P. Hendricks, attorney, CPA and David P. Hendricks, PLLC* in Probate Court No. 2 of Dallas County, Texas.** On April 22, 2015, Plaintiff, as a *pro se* litigant, filed Plaintiff's Fourth Amended Petition adding Defendant's legal counsel and Defendant's CPA (collectively, "Defendant's Professionals") as party

Defendants. Probate Court No. 2 severed Plaintiff's lawsuit against Defendant's Professionals and ordered that the severed lawsuit be assigned a new case Number. After the severance and before the assignment of a new case number, Plaintiff, on April 28, 2015, filed a Notice of Nonsuit and dismissed his lawsuit against Defendant's Professionals. **THIS LITIGATION WAS DECIDED ADVERSELY TO PLAINTIFF ON APRIL 28, 2015.**

### 6. TWO ADDITIONAL CASES DECIDED ADVERSELY TO PLAINTIFF

26.    In addition to the foregoing 11 cases cited, there are two additional cases which were brought by Plaintiff as a *pro se* litigant, and which were determined adversely to Plaintiff. These cases should be considered by this Court in determining Plaintiff as a Vexatious Litigant. Defendant asked this Court to take judicial notice of the pleadings in the following cases. These cases are as follows.

a.    **CASE NO. 12: Travis County. Cause No. D-1-GN-08-003721 styled** *Brian Vodicka v. Southern Methodist University* **in the 250th District Court of Travis County, Texas.** On March 1, 2011, Plaintiff acting as a *pro se* litigant, filed a Plea in Intervention in this lawsuit. On March 10, 2011, the Plaintiff's Plea in Intervention was dismissed. **THIS LITIGATION WAS DETERMINED ADVERSELY TO PLAINTIFF ON MARCH 10, 2010.**

b.    **CASE NO. 13: Travis County. Cause No. D-1-GN-14-000010, styled,** *Aubrey v. Aubrey***, in the 419th District Court of Travis County, Texas.** On January 3, 2014, Plaintiff, acting as a *pro se* litigant, filed a lawsuit against his brother Richard Buck Aubrey, Jr., seeking, *inter alia*, damages for defamation. This case was subsequently Nonsuited by Plaintiff on April 28, 2015. **THIS LITIGATION WAS DETERMINED ADVERSELY TO PLAINTIFF ON APRIL 28, 2015.**

## 7.  SUMMARY OF CASES NO. 1 THROUGH NO. 13
## WHICH SHOW PLAINTIFF AS A VEXATIOUS LITIGANT

### Part I

27.     The following five (5) cases were each commenced, prosecuted, and maintained by

Plaintiff as a *pro se* litigant, and each case was determined adversely to Plaintiff:

a.      **CASE NO. 1:  Cause No. C-1-PB-14-000668, styled, *Steven B. Aubrey v.**

***Betsy Stirratt Aubrey*, filed in Probate Court No. 1 of Travis County, Texas;**

b.      **CASE NO. 8:   Cause No. 05-14-01172-CV, styled, *In Re: Steven B.***

***Aubrey, Realtor v. the Honorable Michael Miller*, filed in the 5th Court of Appeals,**

**Texas;**

c.      **CASE NO. 9:  Cause No. 15-CV-1792, styled, *Steven B. Aubrey v. the***

***Honorable Ingrid Michelle Warren*, filed in the United States District Court, Northern**

**District of Texas;**

d.      **CASE NO. 10.  Cause No. D-1-GN-13-003586, styled, *Steven Aubrey v.***

***Susan Stieg*, filed in the 200th District Court of Travis County, Texas; and**

e.      **CASE NO. 12.   D-1-GN-08-003721, styled, *Brian Vodicka v. Southern***

***Methodist University, et al.*, filed in the 250th District Court of Travis County, Texas.**

### Part II

28.     The following six (6) cases were each commenced, prosecuted and maintained by

Plaintiff and each case was voluntarily non-suited by Plaintiff.  The following cases are also

considered to be decided adversely to Plaintiff

DEFENDANT'S MOTION TO DETERMINE VEXATIOUS LITIGANT - Page 17
C:\Users\Leigh\Documents\Clients\Aubrey.General\Aubrey v. Aubrey-- 14th District Court\Abrey - vexatious
litigant-Motion.wpd

a.  **CASE NO. 2:  Cause No. PR-14-01-486-3,** styled, *Steven B. Aubrey v. Betsy Stirratt Aubrey,* **filed in Probate Court No. 3 of Dallas County, Texas;**

b.  **CASE NO. 3:  Cause No. D-1-GN-14-003638,** styled, *Steven B. Aubrey v. Betsy Stirratt Aubrey,* **filed in the 53rd District Court of Travis County, Texas;**

c.  **CASE NO. 4:  Cause No. A-1-GN-14-003638,** styled, *Steven Aubrey v. Betsy Stirratt Aubrey and Richard Buck Aubrey, Jr.,* **filed in the 53rd District Court of Travis County, Texas;**

d.  **CASE NO. 5:  Cause No. D-1-GN-15-001718,** styled, *Steven Aubrey v. United Heritage Credit Union,* **filed in the 53rd District Court of Travis County, Texas;**

e.  **CASE NO. 11:  Cause No. (not assigned),** styled, *Steven B. Aubrey v. Ira E. Tobolowsky, Faith G. Burk, Tobolowsky & Burk, P.C., David P. Hendricks, Attorney, CPA; and David P. Hendricks, PLLC,* **filed in Probate Court No. 3 in Dallas County, Texas.**

f.  **CASE NO. 13:  Cause No. D-1-GN-14-000010,** styled, *Aubrey v. Aubrey,* **filed in the 419th District Court of Travis County, Texas.**

29.     Based on the fact that there are 11 cases, each of which qualifies as litigation commenced, prosecuted or maintained by Plaintiff as a *pro se* litigant and determined adversely to Plaintiff, this Court should determine Plaintiff to be a vexatious litigant.

30.     True, correct and exact copies, though not certified, of the relevant pleading in each of the above-styled cases are included in Defendant's Appendix as Exhibits _____ through _____, which Appendix is incorporated herein by reference for all purposes.

## 7. SECURITY

31.     Upon the Court's determination and finding that Plaintiff is a vexatious litigant, Defendant Betsy Aubrey requests this Court to order security in the amount of $100,000.00 as reasonable and necessary expenses in the defense of this litigation, including costs for hearings and the time spent preparing pleadings and defending this lawsuit. See Affidavit of Ira E. Tobolowsky in support of Defendant's Motion to Determine Plaintiff a Vexatious Litigant. Defendant Betsy Aubrey requests that this Court require Plaintiff to furnish such security within 10 calendar days of the date her Motion is granted. In the alternative, Defendant Betsy Aubrey requests security in the amount and by any deadline this Court determines is reasonable and proper pursuant to Texas Practice and Remedies Code § 11.055.

32.     In addition to Security, Defendant requests this Court enter an Order requiring Plaintiff to seek and secure approval of the Administrative Judge of Dallas County, Texas prior to Plaintiff filing another lawsuit against Defendant and/or against any of Defendant's Professionals, all as authorized in §11.102, Tex.Civ.Prac. & Rem. Code.

## 8. SANCTIONS

33.     Defendant Betsy Aubrey further requests this Court enter a monetary sanction against Plaintiff in the amount of Betsy Aubrey's reasonable and necessary attorney fees and expenses she necessarily incurred in Case No. 1 through Case No. 13, as well as prosecuting this Motion. Defendant estimates that these legal fees have been $350,000.00. A sanction in the amount of $350,000.00 is just and reasonable; Plaintiff's frivolous tactics and allegations have forced Betsy Aubrey and the Aubrey Family Trust to defend Defendant Betsy Aubrey in the prior lawsuits because of Plaintiff's Jihad – Plaintiff's mission to make the rest of Defendant's life miserable.

## CONCLUSION

34.     Plaintiff meets all the statutory requirements for this Court to determine that Plaintiff is a vexatious litigant.  Plaintiff does not have a reasonable probability of prevailing in the present lawsuit against Defendant, and Plaintiff has a history of meritless *pro se* litigations.  Plaintiff should be sanctioned for Plaintiff's abusive litigation tactics.  Plaintiff should also be ordered to seek approval prior to filing another lawsuit against Defendant and/or Defendant's Professionals, all as requested above.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Betsy Aubrey requests this Court to enter Orders:  (a) determining that Plaintiff Steven B. Aubrey is a vexatious litigant; (b) requiring Plaintiff to furnish security in the method and manner as set forth above; (c) sanctioning Plaintiff for his abusive litigation conduct as set forth above; (d) ordering Plaintiff not to file another lawsuit against Defendant and/or Defendant's Professionals without first seeking and securing approval of the Dallas County Administrative Judge as set forth above; and (e) awarding Defendant such other and further relief at law or in equity, to which Defendant Betsy Aubrey may be justly entitled.

DEFENDANT'S MOTION TO DETERMINE VEXATIOUS LITIGANT - Page 20
C:\Users\Leigh\Documents\Clients\Aubrey.General\Aubrey v. Aubrey-- 14th District Court\Abrey - vexatious
litigant-Motion.wpd

Respectfully submitted,

TOBOLOWSKY & BURK, P.C.

_____

IRA E. TOBOLOWSKY
State Bar No. 20089000

4305 W. Lovers Lane
Dallas, Texas 75209
Tel. (214) 352-0440
Fax (214) 352-0662
iratobolowsky@tblawfirm.net

ATTORNEYS FOR DEFENDANT
BETSY STIRRATT AUBREY

### Certificate of Conference

A conference was held on December 17, 2015, with Steven B. Aubrey, Plaintiff *Pro Se*, on the merits of the foregoing Motion.  Agreement was not reached; therefore the Motion is presented to the Court for a determination.

_____
Ira E. Tobolowsky

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the 18ᵗʰ day of December, 2015.

**Via Email**
Steven B. Aubrey, Pro Se
5701 S. Mopac Expressway, Apartment 2017
Austin, TX  78749

_____
IRA E. TOBOLOWSKY

# EXHIBIT 3

Vexatious Litigant Chart

## Res Judicata/Collateral Estoppel

Cases Argued in Determining Aubrey is Vexatious Litigant

| 353rd Judicial District Court<br>Travis County, Texas | 14th Judicial District Court<br>Dallas County, Texas |
|---|---|
| Betsy Aubrey - Defendant<br>Ira Tobolowsky - Atty of Record | Betsy Aubrey - Defendant<br>Ira Tobolowsky - Atty of Record |
| **November 20, 2015** | -- 28 days -- | **December 18, 2015** |

|  |  |
|---|---|
| Motion - **DENIED** | Motion - **FILED** |
| <u>D-I-GN-15-003836</u> | <u>DC-15-11685</u> |
| C-1-PB-14-000668 | --------------------- C-1-PB-14-000668 |
| D-1-GN-08-003721 | --------------------- D-1-GN-08-003721 |
| D-1-GN-13-003586 | --------------------- D-1-GN-13-003586 |
| 05-14-01172-CV | --------------------- 05-14-01172-CV |
| 3-15CB-I792K | --------------------- 3-15CB-I792K |

<u>Two "ACTIVE" Cases</u>:

D-I-GN-15-003836

DC-15-11685 (This Case)

The second action included two active cases.
They were labeled: "finally determined adversely to the plaintiff."

1. There was a prior final judgment on the merits by a court of competent jurisdiction.

2. The party asserting the second claim was party to the prior action (28 days prior).

3. Claims in the second action were raised or could have been raised in the prior action.

*Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 754 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (citing *Igal*, 250 S.W.3d at 86)

# EXHIBIT 4

Plaintiff's Motion to Continue Hearing on Respondent's

Motion to Determine Vexatious Litigant and Motion for Sanctions

January 25, 2016.

DALLAS COUNTY
01/25/2016 12:00:00 A
FELICIA PITI
DISTRICT CLE

NO. DC-15-11685

| | | |
|---|---|---|
| **STEVEN B. AUBREY**, Beneficiary of the Aubrey Family Trust created under the Will of Richard Buck Aubrey, Deceased; | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| *Petitioner,* | §<br>§ | |
| **v.** | §<br>§ | **14th JUDICIAL DISTRICT** |
| **BETSY S. AUBREY;** Trustee of the Aubrey Family Trust created under the Will of Richard Buck Aubrey, Deceased; | §<br>§<br>§<br>§ | |
| *Respondent.* | §<br>§ | **DALLAS COUNTY, TEXAS** |

---

### PLAINTIFF'S MOTION TO CONTINUE HEARING ON RESPONDENT'S MOTION TO DETERMINE VEXATIOUS LITIGANT AND MOTION FOR SANCTIONS

---

COMES NOW, Steven B. Aubrey (**"Aubrey"**) and files this Motion to Continue Hearing on Respondent's Motion to Determine Vexatious Litigant and Motion for Sanctions and would show the Court as follows:

On January 11, 2016, Aubrey's trial began in Cause No. 10-CV-00076 in the Western District of Texas, Austin Division.   Aubrey is a plaintiff in this action.

On January 22, 2016, after two weeks of trial, the plaintiff's still have five witnesses that have not been called to testify. It is highly unlikely the trial will be complete by the end of the week on January 29, 2016.  After the plaintiff's rest their case, the defendants will begin calling their witnesses and the trial will likely go into a fourth week beginning on February 1, 2016.

The respondent in this instant case has filed a motion set to be heard on January 28, 2016, that will require rescheduling.

FOR THESE REASONS Plaintiff Steven B. Aubrey requests that after notice, the Court issue an order GRANTING continuance on above hearing.

Respectfully submitted,


By:  */s/ Steven B. Aubrey*
     Steven B. Aubrey, Pro Se
     5701 S Mo Pac Expy, Apt 2017
     Austin, TX 78749
     Telephone: (512) 659-7234
     traviscountyfraud@gmail.com


## Certificate Of Service

I hereby certify that on the 25th day of January 2016, a true and correct copy of the above and foregoing document has been delivered in accordance with TEX. R. CIV. P. 21 to all counsel of record as follows:


**Via Email: iratobolowsky@tblawfirm.net**
Ira E. Tobolowsky
4305 West Lovers Lane
Dallas, Texas 75209
ATTORNEY FOR DEFENDANT
BETSY S. AUBREY


                                          */s/ Steven Aubrey*
                                          Steven Aubrey

NO. DC-15-11685

| | | |
|---|---|---|
| **STEVEN B. AUBREY**, Beneficiary of the Aubrey Family Trust created under the Will of Richard Buck Aubrey, Deceased; | § § § § | **IN THE DISTRICT COURT** |
| *Petitioner,* | § § | |
| **v.** | § § | **14th  JUDICIAL DISTRICT** |
| **BETSY S. AUBREY;** Trustee of the Aubrey Family Trust created under the Will of Richard Buck Aubrey, Deceased; | § § § § | |
| *Respondent.* | § § | **DALLAS COUNTY, TEXAS** |

## DECLARATION OF STEVEN AUBREY

"My name is Steven Aubrey, my date of birth is October 11, 1960, and my address is 5701 S Mo Pac Expy, Apt 2017, Austin, Texas 78749, United States of America.  I declare under penalty of perjury that the foregoing statements are true and correct."

EXECUTED in Travis County, State of Texas, on the 24th day of January 2016.


/s/ *Steven Aubrey*_____
Steven Aubrey

3

# Exhibit 5

Order Granting Defendant's Motion to
Determine Vexatious Litigant and Motion for Sanctions
February 12, 2016

443A 001433

CAUSE NO. DC-15-11685

| | | |
|---|---|---|
| STEVEN B. AUBREY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | 14TH JUDICIAL DISTRICT |
| | § | |
| BETSY S. AUBREY; Trustee of the | § | |
| Aubrey Family Trust created under the Will | § | |
| of Richard Buck Aubrey, Deceased | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S MOTION TO DETERMINE VEXATIOUS LITIGANT AND MOTION FOR SANCTIONS

ON THE 12TH DAY OF FEBRUARY, 2016, came on to be considered Defendant Betsy S. Aubrey's Motion to Determine Vexatious Litigant and Motion for Sanctions ("Motion"). Plaintiff ~~appeared in person and by and through his newly appointed counsel of record, Brian Vodicka.~~ Defendant Betsy Aubrey appeared by and through her counsel of record, Ira E. Tobolowsky. The Court, after considering the Motion, the evidence and argument of counsel, finds that Steven B. Aubrey is a vexatious litigant and that Defendant's Motion should be granted. It is therefore

ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Determine Vexatious Litigant is GRANTED. It is further

ORDERED, ADJUDGED AND DECREED that Plaintiff is determined to be a vexatious litigant pursuant to Tex.Civ. Prac. & Rem. Code §11.054. It is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall furnish, within ten (10) days of the date of this Order, security in this cause in the amount of $ 150,000 ("Security") pursuant to Tex.Civ. Prac. & Rem. Code §11.055. It is further

ORDERED, ADJUDGED AND DECREED that if Plaintiff fails to furnish the Security as ordered above within ten (10) days of the date of this Order, this case may be dismissed with prejudice pursuant to Tex.Civ. Prac. & Rem. Code §11.056. It is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall not file another lawsuit against Betsy Stirratt Aubrey, Richard Buck Aubrey, Jr., the Aubrey Family Trust, Aubrey Family, LLC, Ira E. Tobolowsky, Faith G. Burk, Tobolowsky & Burk, PC, David P. Hendricks and/or David P. Hendricks, PLLC, or any of them, without first seeking and securing the approval in writing of the Dallas County Administrative Judge.

**ORDER GRANTING MOTION FOR VEXATIOUS LITIGANT AND FOR SANCTIONS - Page 1**

The Court further finds that Plaintiff should be sanctioned for bringing this lawsuit. The Court finds that Plaintiff has brought this lawsuit for an improper purpose, including harassment, delay, and/or increasing the cost of litigation. The Court further finds that Plaintiff's Petition is groundless. Therefore, it is

~~ORDERED, ADJUDGED AND DECREED that Plaintiff shall pay Defendant the sum~~ of $_____ as a just sanction in this case.

The Court further finds that Defendant ~~Betsy Stirratt~~ Aubrey is entitled to recover $_____ as reasonable and ~~necessary~~ attorney fees against Plaintiff. It is therefore

ORDERED, ADJUDGED AND DECREED that Defendant Betsy Stirratt Aubrey have judgment ~~against Plaintiff~~ Steven B. Aubrey in the amount of $_____ as ~~reasonable and necessary attorney fees and costs.~~

SIGNED THIS ____ DAY OF FEBRUARY, 2016.

_____
Judge Presiding

# EXHIBIT 6

Order Granting Defendant's Motion for Sanctions

February 16, 2016

443ª 000500

CAUSE NO. DC-15-11685

| | | |
|---|---|---|
| STEVEN B. AUBREY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | 14TH JUDICIAL DISTRICT |
| | § | |
| BETSY S. AUBREY; Trustee of the | § | |
| Aubrey Family Trust created under the Will | § | |
| of Richard Buck Aubrey, Deceased | § | DALLAS COUNTY, TEXAS |

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS

---

ON THE 12TH DAY OF FEBRUARY, 2016, came on to be heard Defendant Betsy S. Aubrey's Motion to Determine Vexatious Litigant and Motion for Sanctions ("Motion"). Although properly noticed, neither Plaintiff nor his attorney of record appeared for the hearing. Defendant Betsy Aubrey appeared by and through her counsel of record, Ira E. Tobolowsky. The Court, after considering the Motion, the evidence and argument of counsel, found that Steven B. Aubrey is a vexatious litigant and Defendant's Motion was granted. The Court, by separate Order, granted Defendant's Motion regarding Plaintiff as a vexatious litigant, and enters this Order regarding Defendant's request for sanctions.

The Court finds that Plaintiff should be sanctioned as Plaintiff's lawsuit is brought for improper purposes, including to harass, to cause unnecessary delay, and to needlessly increase the cost of litigation. Further, the Court finds that allegations in the pleadings have no evidentiary support and some allegations are likely to have no evidentiary support after reasonable opportunity for further investigation or discovery. The Court finds that Plaintiff's Petition and pleadings violate Section 10.001 of the Texas Civil Practices & Remedies Code.

The Court further finds that in the last approximately two and one half years, Plaintiff has brought approximately seven lawsuits against Defendant. The Court finds that such conduct has been for the purpose of harassment and to needlessly increase Defendant's cost of litigation. The Court finds that a reasonable sanction against Plaintiff for such conduct is to reimburse Defendant her reasonable and necessary cost of legal fees in these numerous lawsuits, which the Court finds to be $250,000.00. It is therefore

ORDERED, ADJUDGED AND DECREED that Defendant Betsy Stirratt Aubrey's request for sanctions against Plaintiff Steven Aubrey is hereby GRANTED. It is further

**ORDER GRANTING MOTION FOR SANCTIONS** - Page 1

ORDERED, ADJUDGED AND DECREED that Plaintiff Steven Aubrey is ordered to pay Defendant Betsy Stirratt Aubrey the sum of $250,000.00.   Defendant Betsy Stirratt Aubrey shall have execution and such other writs as may be reasonable if such sanction is not timely paid.

SIGNED THIS __*18*__ DAY OF FEBRUARY, 2016.

_____
Judge Presiding

**ORDER GRANTING MOTION FOR SANCTIONS - Page 2**

# EXHIBIT 7

Court of Appeals Fifth District of Texas Mandate

August 18, 2017



# Court of Appeals
# Fifth District of Texas at Dallas

## MANDATE

**TO THE 14TH JUDICIAL DISTRICT COURT OF DALLAS COUNTY, GREETINGS:**

Before the Court of Appeals for the Fifth District of Texas, on the 7th day of June 2017, the cause on appeal to revise or reverse the judgment between

STEVEN B. AUBREY, Appellant

No. 05-16-00506-CV          V.

BETSY S. AUBREY, TRUSTEE OF THE
AUBREY FAMILY TRUST CREATED
UNDER THE WILL OF RICHARD BUCK
AUBREY, DECEASED, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-11685.
Opinion delivered by Justice Lang, Justices
Myers and Stoddart participating.

was determined; and this Court made its order in these words:

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** the trial court's award of sanctions to Appellee Betsy S. Aubrey, Trustee of the Aubrey Family Trust Created Under the Will of Richard Buck Aubrey, Deceased, in the amount of $250,000.00 and **REMAND** this case to the trial court for determination of an amount of sanctions consistent with this opinion. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

**WHEREFORE, WE COMMAND YOU** to observe the order of the Court of Appeals for the Fifth District of Texas, in this behalf, and have it duly obeyed and executed.

**WITNESS** the HON. CAROLYN WRIGHT, Chief Justice of the Court of Appeals, with the Seal thereof affixed, at the City of Dallas, this 18th day of August, 2017.

LISA MATZ, Clerk