

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| STEVEN BENTON AUBREY, and<br>BRIAN EDWARD VODICKA,<br><br>　　*Plaintiffs,*<br>v.<br><br>D MAGAZINE PARTNERS, L.P. et al.,<br><br>　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO: 0:18-CV-61117-BB |

## PLAINTIFFS' SUR REPLY TO MOYE'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Steven Benton Aubrey ("Aubrey") and Brian Edward Vodicka ("Vodicka"), (collectively "Plaintiffs"), filing this Sur Reply to Moye's Motion to Dismiss as follows:

### OVERVIEW

While the Motion to Dismiss almost relied entirely on issue preclusion, Defendant Eric Vaughn Moye ('Moye") filed his August 20, 2018 Reply to Plaintiffs' Response to Eric Moye's Motion to Dismiss ("Reply") and nearly abandons issue preclusion. The Reply's dramatic shift was likely because none of Plaintiffs claims brought against Moye in this action have ever been brought before. Moye might have found benefit if he had combined his affinity for issue preclusion with his crusade to brand parties as vexatious litigants in Texas. Moye encouraged the same party to file the same motion in his court

only twenty-eight (28) days following another court's finding that Aubrey was not a vexatious litigant. Finally, while the Reply suddenly minimizes issue preclusion, its new basis for requesting dismissal is the allegation that Plaintiffs should have brought the federal claims in the state defamation case. However, Moye's legal gamesmanship barred Plaintiffs from bringing additional claims in the state case.

## ARGUMENT AND AUTHORITY

Any findings in the prior Texas Moye defamation proceeding are not entitled to preclusive effect here because the requirements for issue preclusion have not been satisfied. For Moye to prove issue preclusion, there must be: (1) a final judgment on the merits, (2) regarding the same issue, (3) that was actually litigated and decided, and (4) essential to the judgment. *See, e.g., Wright and Miller, Federal Practice and Procedure* § 4416. Additionally, even when these elements are met, "issue preclusion does not apply when the party seeking to benefit from preclusion has a significantly heavier burden in the subsequent action than in the prior action." Cobb v. Pozzi, 363 F.3d 89 (2d Cir. 2004). In the prior Texas Moye defamation proceeding, liability under federal law for violating Aubrey, and also to Vodicka, was not made part of the Judgment; was never litigated or decided, and was not essential to the Judgment.

Moye filed his motion to dismiss in the state case under Texas Rules of Civil Procedure, Rule 91a, which barred Plaintiffs from bringing the federal claims brought here and all discovery was stayed until his motion would be heard. The Judgment was undermined because the stay eliminated discovery of the truth of the inter-related acts of Moye with other defendants. Moreover, because Plaintiffs were forced to move from Dallas, their ability to prosecute the case evaporated and they filed a nonsuit. Plaintiffs'

2

nonsuit was filed at least three (3) days before the date of the hearing on Moye's motion to dismiss, the court may not rule on the motion. Nevertheless, the court ruled in favor of Moye and dismissed the defamation claim against him, with prejudice. The hearing represented another proceeding, which Plaintiffs were denied access to the court.

On September 26, 2016, Plaintiff's filed their defamation lawsuit against Moye Plaintiffs in Dallas County, Texas district court. (See the official Dallas County, Texas Courts Portal events and hearings for Cause No. DC-16-12693, *Vodicka vs. Moye*, attached as **Exhibit A**.) Approximately two (2) weeks later, on October 13, 2016, Moye filed his motion to dismiss, barring Plaintiffs from further discovery and from bringing additional claims. (*Id.* Exhibit A.)

On January 30, 2017, approximately four (4) months had elapsed since Plaintiffs Petition was filed, they filed their notice of nonsuit. (*Id.* Exhibit A.) The four (4) months represents the time Plaintiffs were barred from bringing other claims and from discovery in the case.

On March 1, 2017, the court conducted a hearing and violated Tex. R. Civ. P. 91a, ruling on Moye's motion to dismiss, approximately one (1) month after Plaintiffs' notice of nonsuit was filed.[1] (*Id.* Exhibit A.) Rule 91a.5(a) stipulates:

> "**The court may not rule on a motion to dismiss** if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion." (Emphasis added.)

---

[1] Early November 2017, Plaintiffs were forced to leave Dallas. Though the court permitted telephonic hearings as a general rule, after Plaintiffs relocation to Florida, the hostile judge presiding over the state case ordered that Plaintiffs would not be permitted court access through telephonic hearings.

Moye's Reply states: "The plaintiff bears the burden to show that the opportunity to raise the challenge in the state proceeding is inadequate. ODonnell v. Harris Cnty, 227 F.Supp. 3d 706, 726 (S.D. Tex. 2016); Pennzoil Co. v. Texaco Inc., 481 U.S. 1,14 (1987)." Plaintiffs believe they have met their burden as Moye's motion to dismiss barred Plaintiffs from bringing other claims.

Moye's Reply states: "Even pro so litigants are required to support their claims with applicable precedent. Doss v. Helpenstell, 699 Fed.App'x. 337, 338 (5th Cir. 2017)." Plaintiffs claim that Moye's murder accusation is a nonjudicial action and their claim is supported in *Nebraska Press Assn. v. Stuart* 427 US 539 1976, U.S. Supreme Court Chief Justice Burger, delivering the unanimous opinion of the Court, stated, in part: "Given the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of the jurors, *the trial courts must take strong measures to ensure that the balance is never weighed against the accused. . . ." at page 553*. (Chief Justice Burger added his own italics in the opinion.) Moye violated Plaintiffs' rights under the Sixth Amendment of the U.S. Constitution. In fact, Plaintiffs cited and relied on a unanimous Supreme Court case as precedent.

*Stump* made clear that "whether an act by a judge is a `judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.,* whether they dealt with the judge in his judicial capacity." *Stump et al. v. Sparkman* 435 U.S. 349, 362 (1978). *Mireles*, 502 U.S. at 11–12; *Forrester v. White*, 484 U.S. 219, 227 (1988); *Twilligear v. Carrell*, 148 S.W.3d 502 (Tex. App. 2004).

4

Moye's Reply states: "Moreover, Plaintiffs' claim, on page 10, that Judge Moyé is liable on the basis that "Broward County Law Enforcement...harass[ed] Plaintiffs for three weeks upon their arrival in South Florida" fails to state a claim. ("To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant.")"  Moye's very public malicious accusation of criminality was done because Moye had a pecuniary interest in his re-election campaign. Plaintiffs suffer ongoing injury due in part to Moye's released and broadcast statements.  It was Moye who gave the media "permission" to use Plaintiffs proper names in their dozens of stories. Internet users continue to read Moye statements in many publications including Defendant D Magazines hard copy and online news stories.  Upon information and belief Broward County Law Enforcement relied on Moye's statements as everyone has. Without Moye's accusation, giving "credibility" to the countless publications, there would be no stories about Plaintiffs and the murder.

Moye's unrelenting attention to his multiple vexatious litigant rulings is a red herring intended to mislead and distract.  Aubrey attended the 4-hour evidentiary hearing the concluded with a senior judge denying the vexatious motion.  Moye permitted the same party, whose vexatious motion was denied, to forum shop the motion into his court.  Moye granted the motion finding Aubrey was a vexatious litigant and then when he was a defendant to a Plaintiffs' defamation lawsuit, he filed another motion to declare Aubrey vexatious.  Moye's two redundant vexatious motions did not have exhaustive evidentiary hearings because he made certain that Aubrey could not appear to defend the frivolous motions.

Moye's gamesmanship created three (3) conflicting and contradictory vexatious rulings for Aubrey. Moye's Reply misrepresents to the Court: "Aubrey was a vexatious litigant, prohibiting from filing any additional lawsuits without court permission." Moye's third vexatious litigant ruling is based on a statute that specifically restricts filing new litigation in Texas only. Texas Civil Practice and Remedies Code Subchapter C. is titled "Prohibiting Filing of New Litigation." Section 11.101(a) clearly stipulates:

> "A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, in propria persona, a **new litigation in a court in this state** if the court finds, after notice and hearing…" (Emphasis added.)

The Reply offers detail about the third vexatious ruling for Aubrey, "The trial court ordered Aubrey to 'furnish $25,000 in order to proceed'…" The Reply fails to state the fact that the Court of Appeals found Moye acted outside his discretion and reversed his sanctions award of $250,000.00 against Aubrey.

## CONCLUSION

Preclusion is not an issue in this case as the claims brought against Moye in this case have not been brought or litigated previously. In fact, Moye's motion to dismiss in the state case barred Plaintiffs from bringing other claims almost immediately following the date the original petition was filed. Moreover, the court violated a statute to dismiss Plaintiffs' defamation claim against Moye and that claim should have remained viable.

Moye would not permit Aubrey to participate in the court proceedings that declared him a vexatious litigant and the Court of Appeals found he abused his discretion in the order he signed that was adverse to Aubrey.

Moye's Reply actually concludes with four (4) points for a federal court to consider when determining if a judge's actions were judicial in nature, including "whether the precise act complained of is a normal judicial function." A judge who assumes the role of a prosecutor during an official proceeding is not performing a normal judicial function.  The Reply states: "Plaintiffs' Response, page 15, concedes that the statement by Judge Moye which forms the basis of the suit, was made in the course of a judicial proceeding while Judge Moye was conducting court."  Plaintiffs concede nothing.  Moye cannot accuse persons in his court for murder just as he can't point his loaded firearm at persons in his court during an official proceeding and claim it is all part of process of conducting court.

Unfortunately, Moye believes he is above the law.

Respectfully submitted,

By: _____
Steven Aubrey, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
Telephone: (512) 666-8004
defamationperse@gmail.com

By: _____
Brian Vodicka, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
Telephone: (954) 716-9375
defamationperse@gmail.com

7

## CERTIFICATE OF SERVICE

This is to certify that on August 28, 2018, the undersigned has served the foregoing by USPS regular mail or through the CM/ECF docketing system. Therefore, the undersigned upon information and belief certifies that all counsel or parties of record will receive a copy of these papers.

_____
Steven Aubrey

_____
Brian Vodicka

## SERVICE LIST

**Via CM/ECF Notice:**
Dana J. McElroy
THOMAS & LOCICERO PL
915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
LOCAL COUNSEL FOR DEFENDANTS:
D MAGAZINE PARTNERS, L.P.
ALLISON MEDIA, INC.
JAMIE L. THOMPSON
DALLAS COUNTY, TEXAS
DALLAS COUNTY SHERIFF'S DEPARTMENT
MELINDA CHRISTINE URBINA


**Via CM/ECF Notice:**
Eric P. Hockman
WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
LOCAL COUNSEL FOR DEFENDANTS:
CITY OF DALLAS
DALLAS POLICE DEPARTMENT
SCOTT ROBERT SAYERS
ROBERT L. ERMATINGER, JR

**_Via CM/ECF Notice:_**
Tierman Cole
ASSISTANT ATTORNEY GENERAL
Office of the Attorney General for the State of Florida
110 SE 6th St., Fl 10
Fort Lauderdale, FL. 33301-5001
**LOCAL COUNSEL FOR DEFENDANT:**
 **ERIC VAUGHN MOYE**


**_Via Email: steve.schoettmer1@gmail.com_**
Stephen Charles Schoettmer
4305 W Lovers Ln
Dallas, TX 75209-2803
**DEFENDANT PRO SE**

9