UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



| | | |
|---|---|---|
| STEVEN BENTON AUBREY, and<br>BRIAN EDWARD VODICKA,<br><br>*Plaintiffs,*<br>v.<br><br>D MAGAZINE PARTNERS, L.P. et al.,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO: 0:18-CV-61117-BB |

### PLAINTIFFS' RESPONSE TO DEFENDANT STEPHEN SCHOETTMER'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

PLAINTIFFS STEVEN B. AUBREY and BRIAN E. VODICKA (collectively "Plaintiffs"), file this Response to Defendant Stephen Schoettmer's Motion to Dismiss as follows:

Since Plaintiffs relocated to South Florida, Defendant Stephen C. Schoettmer ("Schoettmer") has caused to be published defamatory statements causing Plaintiffs injury in South Florida. In *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), the Supreme Court held that a state court may maintain personal jurisdiction over a party if it has minimum contacts with that state. Schoettmer's new 2017 statements published on the Internet, while Plaintiffs resided in Florida, combined with his 2016 statements published on the Internet and his 2016 YouTube video posted on the Internet, continue to be read and viewed in Florida and continue to cause injury.

## OVERVIEW

Schoettmer maneuvered his way into the spotlight of the media for several weeks following the murder of his client Ira Tobolowsky. He was holding interviews with large groups of media and scheduling private interviews as well, using and defaming Plaintiffs.

The only connection Plaintiffs had with the murder victim was a lawsuit. Plaintiffs had no motive for such a crime but Schoettmer was determined to persuade the media to believe it was possible if not likely. Curiously, Schoettmer arrived at the crime scene and informed the investigators that Plaintiffs likely committed the crime. Before the fire was extinguished, Schoettmer was giving interviews to the media, putting himself, and the frivolous lawsuit that connected everybody, in the middle of the tragedy.[1] He began referring to the lawsuit nobody ever heard about as a "high-profile" and very "contentious" case.

Schoettmer claimed that Plaintiffs' anger was unprecedented and they were crazy. Schoettmer never gave any basis for his conclusive statements and they never included detail about conduct. In fact, the only factual detail he told authorities and the media was that Mr. Tobolowsky had recently received an email that stated: "I am going to kill you." That was detail was soon proven to be a lie as no such email existed. Oddly, Mr. Tobolowsky's own family was not aware of any "high-profile" lawsuit and they could not think of anybody who had issues with Mr. Tobolowsky.

On paper, Schoettmer would have appeared the least likely to have any information about the murder or about Plaintiffs. Plaintiffs had only visually seen

---

[1] On May 13, 2016, at 7:50 am, the fire department received the call for help. Only one hour and forty-two minutes later, Schoettmer irrelevant opinions appeared in online news stories about the fire and death, before the fire was extinguished and the body removed, at 9:32 am,

Schoettmer in a couple of hearings and in a deposition, occasions that most would say were civilized and all in attendance were well behaved.

In fact, there were no less than several thousand people who knew Plaintiffs far better than Schoettmer, but it was Schoettmer who commanded the stories on television, electronic media and print regarding his knowledge about Plaintiffs.

As there was nothing at all connecting Plaintiffs to the crime, the media and even Schoettmer knew better than to refer to Plaintiffs by name until AFTER Defendant Eric Moye had gathered all of the media in his courtroom and accused Aubrey for the murder. It was that moment after Moye gave his calculated and very public statement, that all bets were off and the feeding frenzy began, all because an "official" used Plaintiff's names in connection with the murder.

The media circus interest in Schoettmer faded because he really did not have any solid information about Plaintiffs. However, over two years later, all of Schoettmer's dozens of interviews can still be accessed from the Internet. And Schoettmer remains available for the occasional big publisher, like Defendant D Magazine, to do an anniversary stories about Plaintiffs and the murder. In fact, it was after Plaintiffs relocated to South Florida that D Magazine interviewed Schoettmer and soon after published more of his irrelevant opinions. Plaintiffs' Florida friends accessed those stories and Schoettmer's defamatory statements caused injury to Plaintiffs.

Schoettmer's proclivity to be seen and heard caused him to post one of his interviews causing damage to Plaintiffs on YouTube, which will presumably be seen for as long as computers exist. His video is accessible all over the world and in South Florida at the following link:   https://www.youtube.com/watch?v=HnluQUC7a_Y

(*See* Screenshot of Schoettmer talking to media circus in his YouTube videl , attached as **Exhibit A**.) While Schoettmer does not directly state that Plaintiffs murdered Mr. Tobolowsky, without basis, he tells his audience that the judge was concerned for his safety, Plaintiffs are dangerous and pose a security risk to everyone.[2]

## MOTION TO DISMISS MISREPRESENTATIONS

The Motion to Dismiss ("Motion") attempts to mislead this Court with many misrepresentations as follows:

**Misrepresentation 1:**

> "I never filed a Police Report with regard to Mr. Tobolowsky's murder."

Nobody ever claimed Schoettmer "filed" a report and it is unlikely citizens file murder reports. Authorities make the reports and Schoettmer *gave* a false report.

**Misrepresentation 2:**

> "I have never said to any investigating detective that Mr. Aubrey committed a murder."

Of course he could not make this definitive statement because he had no proof. Schoettmer told authorities he believed Aubrey committed the murder.

**Misrepresentation 3:**

> "I did not state that Mr. Aubrey physically threatened Mr. Tobolowsky, as I did not witness any such physical threat."

In truth, Schoettmer only inferred Aubrey sent a death threat email (that did not exist). Schoettmer is correct that he never witnessed a physical threat as nobody has ever

---

[2] Plaintiffs have no history of any violence whatsoever. Defendant Moye has two recorded assualts to his name, yet he is the one who is concerned for his safety.

4

witnessed Aubrey make a physical threat, yet Schoettmer made statements in the May 15, 2016, CBS's article, *Judge Receives Added Security After Lawyer's Death,* as follows: "To say that they are crazed in some way and in many ways, and the, I mean the anger was just unprecedented."

**Misrepresentation 4:**

> "In their Complaint, Plaintiffs assert two state (non-federal) claims against Schoettmer: 'defamation' and 'invasion of privacy.'"

In fact, Plaintiffs' claims against Schoettmer include: Defamation; Presumption of Innocence; Conspiracy Against Rights Under Color of Law; Invasion of Privacy - Misappropriation; Invasion of Privacy - Public Disclosure; Invasion of Privacy - Intrusion; Defamation-Per Quod; and Defamation *Per Se.*

**Misrepresentation 5:**

> "Plaintiffs' Vodicka and Aubrey have twice filed a lawsuit against Schoettmer, in Dallas County, for the same defamation claims and invasion of privacy claims asserted in the instant Complaint. Aubrey and Vodicka named Schoettmer as a "third Party" in the defamation case addressed in paragraph no. 4 supra, (Judge Cosby struck the pleadings)"

Invasion of privacy claim have never been brought against Schoettmer prior to this instant Complaint. Judge Cosby ordered Plaintiffs to join all claims in the case before his court. Plaintiffs did as ordered and then Judge Cosby changed his mind and wanted the claims removed.

**Misrepresentation 6:**

> "Schoettmer references and incorporates Defendant Judge Moyes' exhibits."

Defendant Moye's exhibits do not reference or have any relevance to Schoettmer.

5

**Misrepresentation 7:**

> "In Cause No. DC-16-12693, Plaintiffs Vodicka and Aubrey named but never served Defendants Schoettmer, Michael Tobolowsky..."

Schoettmer was not served because he evaded service much the same way he did in this instant case. The constable who was required to track him down, first went to his office, the same address Schoettmer used under his signature block in his Motion. The constable was told that Schoettmer no longer worked at that office and/or address. Plaintiffs never named Michael Tobolowsky as defendant, therefore he was never served.

**Misrepresentation 8:**

> "Under Texas law, defamation and invasion of privacy have a one-year statute of limitation. The Florida comparable stature has a two-year limitations statute for libel/slander. That would explain Plaintiffs' attempt to invoke Florida jurisdiction, to try and avoid controlling Texas law."

If Schoettmer is implying that Plaintiffs moved their entire lives to a state with two-year statute of limitations for libel, he would be incorrect.

**Misrepresentation 9:**

> "Plaintiffs' claims are without merit and are time barred."

Schoettmer can finally take responsibility for his actions and as he admitted in Misrepresentation 8, the claims are not time barred.

**Misrepresentation 10:**

> "The other Defendants have provided this Court with compelling case law, authorities, and statutes on *in personam* jurisdiction, and Schoettmer relies on the controlling authorities cited by Co-Defendants in their respective Motions to Dismiss."

Plaintiffs are not clear what the meaning is behind Schoettmer's references to "other Defendants", "controlling authorities cited by Co-Defendants", and "their respective Motion to Dismiss." The only defendant answer filed in this case is that of Defendant Moye and his controlling authorities argue his position that as a judge, he can violate others rights and commit crimes and enjoy unfettered privilege. There are not multiple Motions to Dismiss. There is only one, that of Defendant Moye.

**Misrepresentation 11:**

> "Plaintiffs Aubrey and Vodicka's claims against Schoettmer for defamation and invasion of privacy are both meritless and stale under Texas law. All alleged conduct occurred while Plaintiffs and Schoettmer were in Dallas, Texas".

Plaintiffs' claims would be considered stale in many states. However, this case was filed in Florida. Schoettmer's conduct occurred when Plaintiffs resided in Texas and has continued since Plaintiffs relocated to South Florida.

## CONCLUSION

Schoettmer's minimum contacts with the State of Florida arise through his 2017 interview with Defendant D Magazine, which was published in print and on the Internet in May 2017, while Plaintiffs were residents in South Florida, causing injury to Plaintiffs. In *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), the Supreme Court held that a state court may maintain personal jurisdiction over a party if it has minimum contacts with that state. Schoettmer's 2016 statements and his 2016 YouTube post

7

were published on the Internet, they remain on the Internet, they are accessed in Florida by Florida residents and they continue to defame Plaintiffs and cause Plaintiffs injury.

Respectfully submitted,

By: _____
Steven Aubrey, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
Telephone: (512) 666-8004
defamationperse@gmail.com

By: _____
Brian Vodicka, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
Telephone: (954) 716-9375
defamationperse@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on August 30, 2018, the undersigned has served the foregoing by USPS regular mail, Email, or through the CM/ECF docketing system. Therefore, the undersigned upon information and belief certifies that all counsel or parties of record will receive a copy of these papers.

_____
Steven Aubrey

_____
Brian Vodicka

8

## SERVICE LIST

**_Via CM/ECF Notice:_**
Dana J. McElroy
THOMAS & LOCICERO PL
915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
LOCAL COUNSEL FOR DEFENDANTS:
D MAGAZINE PARTNERS, L.P.
ALLISON MEDIA, INC.
JAMIE L. THOMPSON
DALLAS COUNTY, TEXAS
DALLAS COUNTY SHERIFF'S DEPARTMENT
MELINDA CHRISTINE URBINA


**_Via CM/ECF Notice:_**
Eric P. Hockman
WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
LOCAL COUNSEL FOR DEFENDANTS:
CITY OF DALLAS
DALLAS POLICE DEPARTMENT
SCOTT ROBERT SAYERS
ROBERT L. ERMATINGER, JR



**_Via CM/ECF Notice:_**
Tierman Cole
ASSISTANT ATTORNEY GENERAL
Office of the Attorney General for the State of Florida
110 SE 6th St., Fl 10
Fort Lauderdale, FL. 33301-5001
LOCAL COUNSEL FOR DEFENDANT:
ERIC VAUGHN MOYE



**_Via Email: steve.schoettmer1@gmail.com_**
Stephen Charles Schoettmer
4305 W Lovers Ln
Dallas, TX 75209-2803
DEFENDANT PRO SE

# Exhibit A



Attorney Steve Schoettmer talks after judge removes himself from case

1,241 views

The Dallas Morning News
Published on May 18, 2016

Schoettmer had been representing Ira Tobolowsky, a local attorney, in a civil case. Ira Tobolowsky was found dead Friday in the garage of his home in the 7400 block of Kenshire Lane after firefighters responded to a fire there. Judge Eric V. Moyé, who had been overseeing the suit,