**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

FILED BY _CBS_ D.C.

SEP 17 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

STEVEN BENTON AUBREY, and             §
BRIAN EDWARD VODICKA,                 §
                                      §
        *Plaintiffs,*                 §
v.                                    §         CASE NO: 0:18-CV-61117-BB
                                      §
D MAGAZINE PARTNERS, L.P. et al.,     §
                                      §
        *Defendants.*                 §

---

### PLAINTIFFS' MOTION TO DISQUALIFY HAYNES AND BOONE, LLP

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

PLAINTIFFS STEVEN B. AUBREY and BRIAN E. VODICKA (collectively "Plaintiffs"), file this Motion to Disqualify Haynes and Boone, LLP ("HB") as follows:

HB's representation of D Magazine Partners, L.P. D/B/A D Magazine; Magazine Limited Partners, L.P.; Allison Media, Inc.; and Jamie L. Thompson (collectively "Defendants") is adverse to Plaintiffs' interests and Plaintiffs have a justiciable interest to, among other things, ensure that the confidential information imparted to their former lawyers at HB remains protected.

On April 23, 2013, Leslie C. Thorne, partner, executed an engagement agreement on behalf of Haynes and Boone, LLP. for their representation of Brian Vodicka and Steven Aubrey. *See* agreement attached as **Exhibit A**.[1] Brian Vodicka and Steven Aubrey signed the agreement and paid the agreed upon $2,500.00 retainer,

---

[1] Ex. D. Vodicka Decl. at ¶ 4 and Ex. E. Aubrey Decl. at ¶ 4.

establishing the attorney-client relationship with HB. Invoices incurred under the agreement totaled $14,208.54. One of the invoices is attached as **Exhibit B.**[2]

On April 26, 2017, Defendants published articles defaming Plaintiffs. The online publications were titled:

> *Sneak Peek: D Magazine's May Issue, Which Explores Who Killed Ira Tobolowsky*; and
>
> *A Place Where Something Evil Happened* [3]

Defendants' print publication article also titled, *A Place Where Something Evil Happened,* was featured in their May 2017 magazine with the cover title:

> *Scene of the Crime: Ira Tobolowsky was burned alive in his North Dallas garage. The family is convinced they know who did it.*[4]

Defendants' articles included the following statements regarding Plaintiffs' former lawsuit:

> "They had been involved in another contentious lawsuit in Austin, after they'd invested hundreds of thousands of dollars in a real estate deal that turned out to be a Ponzi scheme. They had to sell their $1 million house, and they moved to an apartment in Dallas. They'd spent nearly $2.3 million fighting the case and still owed about $400,000 in legal fees." [5]

HB represented Plaintiffs in the "contentious lawsuit" that was a subject in Defendants' articles and of the legal fees Plaintiffs incurred in the case, $14,208.54 was paid to HB

---

[2] Ex. D. Vodicka Decl. at ¶ 5 and Ex. E. Aubrey Decl. at ¶ 5.

[3] *See* Defendants' Motion to Dismiss, Earnshaw Decl. Tab 1, Doc. 56-2 at pp. 13-51.

[4] *See* Defendants' Motion to Dismiss, Earnshaw Decl. Tab 1, Doc. 56-2 at pp. 6-12.

[5] *See* Defendants' Motion to Dismiss, Earnshaw Decl. Tab 1, Doc. 56-2 at p. 25.

for their representation.  Defendants' choice to make Plaintiffs' former lawsuit a subject

thereby made it a substantially related matter.

On July 17, 2018, Defendants' local counsel, Dana McElroy, sent an email to

Plaintiffs introducing herself and stating: "Haynes and Boone would be serving as

primary counsel in this matter."  *See* email attached as **Exhibit C**.[6]

On July 25, 2018, Plaintiffs responded to Ms. McElroy's email, stating:

"As a courtesy, we wanted to make you aware that our opposition to your appearance
on behalf of Haynes and Boone is based, in part, on Haynes and Boone's conflict in
their representation of D Magazine Partners, L.P. f/k/a Magazine Partners, L.P., Allison
Media, Inc. and Jamie Thompson as we had previously retained Haynes and Boone as
our counsel. Their client conflicts check should have revealed this conflict and we
expressly do not waive any such conflict."

Ms. McElroy responded the following day, stating: "Ok... thank you for the follow up.  I

will pass this along."   *Id.* Exhibit C.

HB's representation of Defendants in this matter constitutes a conflict of interest;

therefore, disqualification of HB is warranted and necessary.

In *State Farm Mut. Auto. Ins. Co. v. KAW*, 575 So. 2d 630 (1991), the Supreme

Court of Florida found the ethical principle at issue is an attorney's duty to maintain the

confidences of his client. That principle is embodied in two rules of professional

conduct. Rule Regulating The Florida Bar 4-1.6(a) provides that "[a] lawyer shall not

reveal information relating to representation of a client ... unless the client consents after

disclosure to the client." The duty of confidentiality continues after termination of the

attorney-client relationship. *See* Comment to rule 4-1.6.  Rule Regulating The Florida

Bar 4-1.9 provides:

---

[6] Ex. D. Vodicka Decl. at ¶ 7 and Ex. E. Aubrey Decl. at ¶ 7.

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of  the former client unless the former client consents after consultation; or

(b) Use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.

The purpose of the requirement that an attorney maintain client confidences is twofold. It advances the interests of the client by encouraging a free flow of information and the development of trust essential to an attorney-client relationship. *Developments in the Law: Conflicts of Interest in the Legal Profession,* 94 Harv.L.Rev. 1244, 1316 (1981). However, it also serves a second purpose fundamental to a fair adversary system. Our legal system cannot function fairly or effectively if an attorney has an informational advantage in the form of confidences gained during a former representation of his client's current opponent. *Id.* at 1315-16; *United States v. Ostrer,* 597 F.2d 337, 340 (2d Cir.1979); *Ford v. Piper Aircraft Corp.,* 436 So.2d at 307-08 (purpose of trial court is to afford parties an impartial forum; trial court may decide that disqualification is mandated because one party has an unfair advantage over the other).

We next address the issue of the appropriate standard to apply to determine whether the Schlesinger firm should be disqualified. In conflict-of-interest cases such as this arising under the former Code of Professional Responsibility, one seeking to disqualify opposing counsel was required to show that (1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client. *Ford v. Piper Aircraft Corp.,* 436 So.2d at 305; *Sears, Roebuck & Co. v. Stansbury,* 374 So.2d at 1051. This standard was based on the Code of Professional Responsibility, Canon 4, which provided that an attorney should preserve the confidences and secrets of a client. *Id.* at 1053.

In *Junger Utility & Paving Co. v. Myers,* 14 F.L.W. 2650 (Fla. 1st DCA, Nov. 15, 1989), the court applied the same standard to a question of disqualification arising under the new Rules of Professional Conduct. Like the *Junger* court, we do not believe that a different standard now applies because the specific admonition to avoid the appearance of impropriety does not appear in the Rules of Professional Conduct. *See also Brent v. Smathers,* 529 So.2d 1267 (Fla. 3d DCA 1988) (disqualification required under current Rules of Professional Conduct to avoid appearance of impropriety). The Rules of Professional Conduct requiring confidentiality serve the same purposes as the confidentiality

requirements of the Code of Professional Responsibility. 634*634 Similarly, the need for the irrefutable presumption continues to exist, just as under the former code. The presumption acknowledges the difficulty of proving that confidential information useful to the attorney's current client was given to the attorney. It also protects the client by not requiring disclosure of confidences previously given to the attorney. *See Government of India v. Cook Indus., Inc.,* 422 F. Supp. 1057, 1060 (S.D.N.Y. 1976) (if two actions are substantially related, court will not require proof that attorney had access to confidential information, nor give weight to attorney's assertion that he had no access to and did not possess confidential information), *aff'd,* 569 F.2d 737 (2d Cir.1978).

Two noteworthy cases which have been decided subsequent to the Supreme Courts opinion in *State Farm* as of this writing and reference that decision, both of which were decided by the First District Court of Appeal, *Lee v. Florida Department of Insurance and Treasurer,* 586 So. 2d 1185 (Fla. 1st DCA 1991) and *Kenn Air Corp. v. Gainesville-Alachua County Regional Airport Authority,* 593 So, 2d 1219 (Fla, 1st DCA 1992).   These decisions reflect the spirit of *State Farm* in resolution of the disqualification issue present in those cases.

In *State Farm,* the Supreme Court flatly rejected the Fourth District's analysis that disqualification was inappropriate because there had been no showing of *actual* prejudice, which had been, or would be, caused by the representation. Here, D Magazine demonstrates actual prejudice by publishing a detailed statement regarding a matter in which HB represented Plaintiffs.

A simple conflicts check would be standard protocol for a big firm such as HB and would have revealed and prevented this conflict.  Rule 4-1.9 clearly prohibits HB's representation of Defendants because an attorney-client relationship was formed between Plaintiffs and HB creating a genuine threat that confidences revealed by Plaintiffs to HB would be divulged to Defendants, and they have been.

Plaintiffs and HB formed an attorney-client relationship, HB's representation of Defendants in this matter is adverse to Plaintiffs, and Plaintiffs did not, and do not, consent to the representation. HB cannot then, without violating Rule 4-1.9 of the FLORIDA RULES OF PROFESSIONAL CONDUCT, represent Defendants in this matter.   HB must therefore be disqualified from its representation of Defendants.

## CERTIFICATE OF CONFERENCE

Plaintiffs conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

Respectfully submitted,

By: _____
Steven Aubrey, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
Telephone: (512) 666-8004
defamationperse@gmail.com

By: _____
Brian Vodicka, Pro Se
2601 NW 3rd Ave
Wilton Manors, FL 33311
Telephone: (954) 716-9375
defamationperse@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on August17, 2018, the undersigned has served the foregoing by USPS regular mail, Email, or through the CM/ECF docketing system. Therefore, the undersigned upon information and belief certifies that all counsel or parties of record will receive a copy of these papers.

Steven Aubrey

Brian Vodicka

## SERVICE LIST

**_Via CM/ECF Notice:_**
Dana J. McElroy
THOMAS & LoCICERO PL
915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
Jason P. Bloom
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
COUNSEL FOR DEFENDANTS:
D MAGAZINE PARTNERS, L.P. f/k/a
MAGAZINE LIMITED PARTNERS, L.P.,
ALLISON MEDIA, INC.
JAMIE L. THOMPSON

***Via CM/ECF Notice:***
Dana J. McElroy
THOMAS & LOCICERO PL
915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
Peter L. Harlan
DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207
**COUNSEL FOR DEFENDANTS:**
**DALLAS COUNTY, TEXAS**
**DALLAS COUNTY SHERIFF'S DEPARTMENT**
**MELINDA CHRISTINE URBINA**


***Via CM/ECF Notice:***
Eric P. Hockman
WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
**LOCAL COUNSEL FOR DEFENDANTS:**
**CITY OF DALLAS**
**DALLAS POLICE DEPARTMENT**
**SCOTT ROBERT SAYERS**
**ROBERT L. ERMATINGER, JR**


***Via CM/ECF Notice:***
Tierman Cole
OFFICE OF ATTORNEY GENERAL OF FLORIDA
110 SE 6th St., Fl 10
Fort Lauderdale, FL. 33301-5001
Demetri Anastasiadis
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711
**COUNSEL FOR DEFENDANT:**
**ERIC VAUGHN MOYE**


***Via Email: steve.schoettmer1@gmail.com***
Stephen Charles Schoettmer
4305 W Lovers Ln
Dallas, TX 75209-2803
**DEFENDANT PRO SE**

# Exhibit  A

*haynesboone*

April 23, 2013                    **PRIVILEGED AND CONFIDENTIAL**

Brian Vodicka
Steven Aubrey
1311 Spyglass Dr
Austin  TX 78746

     **Re:   Limited engagement for Brian Vodicka and Steven Aubry (collectively, "You" or "Vodicka and Aubrey")**

Dear Messrs. Vodicka and Aubrey:

     I understand that You intend to file an Amended Complaint in a currently pending action against North American Title Company *et al.* in the United States District Court for the Western District of Texas.  The dispute between You and North American Title Company *et al.* that is the subject of the Complaint will hereinafter be called the "Dispute."

     On behalf of the firm of Haynes and Boone, LLP (the "Firm"), based on our telephone conversations, we understand that You wish to engage us to assist in evaluating your draft Amended Complaint.  We look forward to this limited engagement and are confident that you will be pleased with the quality of our work and our responsiveness to your needs.

     The purpose of this engagement letter is to confirm the terms on which the Firm will undertake to represent You.

     **1.**     **Client Relationship**

     The Firm is being retained by You in a limited role in connection with the Dispute.  Our representation pursuant to this letter does not include the representation of any entity or any other individual or with respect to any other matter.  As a result, our representation in this matter does not give rise to any attorney-client relationship between the Firm's attorneys and any of Your affiliates or co-Plaintiffs.  Accordingly, in most instances, our representation of You in this matter will not give rise to any conflict of interest if other clients of the firm are or become adverse to any of Your affiliates or co-Plaintiffs.

     **2.**     **Scope of Representation**

     We will provide legal services in connection with the Dispute.  We understand that You want to retain us only to assist You in evaluating the Amended Complaint You intend to file, so that You can decide how to proceed.  In the event that You decide to engage the Firm on a broader basis, we will discuss the terms under which the engagement will continue.

Haynes and Boone, LLP
Attorneys and Counselors
600 Congress Ave., Suite 1300
Austin, Texas 78701-3285
Phone: 512.867.8400
Fax: 512.867.8470
www.haynesboone.com

*haynesboone*

Brian Vodicka
Steven Aubrey
April 23, 2013
Page 2

### 3.    Staffing

I will be the primary contact at the Firm for this representation and will be available to discuss any aspect of our representation with you.  I may involve additional attorneys or support staff, as needed.

### 4.    Fee Arrangements

Experience has shown that our relationship will be better if we begin with a clear understanding about our fees and the timing of their payment.  You have agreed to pay us for the professional services that we render pursuant to the terms of this engagement letter and to reimburse us for the costs and expenses that we incur or pay on their behalf and charge to your account.  Payment of our fees and costs is not contingent on the ultimate outcome of this engagement.

It is our normal practice to charge our clients for services rendered on the basis of the total hours worked and You have agreed to pay us on that basis.   To reflect changes in market demand for services and individual experience levels, the rates are adjusted typically at the start of the fourth quarter each year.  Presently, my rate is $535 per hour. The hourly rates for our attorneys currently range from $280 to $990.

Each month, in which any fees or expenses have been incurred, we will send you an invoice statement requesting that payment be made, which amount you agree to pay within 30 days after the date of the invoice.  Each invoice will reflect fees charged on the basis of our hourly rates in connection with the Dispute.

It is our usual practice to require a fee retainer before we commence work for a client. For this engagement, we have agreed to assist in an evaluation of the Amended Complaint for a $2,500 retainer.  In the event that You wish to engage the Firm for additional services post-dating the filing of the Amended Complaint, we have agreed that we will negotiate an additional retainer should the need for further work arise.

### 5.    Costs and Expenses

Our invoices also will include charges for services and expenses customarily invoiced by law firms, in addition to fees for legal services performed in connection with the Dispute. Should this case go beyond this state, these may include travel expenses, including mileage, parking, airfare, lodging, meals and ground transportation.  Further, our invoices may include charges for items and services such as computerized legal research, long distance telephone, faxes, copying, document or image productions and other non-overhead expenses incurred for your benefit. Except for specialized word processing services, we normally do not make a separate charge for secretaries' work unless there is a situation that requires overtime work.

**haynes***boone*

Brian Vodicka
Steven Aubrey
April 23, 2013
Page 3

The fees and services of third parties incurred in connection with our representation of You, if any, such as printers, experts, messenger and delivery services, process servers, court reporters, witness fees, and filing services, also will be charged to you. For any substantial expenses, You agree that You will pay the fees and expenses directly, and authorize us to make arrangements to have such third parties bill you directly. Our Firm will pay more minor expenses and bill you those for out-of-pocket expenditures made on Your behalf.

**6.      Multiple Representations; Responsibility for Payments**

You have advised us that You have agreed to be responsible for payment of our fees and expenses attributable to Your common representation a joint and several basis. Our invoices to You will be prepared on that basis, and you agree to pay us on that basis, which you acknowledge is reasonable under the circumstances. The failure of either one of You to honor the terms of this letter may provide good cause for the Firm to withdraw from the representation of any one or both of You.

**7.      Responses to Auditor Inquiries**

We are frequently asked to provide information to auditing firms regarding legal matters in which we are representing our clients. It is our practice to respond to those inquiries with the same level of care and professionalism that we use to handle Your legal work. The legal fees associated with this work may be billed to you separately or be included with one of the matters on which we are working.

**8.      Discharge and Withdrawal**

You will have the right at any time to terminate the Firm's representation by delivering written notice of termination to us. The Firm will have the right to withdraw from its representation of You at any time with their consent, or for good cause without Your consent. For example, if You do not honor the terms of this letter (including their or a third-party payor's failure to pay), or if You fail or refuse to cooperate with us or to follow our advice on a material matter, or if we become aware of any fact or circumstance that would, in our view, render our continuing representation of You ineffective, unlawful or unethical, then we will have good cause to withdraw.

If You discharge us or we elect to withdraw, then You will take all steps necessary to free us of any obligation to perform, including by executing any documents necessary to complete the termination of the representation, and we will take all steps that, in our view, are reasonably practicable to protect their interests. If a discharge or withdrawal occurs, then You will pay us for all costs and expenses paid or incurred by us on Your behalf, and You will pay us a reasonable fee for the professional services that we have rendered to You to the date of

*haynesboone*

Brian Vodicka
Steven Aubrey
April 23, 2013
Page 4

termination, or in connection with an orderly transition, and for which we previously have not been paid.

Unless previously terminated, our representation of You with respect to any matters for which we have been engaged will terminate when we send You our final statement for services rendered. In the course of our representation of You, we likely will come into possession of copies or originals of documents or other materials belonging to you or others (collectively, "materials"). When the particular matter to which those materials relate has been concluded, we will make arrangements either to return the documents to You, retain them in our storage facilities, or to dispose of the materials. Absent any other arrangements made with You, on the expiration of five years after a matter file has been closed, all materials in the file may be destroyed. We may retain our own files, including lawyer work product, pertaining to the representation.

### 9.      Consent to Joint Representation of Multiple Clients in One Matter.

#### Potential Conflicts of Interest

You have asked us to represent Brian Vodicka and Steven Aubry in connection with the Disputer. We have been advised that there currently are no conflicts between and/or among you in connection with this representation, and we have relied on those assurances. You understand, however, that when we undertake to represent multiple clients in connection with a single matter (such as in this case) it is possible that a conflict between the clients may arise at a later time or that additional facts may come to our or your attention that indicate that a conflict exists. Your execution of this letter indicates that You understand that your interests may conflict with those of the other jointly-represented clients, but that because of the current confluence of your interests, You are retaining the Firm to represent all of the joint clients rather than select separate counsel. Despite this waiver, you have the right at any time to withdraw from the joint representation, and obtain your own counsel.

#### Future Conflicts Among Joint Clients: Agreement to Continue Representing Selected Joint Clients.

If a conflict develops between you and any other joint client in the future, or if you opt out of the joint representation for any reason, then you agree that the Firm may continue to represent the other joint clients.

#### Future Conflicts Among Joint Clients: Agreement to Withdraw from Representing All.

If, in the course of our representation, we become aware of any issue where, in our opinion, the interests of the joint clients differ, then we will ask you to attempt to resolve your

haynes*boone*

Brian Vodicka
Steven Aubrey
April 23, 2013
Page 5

differences among yourselves, without our assistance. If you cannot resolve your differences, then we will not be able to represent any one of you on that issue. If the differences are serious enough, then we may be required to withdraw from the matter completely.

### Confidentiality of Information

You understand that, by consenting to this joint representation, you intend that all confidential communications made to us are and shall remain confidential as to parties outside this joint representation. You agree to protect from disclosure to outside parties any and all privileged and confidential information exchanged during the course of this representation. While communications designed to further the common representation should remain privileged as to outsiders, please note that communications made to us will not be privileged as to any other jointly-represented party. In other words, if we receive information from or about one of you that is relevant to the subject of our representation, then we may share that information with the others who are jointly represented. To the extent that we withdraw from our representation of you in the future, or you elect to obtain separate counsel, then any and all privileged and confidential information exchanged during the joint representation will not be disclosed by you and will remain confidential.

### 10.    Entire Agreement

This letter constitutes the entire agreement between You and the Firm regarding Your engagement of the Firm to represent you with respect to the Dispute, and is subject to no oral agreements or understandings. No obligation or undertaking that is not set forth expressly in this letter shall be implied on the part of either You or the Firm. The foregoing notwithstanding, absent explicit agreement entered into between You and the Firm with respect to matters other than the Dispute, the terms and conditions of this letter will apply to all subsequent engagements of the Firm by You, and those terms and conditions shall govern any such engagement until a subsequent engagement or letter is agreed upon.

### 9.    Conclusion

We are pleased to have this opportunity to represent You. If You have any questions about any aspect of our engagement or our invoices at any time, please feel free to raise those questions. It is very important that we proceed on a clear and satisfactory basis in our work for You. We are open to discussing all of these matters, including the amount of our invoices, and we encourage You to be frank about them.

**haynes**boone

Brian Vodicka
Steven Aubrey
April 23, 2013
Page 6

If this letter correctly reflects your understanding of the limited scope, terms, and conditions of our representation of You with respect to the Dispute, please indicate Your acceptance by executing the enclosed copy of this letter in the space provided below and return it to the attention of the undersigned at our office address set forth on the first page of this letter. By executing this letter, You will be acknowledging that You have read this letter and understands its terms.

Sincerely,

Leslie C. Thorne
Direct Phone:    512.867.8445
Direct Fax:      512.867.8615
leslie.thorne@haynesboone.com

Accepted and agreed this 23rd day of ___April___, 2013:


By: _____
       Brian Vodicka

By: _____
       Steven Aubrey


cc:    Client Accounting

A-278971_1.doc

# Exhibit  B

# haynes*boone*

Invoice Number: 21053429
Client/Matter Number: 0050494.00001
January 07, 2014

SB Aubrey
1311 Spyglass Drive
Austin, TX  78746

Tax Identification No. 75-1312888

**Billing Attorney: Leslie C. Thorne**

*For Professional Services Through December 31, 2013*

**0050494.00001**
**Federal lawsuit**

---

## Professional Fees

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 12/02/13 | Leslie C. Thorne | ██████████████████████ | ██ |
| 12/06/13 | Leslie C. Thorne | ████████████████████████████ | ██ |
| 12/09/13 | Leslie C. Thorne | ██████████████████████████████ | ██ |
| 12/17/13 | Leslie C. Thorne | ██████████████████████████████ | ██ |
| 12/18/13 | Leslie C. Thorne | ██████████████████████████████ | ██ |

**Chargeable Hours** ██

**Total Fees** ██████

Exhibit  C

 Gmail

**Vodicka & Aubrey <defamationperse@gmail.com>**

## Re: Aubrey and Vodicka v. D. Magazine, et al./Motions for Pro Hac Vice Admission
1 message

**Dana J. McElroy** <DMcElroy@tlolawfirm.com>
To: Vodicka & Aubrey <defamationperse@gmail.com>

Thu, Jul 26, 2018 at 9:42 AM

Ok... thank you for the follow up.  I will pass this along.

Dana McElroy

On Jul 25, 2018, at 5:28 PM, Vodicka & Aubrey <defamationperse@gmail.com> wrote:

Dear Mr. McElroy:

As a courtesy, we wanted to make you aware that our opposition to your appearance on behalf of Haynes and Boone is based, in part, on Haynes and Boone's conflict in their representation of D Magazine Partners, L.P. f/k/a Magazine Partners, L.P., Allison Media, Inc. and Jamie Thompson as we had previously retained Haynes and Boone as our counsel. Their client conflicts check should have revealed this conflict and we expressly do not waive any such conflict.

Thank you,

Steve Aubrey and Brian Vodicka

On Tue, Jul 17, 2018 at 12:25 PM, Dana J. McElroy <DMcElroy@tlolawfirm.com> wrote:

Dear Mr. Aubrey and Mr. Vodicka:

This firm has been engaged as local counsel in the above case on behalf of defendants D Magazine Partners, L.P. f/k/a Magazine Partners, L.P., Allison Media, Inc. and Janie Thompson.  We will shortly be filing Motions to Appear Pro Hac Vice on behalf of attorneys Thomas J. Williams, Jason P. Bloom and Stephanie Sivinski, all with the law firm of Haynes and Boone (located in Dallas, Texas).   Haynes and Boone will be serving as primary counsel in this matter.

Exhibit  D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVEN BENTON AUBREY, and          §
BRIAN EDWARD VODICKA,               §
                                    §
        *Plaintiffs,*               §
v.                                  §          CASE NO: 0:18-CV-61117-BB
                                    §
D MAGAZINE PARTNERS, L.P. et al.,   §
                                    §
        *Defendants.*               §

## DECLARATION OF BRIAN E. VODICKA

1.      My name is Brian E. Vodicka.   I am more than 21 years old and I have never
        been convicted of a felony or crime of moral turpitude.  I am fully competent to
        make this declaration and all of the facts set forth herein are based on my
        personal knowledge and are true and correct.

2.      I have been a resident and citizen of the State of Florida since November 15,
        2016.

3.      On April 23, 2013, I retained Haynes and Boone, LLP to represent me in the
        same action that is described in D Magazine's online and print publications,
        represented at Tab 1 to the Declaration of Thomas Earnshaw, Doc. 65-2 at p.
        25.

4.      Exhibit A to this motion is a true and correct copy of the agreement and terms
        regarding Haynes and Boone, LLP's representation of me.

5.     In furtherance of Haynes and Boone, LLP's representation of me, I recognize the January 7, 2014 Invoice No. 20153429, attached as Exhibit B to this motion, is a true and correct copy of an invoice Steve Aubrey and I received and paid.

6.     My records indicate Haynes and Boone, LLP was paid approximately $14,208.54 in their representation of me.

7.     Exhibit C, attached to this motion, is a true and correct copy of and email exchange between Dana McElroy, Steven Aubrey and myself.  The email alerted Haynes and Boone, LLP's local representative about the conflict of interest.

8.     I have never consented to or waived Haynes and Boone, LLP's conflict of interest.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed in Broward County, State of Florida, on the 17ᵗʰ day of September 2018.

Brian E. Vodicka

2

# Exhibit  E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

STEVEN BENTON AUBREY, and          §
BRIAN EDWARD VODICKA,              §
                                   §
    *Plaintiffs,*              §
v.                                 §          CASE NO: 0:18-CV-61117-BB
                                   §
D MAGAZINE PARTNERS, L.P. et al.,  §
                                   §
    *Defendants.*             §

## DECLARATION OF STEVEN AUBREY

1.  My name is Steven Aubrey.   I am more than 21 years old and I have never been convicted of a felony or crime of moral turpitude.  I am fully competent to make this declaration and all of the facts set forth herein are based on my personal knowledge and are true and correct.

2.  I have been a resident and citizen of the State of Florida since November 15, 2016.

3.  On April 23, 2013, I retained Haynes and Boone, LLP to represent me in the same action that is described in D Magazine's online and print publications, represented at Tab 1 to the Declaration of Thomas Earnshaw, Doc. 65-2 at p. 25.

4.  Exhibit A to this motion is a true and correct copy of the agreement and terms regarding Haynes and Boone, LLP's representation of me.

3

5.　　　In furtherance of Haynes and Boone, LLP's representation of me, I recognize the January 7, 2014 Invoice No. 20153429, attached as Exhibit B to this motion, is a true and correct copy of an invoice Brian Vodicka and I received and paid.

6.　　　My records indicate Haynes and Boone, LLP was paid approximately $14,208.54 in their representation of me.

7.　　　Exhibit C, attached to this motion, is a true and correct copy of and email exchange between Dana McElroy, Steven Aubrey and myself.  The email alerted Haynes and Boone, LLP's local representative about the conflict of interest.

8.　　　I have never consented to or waived Haynes and Boone, LLP's conflict of interest.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed in Broward County, State of Florida, on the __17th__ day of September 2018.

Steven Aubrey

4