## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| STEVEN BENTON AUBREY and<br>BRIAN EDWARD VODICKA,<br><br>        Plaintiffs,<br><br>        v.<br><br>D MAGAZINE PARTNERS, L.P.<br>d/b/a D MAGAZINE, MAGAZINE<br>LIMITED PARTNERS, L.P.,<br>ALLISON MEDIA, INC.,<br>JAMIE L. THOMPSON,<br>ROBERT L. ERMATINGER, JR.,<br>SCOTT ROBERT SAYERS,<br>STEPHEN CHARLES SCHOETTMER,<br>ERIC VAUGHN MOYE,<br>DALLAS POLICE DEPARTMENT,<br>CITY OF DALLAS,<br>MELINDA CHRISTINE URBINA,<br>DALLAS COUNTY SHERIFF'S DEPT.,<br>DALLAS COUNTY, TEXAS, and<br>DOES 1-10,<br>all of whose true names are unknown<br><br>        Defendants. | Case No. 18-cv-61117-BLOOM-VALLE |

### DALLAS COUNTY DEFENDANTS' REPLY IN SUPPORT
### OF MOTION TO DISMISS AND INCORPORATED
### MEMORANDUM OF LAW

| | |
|---|---|
| **Dana J. McElroy**<br>**dmcelroy@tlolawfirm.com**<br>**Thomas & LoCicero PL**<br>Florida Bar No.: 845906<br>915 Middle River Dr., Suite 309<br>Ft. Lauderdale, FL 33304<br>(954) 703-3416 (Telephone)<br>(954) 400-5415 (Facsimile)<br><br>**ATTORNEYS FOR DEFENDANTS**<br>**Dallas County, Texas; Dallas County Sheriff's**<br>**Sheriff's Dept.; and Melinda Christine Urbina** | **Peter L. Harlan**<br>Assistant District Attorney<br>**pharlan@dallascounty.org**<br>Dallas County District Attorney's Office<br>Texas Bar No.: 09011300<br>133 N. Riverfront Blvd., LB 19<br>Dallas, Texas 75207-4399<br>(214) 653-3691 (Telephone)<br>(214) 653-2899 (Facsimile)<br><br>**ATTORNEY FOR DEFENDANTS**<br>**Dallas County, Texas; Dallas County**<br>**Dept.; and Melinda Christine Urbina** |

## **REPLY**

Defendants Dallas County, Texas ("Dallas County"), Dallas County Sheriff's Department ("DCSD"), and Melinda Christine Urbina ("Urbina") -- collectively "Dallas County Defendants" or "Defendants" -- hereby file this reply memorandum of law in further support of their motion to dismiss, ECF No. [54], and say:

### *Introduction*

The gist of Plaintiffs' 90-page complaint is that while they were living in Texas, they were allegedly the targets of a smear campaign and police misconduct by the Texas government, Texas judicial system, and Texas media. ECF No. [1]. In their motion to dismiss, the Dallas County Defendants explained the many reasons why dismissal is required -- namely, that this Court lacks personal jurisdiction over the Defendants, venue is improper under the controlling statute, and *none* of the stated claims assert a valid cause of action against them. ECF No. [54]. Accompanying that motion were two declarations that provided the underlying factual support for all jurisdictional and venue arguments raised in the motion to dismiss. ECF Nos. [54-2], [54-3].

In opposition, Plaintiffs have filed a response with a supporting affidavit from each of them. ECF No. [82] at 17, 23. Stripped to its basics, the response raises two -- and only two -- essential arguments to support personal jurisdiction and venue here in Florida. And they are repeated over and over on virtually every page of their response. Those two arguments are:

> ➢ *Plaintiffs' Belief that They Cannot Receive Fair Trial in Texas*.

Throughout their response, Plaintiffs contend that they cannot receive a fair trial in Texas, so this Texas dispute must be litigated here in Florida. *See, e.g.*, ECF No. [82] at 8, 9, 12. But Plaintiffs have not cited any authority -- nor is any authority known -- holding that such a

1

mere belief would somehow confer personal jurisdiction over these Texas residents or establish proper venue in this Florida court.  The specific issues here are whether there is sufficient *evidence* to support this Court's exercise of personal jurisdiction under the long-arm statute and principles of due process and whether Plaintiffs have shown compliance with the venue statute.  Speculation about how another court in another state might handle this case has no relevance to either issue.  Plaintiffs' first argument therefore fails.

> ➢ *Phantom Telephone Call*.  Plaintiff's other argument is that when they moved to Florida in late 2016 (after everything had already transpired in Texas), "the sheriff cops called the Broward County sheriff's department ensuring Plaintiffs would be harassed when they arrived in South Florida." *See, e.g.*, ECF No. [82] at 1-2.  This existence of this purported telephone call is then repeated throughout Plaintiffs' response as if it were an actual fact.  *Id.* at 1-2, 4-7, 10-11.  The problem, however, is that Plaintiffs have not provided any evidence to support that any such telephone call ever took place, nor do their affidavits even mention any such call.  And even in their legal argument, they are utterly vague and non-specific about the details of this phantom telephone call -- with the alleged participants being "[o]ne or two or three of the John Does in this suit" and the content of the alleged conversation being "unknown."  *Id.* at 5, 7.  Plaintiffs acknowledge that this alleged "contact" is based only on "information and belief."  *Id.* at 5.  Accordingly, Plaintiffs' second argument similarly is without merit.

As discussed fully below, where (as here) a defendant files a declaration or affidavit refuting the existence of personal jurisdiction, the burden then shifts back to the plaintiff to bring forward evidence that factually substantiates the existence of personal jurisdiction.  Plaintiffs have failed to do so here.  Moreover, it is the duty of Plaintiffs in the first instance to show that venue is proper in this jurisdiction, and they have failed in that burden as well.  And finally,

Plaintiffs have not responded to the many substantive arguments in the motion to dismiss that require dismissal of all federal and state claims asserted against these Defendants. As such, Plaintiffs are deemed to have conceded all such arguments by operation of law. These points are discussed in more detail below.

## *Argument*

## I

### *Dismissal is Required Because Plaintiffs Have Failed in Their Evidentiary Burden to Justify Personal Jurisdiction*

In support of their motion to dismiss, the Dallas County Defendants submitted two detailed declarations -- one from Defendant Urbina and the other from an authorized employee of Dallas County. As those declarations make clear, all alleged conduct of these Defendants occurred in Texas rather than Florida, and these Defendants have no connection with the State of Florida that could fall within the scope of Florida's long-arm statute or within the permissible bounds of due process. Indeed, in those declarations each Defendant expressly denied engaging in *any* of the enumerated acts in Fla. Stat. § 48.193(1)(a) that would subject them to personal jurisdiction here. ECF No. [54-2] at ¶¶ 16-21; ECF No. [54-3] at ¶¶ 15-20.

Moreover, the declarations further establish that *none* of the three requirements to satisfy due process exists here. The "arise out of or relate to" requirement is missing because Defendants had no contacts with Florida in the context of this dispute. ECF No. [54-2] at ¶¶ 4, 12, 15-20; ECF No. [54-3] at ¶¶ 10, 15-20. The "purposeful availment" requirement is missing because Defendants conducted *no* activities within this state and thus did not "purposefully avail" themselves of any privilege or benefit of Florida law. ECF No. [54-2] ¶¶ 4, 12, 15-20; ECF No. [54-3] ¶¶ 10, 15-20. And the "fair play and substantial justice" requirement is missing because every alleged event at issue relating to these Defendants occurred in Texas while

3

Plaintiffs were living there.

In their response, Plaintiffs have not disputed the contents of those declarations. Rather, throughout their response addressing the jurisdictional challenge, Plaintiffs continually rely on the phantom telephone call between Texas and Florida law enforcement (described above) and urge that they were injured in Florida as a result. But as noted, no evidence exists that any such telephone call ever took place, nor do Plaintiffs' affidavits even mention the call. And as noted, even Plaintiffs' own description of that alleged call in their legal memorandum is vague and non-specific based merely on "information and belief." At a minimum, Plaintiffs have failed in their evidentiary burden to substantiate personal jurisdiction in this Court.[1]

As this Court stated in *Honus Wagner Co. v. Luminary Grp. LLC*, No. 17-cv-61317-Bloom/Valle, 2017 WL 6547899, at *6 (S.D. Fla. Dec. 21, 2017): "[i]f a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, *the plaintiff then bears the burden of producing evidence supporting jurisdiction*." *Id.* at *6 (emphasis added). Because Plaintiffs have failed in satisfying that burden here, dismissal is appropriate. *See, e.g.*, *La Tele Prods., Inc. v. TV Azteca*, No. 16-25347-CIV-Moreno, 2018 WL 4623532, at *6 (S.D. Fla. Sep. 25, 2018) (dismissing case for lack of personal jurisdiction based on plaintiff's failure to produce evidence to counter defendants' declarations as to long-arm jurisdiction; further noting that due process was not satisfied either because plaintiff failed to establish that defendants "purposely availed themselves of the benefits and protections of Florida law"); *Smith*

---

[1] In their long-arm argument, Plaintiffs have materially misquoted this Court's decision in *Honus*. On page 6, they quote a passage from *Honus* that cites to and quotes from *Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000). Contrary to the quote that Plaintiffs recite on page 6, this Court's actual quote from *Nida* is that "[i]njury from trademark infringement occurs in the state where the trademark owner resides." *Honus*, at *8. That is a legal principle unique to trademark infringement, and there is no such claim asserted against these Defendants in this case.

4

*v. Teva Pharm. USA, Inc.*, No. 17-61058-CIV-Gayles, 2018 WL 550252, at *3 (S.D. Fla. Jan. 24, 2018) (dismissing case for lack of personal jurisdiction where plaintiff failed in her burden to rebut defendant's jurisdictional declarations); *S.A.S.B. Corp. v. Concordia Pharma., Inc.*, No. 16-14108-CIV-Marra, 2017 WL 7796305, at *3 (S.D. Fla. Dec. 4, 2017) (dismissing case for lack of personal jurisdiction under long-arm statute where plaintiffs failed to rebut defendant's declarations and failed to substantiate their own jurisdictional allegations).

Plaintiffs' failure to counter the Dallas County Defendants' evidence is a sufficient basis to reject their jurisdictional arguments and grant the requested dismissal. Plaintiffs' arguments additionally are flawed in significant respects, including:

- ➢ On page 7 of their response, Plaintiffs assert that these Defendants "aimed their intentional tort at Plaintiffs, who lived in Florida and were injured in Florida." ECF No. [82] at 7. This is simply not true because under Plaintiffs' own allegations in the complaint establish that they did not live in Florida when the alleged misconduct occurred. As alleged, Urbina made her statements to the press and the police arrested Plaintiffs in May 2016 -- which was six months *before* Plaintiffs allegedly moved from Texas to Florida. ECF No. [1] ¶¶ 145, 189, 226.

- ➢ On page 9, Plaintiffs say that this case presents "an opportunity for this Florida Court to send a message to Texas that their continued harassment and influence in Florida is not welcome." ECF No. [82] at 9. First, as noted above, there is no *evidence* whatsoever tying these Defendants to any "continued harassment and influence in Florida." And second, Plaintiffs have cited no legal authority -- nor is any known -- to support their view that due process can be satisfied by having some alleged "opportunity… to send a message to" another state about an isolated case.

5

➢ On page 9, Plaintiffs complain that "jurisdiction in Texas would guarantee injustice and ineffective relief" because they allegedly "cannot afford the expense of travel, lodging and time away from work." ECF No. [82] at 9. Plaintiffs have cited no legal authority to support their view that personal jurisdiction over a defendant turns on what a plaintiff can afford.

➢ On page 9, Plaintiffs complain that the "main witnesses" are in Florida, such as "local police John Does; Broward County Sheriff deputy John Does; and Plaintiffs' neighbors." ECF No. [82] at 9. That is simply not true. In fact, it is inconceivable that *any* of those purported witnesses would have anything relevant to say about these Dallas County Defendants, whose alleged actions all occurred in Texas while Plaintiffs were living there. As such, all of the "main witnesses" would necessarily be in Texas.

Based on the foregoing, Plaintiffs have offered no sustainable basis for this Court to exercise personal jurisdiction over the Dallas County Defendants. All claims against them must therefore be dismissed.

II

*Dismissal is Required Because Plaintiffs Have Failed in Their Burden to Show Proper Venue In This Jurisdiction*

In the motion to dismiss, Defendants explained that there are only three options under the controlling statute (28 U.S.C. § 1391(b)) to establish proper venue here, and none of those three options exists. The first option fails because *all* Defendants reside in Texas, not Florida. ECF No. [1] ¶¶ 23-35; ECF No. [54-2] ¶ 3; ECF No. [54-3] ¶¶ 4-5. The second option fails because *all* of the alleged misconduct by these Defendants occurred solely in Texas in May of 2016,

which was six months before Plaintiffs allegedly moved from Texas to Florida.[2] *See, e.g.*, ECF No. [1] ¶¶ 145, 189, 226. And the third option fails because there is another venue in which this case may be brought: Texas.

In their response to venue, Plaintiffs again focus on the alleged call between Texas and Florida government officials. This is similarly insufficient because Plaintiffs have failed to show that any such alleged event actually occurred. As this very Court has previously ruled, "the *plaintiff* has the burden of showing that venue in the forum is proper." *See, e.g.*, *Crenshaw v. Specialized Loan Servicing, LLC*, No. 16-cv-81215-BLOOM, 2016 WL 4440511, at *1 (S.D. Fla. Aug. 23, 2016) (emphasis added). Having failed to satisfy that burden, Plaintiffs cannot legally pursue their claims against the Dallas County Defendants in this venue, and dismissal is required.

### III

### *All Claims against Dallas County Defendants Must be Dismissed Based On Plaintiffs' Concessions*

**A.**   *Dallas County Sheriff's Department Must Be Dismissed as a Party*

On page 12 of their response, Plaintiffs state that they "recognize[] that The Dallas County Sheriff's Department should be dismissed from this lawsuit as it is not a separate legal entity capable of being sued." ECF No. [82] at 12. Based on that express concession, this Court must dismiss that Defendant from this lawsuit.

**B.**   *Urbina Must Be Dismissed as a Party*

As this Court has repeatedly ruled, the failure to address an issue in any response

---

[2] On page 11 of their response, Plaintiffs rely on *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003), for the proposition that under this second prong, "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a substantial part of the events are to be considered." *See* ECF No. 82 at 11. That is precisely why venue is *not* proper here in Florida. After all, *every* event giving rise to the claims against these Defendants occurred in Texas.

memorandum is automatically deemed to be a concession on that issue. On that point, this Court has repeatedly recognized that:

> A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The Court will not do his research for him.

*Abramson v. 1 Glob. Capital, LLC*, No. 15-cv-61373-Bloom, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015) (citing *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) (Posner, J.)).

Other divisions within the Southern District have followed suit and applied this very same principle on a regular basis. *See, e.g.*, *Walker v. Branch Banking & Trust Co.,* 237 F. Supp. 3d 1326, 1334 n.3 (S.D. Fla. 2017) ("Plaintiffs do not dispute Defendant's argument that the Complaint fails to adequately plead actual damages … Accordingly, Plaintiffs' claims for these damages are dismissed"); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Tyco Integrated Sec., LLC*, No. 13-cv-80371-Bloom, 2015 WL 11251736, at *3 & n.1 (S.D. Fla. July 29, 2015) ("Plaintiff has elected not to address Defendant's argument . . . and has thereby conceded the point"); *Melendez v. Town of Bay Harbor Islands*, No. 14-cv-22383, 2014 WL 6682535, at *7 (S.D. Fla. Nov. 25, 2014) (conceding that punitive damages were not recoverable by failing to address argument in responsive brief); *Brady v. Medtronic, Inc.*, No. 13-cv-62199, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014) (conceding claims were subject to dismissal by failing to address defendant's argument in plaintiff's opposition to the motion to dismiss); *Slugocki v. U.S. By & Through Dep't of Labor, Office of Workers' Comp. Programs, Div. of Fed. Employees' Comp.*, 988 F. Supp. 1443, 1447 (S.D. Fla. 1997) ("[Plaintiff] appears to concede as much when he fails to address this argument anywhere in his Response brief.").

That well-established principle is directly applicable here. On pages 15-17 of the motion

8

to dismiss, ECF No. [54], the Dallas County Defendants specifically argued that Defendant Urbina must be dismissed as a party on the basis of qualified immunity, primarily because she was serving in her role as the official spokesperson for the Sheriff's Department when making her challenged statements to the press.  In their response, Plaintiffs have not presented any opposing argument on the issue of Urbina's qualified immunity.  As such, the issue is deemed to be conceded as a matter of law, and Urbina must be dismissed from this lawsuit on that basis.

C.     *All Claims against all Defendants Must Be Dismissed*

    1.     *Federal Claims*

On pages 10-17 of the motion to dismiss, ECF No. [54], the Dallas County Defendants explained in great detail why each and every federal claim asserted in this lawsuit is meritless and must be dismissed.  Their argument addressed all claims brought under 42 U.S.C. §§ 1981, 1983, 1985 and the Americans-with-Disabilities Act ("ADA"), plus the issue of qualified immunity mentioned above.  Plaintiffs have not addressed any of those arguments in their response.  *See generally* ECF No. [82].  Based on the extensive authority cited in the previous section, Plaintiffs are thereby deemed to have conceded all of these issues, and every federal claim asserted against the Dallas County Defendants in the complaint must be dismissed.

    2.     *State Claims*

On pages 17-20 of the motion to dismiss, ECF No. [54], these Defendants further explained why each of Plaintiffs' state-law claims is meritless and must be dismissed. Defendants' argument began with a choice-of-law analysis -- which turns on which state (Texas or Florida) has the "most significant relationship" to this dispute -- and concluded that Texas satisfies that test.  Defendants then explained why various provisions of the Texas Tort Claims Act ("TTCA"), including that state's doctrines of "governmental immunity" and "official

9

immunity," bar all of the state-law claims asserted in the complaint as a matter of law.

In their opposing memorandum, Plaintiffs do not address any of those arguments, but rather merely respond in their conclusion section by stating: "The state-law claims in this action are brought under Florida state law rendering Texas law irrelevant." ECF No. [82] at 12. This is entirely insufficient. In this circuit, courts are required to resolve choice-of-law issues through the "most significant relationship" test (as discussed on pages 17-18 of Defendants' motion to dismiss). Because Plaintiffs have not addressed that test -- nor have they responded to *any* arguments made in the motion to dismiss regarding their state-law claims -- all of those issues are deemed conceded, and dismissal of those claims should be a foregone conclusion.

## *Conclusion*

Defendants -- Dallas County, Texas; Dallas County Sheriff's Department; and Melinda Christine Urbina -- request that the Court dismiss all claims asserted against them in the complaint and enter such additional relief as the Court deems necessary and proper.

/s/ Dana J. McElroy
DANA J. MCELROY
dmcelroy@tlolawfirm.com
Florida Bar No.: 845906
Thomas & LoCicero PL
915 Middle River Dr., Suite 309
Ft. Lauderdale, FL 33304
(954) 703-3416 (Telephone)
(954) 400-5415 (Facsimile)

ATTORNEYS FOR DEFENDANTS
Dallas County, Texas; Dallas County Sheriff's Dept.; and Melinda Christine Urbina

/s/ Peter L. Harlan
PETER L. HARLAN
Assistant District Attorney
pharlan@dallascounty.org
Texas Bar No.: 09011300
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3691 (Telephone)
(214) 653-2899 (Facsimile)

ATTORNEY FOR DEFENDANTS
Dallas County, Texas; Dallas County Sheriff's Dept.; and Melinda Christine Urbina

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on **October 15, 2018** I electronically filed the foregoing document with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served on this date to all other counsel or pro se parties listed below, either via transmission of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

    Steven Benton Aubrey, Pro Se
    2601 NW 3rd Avenue
    Wilton Manors, FL  33311
    (512) 666-8004 (Telephone)
    defamationperse@gmail.com

    Brian Edward Vodicka
    2601 NW 3rd Avenue
    Wilton Manors, FL  33311
    (512) 666-8004 (Telephone)
    defamationperse@gmail.com

                                           /s/ Dana J. McElroy
                                           Attorney