UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 18-CV-61117-BLOOM-VALLE

STEVEN BENTON AUBREY and
BRIAN EDWARD VODICKA,

       Plaintiffs,

v.

D MAGAZINE PARTNERS, L.P. *et al.,*

       Defendants.
_____/

### CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants City of Dallas (the "City"),[1] Scott Sayers, and Robert Ermatinger (collectively, the "City Defendants"), hereby reply in support of their Motion to Dismiss (ECF No. 53).[2]

### INTRODUCTION

Plaintiffs' Responses provide no factual or legal basis for this Court to exercise personal jurisdiction over the City Defendants. The Responses also fail to undermine the City Defendants' arguments as to venue, forum non conveniens, or why Plaintiffs' counts should be dismissed for

---

[1] As Plaintiffs concede (ECF No. 83, at p. 8), the Dallas Police Department is not an independent entity subject to suit. The "City" includes the City of Dallas and the Dallas Police Department.

[2] Plaintiffs filed two responses to the City Defendants' Motion to Dismiss: a response purportedly directed to the City Defendants and to Ermatinger in his official capacity (ECF No. 83), and a response purportedly directed against Ermatinger in his individual capacity (ECF No. 81) (collectively, the "Reponses"). Both Responses are substantially the same, except that when it comes to responding to the City Defendants' 12(b)(6) arguments, one of the responses (ECF No. 83) addresses all of Plaintiffs counts, whereas the other response (ECF No. 81) addresses only counts I, XV, VI, and XXI. This Reply is directed to both Responses.

WEISS SEROTA HELFMAN COLE & BIERMAN P.L.

failure to state a claim. As a result, except where necessary, the City Defendants will rely upon the arguments stated in their Motion to Dismiss. Only a few of Plaintiffs' assertions and arguments in their Responses warrant a reply. They are addressed below.

## ARGUMENT

### 1. Plaintiffs' Jurisdictional Arguments.

Plaintiffs have failed to allege a basis for this Court to exercise personal jurisdiction over the City Defendants, and have failed to rebut the declarations of Ermatinger and Sayers. The Responses argue two bases for personal jurisdiction: allegedly defamatory statements published in D Magazine and alleged[3] phone calls made by the City or Ermatinger to law enforcement officials in Florida.[4] Neither of these arguments has any merit.

### A. The Allegedly Defamatory Statements Published in D Magazine.

The allegedly defamatory statements published in D Magazine cannot support personal jurisdiction over the City Defendants. While Ermatinger gave an interview to D Magazine, as he acknowledges in his declaration (ECF No. 53-1, ¶ 9), there is no allegation (or attachment to the Complaint) showing that any of the other City Defendants ever spoke to D Magazine (despite Plaintiffs' attempt to blend all of the City Defendants together in the Responses).[5] *See* ECF No.

---

[3] It should be noted that the Responses make assertions related to these purported phone calls, but that these phone calls are not alleged in the Complaint, and are therefore improperly asserted for the first time in Plaintiffs' responses.

[4] Plaintiffs focus solely on these two issues, despite the fact that the vast majority of their counts against the City Defendants stem from the alleged searches and seizures in Texas.

[5] The Responses broadly assert that the City "released" defamatory information that was published by D Magazine, but fail to identify the alleged information. Sayers' declaration states he never spoke to D Magazine, and Plaintiffs have failed to contest this statement in Sayers' declaration by a competing declaration or other competent proof—only *speculation* that Sayers might have spoken with D Magazine (ECF No. 81, at p. 15). *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (If the defendant sustains its burden to show the inapplicability of Florida's long-arm statute, "the plaintiff is required to substantiate the

53, at pp. 18–19. As to Ermatinger, the fact remains that Plaintiffs do not allege *he* published the allegedly defamatory statements in Florida. Rather, they allege he made allegedly defamatory statements to D Magazine (in Texas), which in turn published those statements online and in print.[6]

According to Eleventh Circuit precedent, providing information in another state to a magazine that allegedly distributes its publication in Florida does not bring a defendant within the reach of Florida's long-arm statute. *Madara v. Hall*, 916 F.2d 1510, 1519 (11th Cir. 1990) (affirming the dismissal of a libel suit for lack of personal jurisdiction, concluding "[s]imply giving an interview [by telephone from New York] to a reporter [in California] is not enough to cause [the defendant] to anticipate being haled into court in Florida. [The defendant] was not the magazine's publisher and did not control its circulation and distribution.").

Moreover, Ermatinger has declared he did not know at the time he gave his interview whether or not D Magazine was distributed in Florida. ECF No. 53-1 ¶ 10. Plaintiffs have failed to contest that statement in Ermatinger's declaration by a competing declaration or other competent evidence. *See Future Tech. Today*, 218 F.3d 1249.

Even if Ermatinger *had* known D Magazine might be accessible in Florida, that knowledge would not establish personal jurisdiction over him. *Madara*, 916 F.2d at 1519 (concluding that the

---

jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.") (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)).

[6] In support of their own motion to dismiss based upon lack of personal jurisdiction (ECF No. 56), the D Magazine Defendants deny that they have sufficient contacts with Florida. The D Magazine Defendants submitted declarations showing that of the 72,460 print copies of the article containing the allegedly defamatory statements, "only 124 (0.17 percent) were sent to subscribers in Florida, and at most 31 (0.055 percent) were sent to this district." ECF No. 56, at p. 7. Plaintiffs have failed to rebut or overcome those assertions by the D Magazine Defendants. Thus, Ermatinger's alleged actions are doubly removed from anything that could be considered conduct purposefully directed at Florida. Not only were Ermatinger's alleged statements *not* directed to Florida, but the publication he gave an interview to did not even direct its publication toward Florida in any manner sufficient to satisfy due process concerns.

defendant's "mere awareness, if he indeed was aware, that a small number of copies of the magazine might find their way to Florida is not enough to justify the exercise of personal jurisdiction."). Therefore, the allegedly defamatory statements made to D Magazine in Texas cannot establish personal jurisdiction over Ermatinger—or any of the City Defendants—in Florida.

### B. The Alleged Phone Calls to Law Enforcement Officials in Florida.

Plaintiffs' statements (made for the first time in their Responses) that the City or Ermatinger called Florida law enforcement officials fail to establish long-arm jurisdiction over the City Defendants. The Responses state that "[t]he City called ahead," and "pass[ed] the baton to local law enforcement" in Florida "who continued the harassment on behalf of the City." ECF No. 83, at p. 4; ECF No. 81, at pp. 6–7. The Responses also state that "[u]pon information and belief, Ermatinger contacted local law enforcement to instigate harassment against Plaintiffs upon their arrival to their new home." ECF No. 83, at p. 8; ECF No. 81, at p. 8. These statements cannot form a basis to exercise long-arm jurisdiction over the City Defendants, for three reasons.[7]

First, none of Plaintiffs' counts is based on the alleged harassment by local police in Florida. Yet, for the Court to exercise personal jurisdiction, due process requires that "the litigation results from alleged injuries that 'arise out of or relate to' those activities" that a defendant "purposefully directed" to the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Second, Ermatinger states in his declaration that he has "never contacted any person in

---

[7] The statements are patently unsupported speculation. Plaintiffs level the same accusations against unnamed John Does and Dallas County in their Response to the County's Motion to Dismiss. ECF No. 82, at p. 7 (accusing "[o]ne or two or three of the John Does in this suit" and also "the County" of contacting local law enforcement in Florida). Even in one of Plaintiffs' Responses to the City Defendants' Motion to Dismiss, they essentially acknowledge they are only guessing—not making an allegation based on facts. *See* DE 83, at p. 12 ("If not [Ermatinger], one of the John Does is behind it and minimal discovery here in Florida should quickly identify the Dallas contact, Ermatinger.").

4

Florida, including any Florida police department or individual law enforcement personnel, for any reasons or purpose concerning Messrs. Aubrey or Vodicka." ECF 53-1, ¶ 11. Plaintiffs have failed to rebut that statement in Ermatinger's declaration by a competing declaration or other competent evidence. *See Future Tech. Today*, 218 F.3d 1249.

Third, Plaintiffs did not allege phone calls by the City or Ermatinger in the Complaint.[8] "Plaintiffs cannot amend a complaint through an argument raised in opposition to a motion to dismiss." *Baker v. Warner/Chappell Music, Inc.*, No. 14-22403-CIV, 2017 WL 4310750, at *8 (S.D. Fla. Sept. 28, 2017) (citing authorities).

Therefore, the alleged harassment by local police in Florida cannot establish personal jurisdiction over Ermatinger—or any of the City Defendants—in Florida.

**2. Plaintiffs' Venue Argument.**

The Responses provide no basis for venue to lie anywhere else but in Texas. Plaintiffs' venue argument is based on the same two meritless assertions Plaintiffs raise as to personal jurisdiction: allegedly defamatory statements published in D Magazine and alleged phone calls made to Florida law enforcement. Plaintiffs ignore that the alleged events giving rise to Plaintiffs' claims—including the alleged searches and seizures, and any statements made to D Magazine—all occurred in Texas. Therefore, even assuming the existence of allegedly defamatory statements published in D Magazine, and even assuming alleged phone calls were made to Florida law enforcement, venue would still be proper only in Texas, given that the overwhelming majority of alleged events occurred there. *See* 28 U.S.C.A. § 1391(2) (an action may be brought in "a judicial

---

[8] The Complaint alleged only that "[b]eginning the first day of Plaintiffs' arrival [as new residents in Florida] and for approximately three weeks following, a parade of law enforcement vehicles took turns parking directly in front of Plaintiffs' new home, unexpected harassment caused by Defendants." ECF No. 1, ¶ 232. No facts are alleged as to how this harassment was "caused by Defendants," or which defendants are referred to.

district in which a substantial part of the events or omissions giving rise to the claim occurred").

### 3. Plaintiffs' Arguments as to the Sufficiency of their Counts.

The Responses fail to rebut, or in many cases even respond to, the City Defendants' arguments as to Plaintiffs' failure to state causes of action. For these reasons, the City Defendants will rely on their arguments raised in their Motion to Dismiss relating to Counts IV, V, VII, XII–XIV, and XIX–XXIII. Only a few of the Responses' statements warrant a reply, as follows.

#### A. Counts I, XV, and XVI —Defamation.

Plaintiffs' declarations conclusively establish, as a matter of fact and law, that their defamation claims are time-barred. Specifically, Plaintiffs' declarations clarify something the Complaint left vague: the publication date of the D Magazine article containing allegedly defamatory information provided by the City Defendants. According to the Responses and Plaintiffs' declarations attached thereto, the article containing the allegedly defamatory statements was published in *April* 2017. See ECF No. 83, at pp. 6 n.2, 33, & 39; ECF No. 81, at pp. 2 n.2, 25, & 31.[9] This action was not commenced until *May* 17, 2018, after the expiration of Texas' one-year statute of limitations for defamation. See Tex. Civ. Prac. & Rem. Code Sect. 16.002.[10] Therefore,

---

[9] Plaintiffs make the same statements and declarations—as to the April publication date—in their response to D Magazine's Motion to Dismiss. See ECF No. 74, at pp. 6, 28, & 33.

[10] Plaintiffs do not make a substantive argument against the application of Texas law, which clearly applies, under the significant relationship test, to all of Plaintiffs' claims, including their defamation claims. *See, e.g., Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) (concluding "the application of New York law is plainly appropriate" where an allegedly defamatory article "was published in New York, regarding an event that took place in New York, and that allegedly caused harm to [the plaintiff's] business interests in New York."); *see also Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, No. 6:08CV466-ORL-28GJK, 2010 WL 1408391, at *11 (M.D. Fla. Apr. 6, 2010) (concluding California law would not apply to defamation claim arising from allegedly defamatory statements made in Florida: "Defendants' injury-causing conduct occurred in Florida; all of the Defendants reside and do business in Florida, and Plaintiff formerly did so; and the parties' relationship plainly arose, existed, and is centered in Florida. Indeed, there is no assertion or indication that the Defendants have any connection whatsoever to

Plaintiffs' defamation claims are time-barred and should be dismissed with prejudice.

**B. Count II—Unreasonable Searches and Seizures.**

The Responses provide no basis to sustain Count II. First, one of the Responses characterizes the alleged searches and seizures as a "Stake-outs and High Risk Apprehension Operation." ECF No. 83, at p. 20. This characterization (found nowhere in the Complaint) does not change the fact that, under Plaintiffs' own allegations, they experienced only de minimis force, which cannot amount to a constitutional violation as a matter of law. *See* ECF No. 83, at p. 20.

Second, the Responses, like the Complaint, fail to assert a lack of probable cause insofar as they fail to cite a false statement in the presumptively valid search warrants. Plaintiffs continue to argue that the following statement in Sayers' Affidavit for Search Warrant is false: "'It was alleged in the lawsuit [i.e. Tobolowsky's defamation lawsuit against Plaintiffs] that Steven Aubrey threatened 'Jihad' the same words used to describe the wars brought by terrorists, and against his life which was filed in court document number 15-08135.'" ECF No. 83, at p. 17; *see* ECF No. 1 ¶ 126 (quoting Sayers' Affidavit for Search Warrant, which is the Complaint's Exhibit E).

The City Defendants' Motion to Dismiss points out that Plaintiffs mischaracterize the meaning and context of Sayers' statement. Sayers' Affidavit for Search Warrant does not purport to accuse Aubrey of using the word "jihad" in a certain way; rather, Sayers' affidavit refers only to what Tobolowsky's lawsuit *alleged* concerning Aubrey's use of the word "jihad." As the Motion to Dismiss points out, "[a] Texas court of appeals has specifically found the statement concerning 'jihad' 'accurately states allegations in Tobolowsky's lawsuit.'" ECF No. 53, at p. 23.

In one of the Responses, Plaintiffs claim the City Defendants are misrepresenting what the

---

California other than Plaintiff, who unilaterally chose to move there."), *aff'd*, 451 F. App'x 862 (11th Cir. 2012).

Texas court of appeals said. ECF No. 83, at p. 21. Plaintiffs are mistaken. To be clear, here is the full quote from the Texas court of appeals:

> "In Tobolowsky's lawsuit against Aubrey and Vodicka, he alleges that Aubrey referred to his fight with his family as 'jihad' *and later used the same term to describe his battle with Tobolowsky.*" On appeal, Vodicka argues that "Aubrey never referred to his fight as anything" and that Schoettmer "made up this ridiculous assertion." *The record reflects that this statement accurately states allegations in Tobolowsky's lawsuit.*

*Vodicka v. A.H. Belo Corp.*, No. 05-17-00728-CV, 2018 WL 3301592, at *4 (Tex. App. July 5, 2018) (emphasis added).

Therefore, the Reponses provide no basis to undermine the presumptive validity of the search warrants, such as could support an allegation that there was a lack of probable cause. Count II should be dismissed.

### C.  Count III—Excessive Force.

Plaintiffs' argument concerning a "knock and announce" requirement fails to demonstrate that Count III states a cause of action. The case Plaintiffs cite, and rely upon, *Wilson v. Arkansas*, holds that "the method of an officer's entry into a dwelling"—including whether officers fail to "knock and announce" before entering—is "among the factors to be considered in assessing the reasonableness of a search or seizure." 514 U.S. 927, 934 (1995). "However, it is clear that the *Wilson* decision applies by its terms only to entry into homes and dwellings." *Hider v. Sheriff*, No. 99-167-P-C, 1999 WL 33117128, at *4 (D. Me. July 21, 1999). By Plaintiffs' own allegations, their seizure did not occur within a dwelling. ECF No. 1, ¶¶145–153.

Moreover, Plaintiffs fail to address any of the City Defendants' arguments raised as to the lack of excessive force as a matter of law—particularly given Ermatinger and Sayers' qualified immunity—and Plaintiffs' failure to meet *Monell*'s pleading requirements.

Therefore, Count III should be dismissed.

### D. Count VI—Due Process and Equal Protection.

In an attempt to cure their failure to allege the elements of an equal protection claim, Plaintiffs state for the first time in one of their Responses that "others in Dallas, Texas, with warrants to be detained for examination, have been treated more favorably by the City." ECF No. 183, at p. 22. However, this broad, conclusory statement (found nowhere in the Complaint) does not amount to a sufficient *factual* allegation that Plaintiffs "w[ere] similarly situated with others who received more favorable treatment, and (2) that [the] discriminatory treatment was based on a constitutionally protected interest such as race." *Mack v. City of High Springs*, 486 F. App'x 3, 7 (11th Cir. 2012). *See Smith v. City of Sumiton*, 578 F. App'x 933, 936 n.4 (11th Cir. 2014) ("for purposes of a Rule 12(b)(6) motion to dismiss, we do not have to take as true allegations based merely 'upon information and belief.'").

Therefore, Count VI should be dismissed.

### E. Count VIII—Persons Under Color of Law Liability.

Despite the fact that this count is expressly predicated on 42 U.S.C. § 1981 (ECF No. 1, at ¶ 330), Plaintiffs now claim they bring it under § 1983. ECF No. 83, at p. 22. Plaintiffs cannot change the statutory basis of their claim in a response to a motion to dismiss. *Baker*, 2017 WL 4310750, at *8. Nevertheless, even if this count were some kind of § 1983 claim, it would be duplicative of Counts II and III, because it is predicated on the same alleged searches and seizures. *See* ECF No. 1, at ¶¶ 331–34.

Therefore, even assuming Count VIII is a § 1983 claim, it should be dismissed for the same reasons Counts II and III should be dismissed.

### F. Count XII—Invasion of Privacy (Misappropriation).

Plaintiffs' statements about the City allegedly passing around photos of Aubrey, made for

the first time in one of their Responses (ECF No. 83, at p. 24), provide no basis to sustain Count XII. They do not amount to allegations that Plaintiffs' names or likenesses possessed any value or that any of the City Defendants misappropriated them for their own use or benefit—as required to state a claim for misappropriation-based invasion of privacy under Texas law. *See* ECF No. 53, at p. 32.

Therefore, Count XII should be dismissed.

### G. Count XVII (False Arrest) and XVIII (Assault and Battery).

Plaintiffs clarify that they do *not* allege that Ermatinger and Sayers were among the officers who seized Plaintiffs. ECF No. 83, at pp. 25–26. Therefore, counts XVII for False Arrest and XVIII for Assault and Battery should be dismissed. *See* ECF No. 53, at pp. 35–37.

### CONCLUSION

Plaintiffs' Reponses fail to rebut any of the arguments raised in the City Defendants' Motion to Dismiss. Indeed, Plaintiffs fail to even substantively respond, or cite authority in opposition, to many of the City Defendants' key arguments. What's more, based upon Plaintiffs' declarations, it is clear that the defamation claims are time-barred. For all of these reasons, Plaintiffs' claims against the City Defendants should be dismissed with prejudice.

Respectfully submitted,

WEISS SEROTA HELFMAN
 COLE & BIERMAN, P.L.
*Attorneys for the City*
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, Florida 33134
Telephone:   (305) 854-0800
Facsimile:   (305) 854-2323

By:   */s/  Joseph H. Serota*

JOSEPH H. SEROTA
Florida Bar No. 259111
Primary: jserota@wsh-law.com
Secondary: lmartinez@wsh-law.com

ERIC P. HOCKMAN
Florida Bar No. 064879
Primary: ehockman@wsh-law.com
Secondary: szavala@wsh-law.com

RICHARD B. ROSENGARTEN
Florida Bar No. 0106169
Primary: rrosengarten@wsh-law.com
Secondary: szavala@wsh-law.com

WEISS SEROTA HELFMAN COLE & BIERMAN P.L.

**Certificate of Service**

I certify that on October 15, 2018, this document was electronically filed with the Clerk of Court using CM/ECF, and is also being served by U.S. Mail (or via CM/ECF if they have obtained authorization) upon all pro se plaintiffs and defendants identified on the below service list.

By: */s/ Joseph H. Serota*

**Service List**

| | |
|---|---|
| **Steven B. Aubrey**<br>2601 NW 3rd Ave<br>Wilton Manors, FL 33311<br>(512) 666-8004<br>defamationperse@gmail.com<br>*Plaintiff Pro Se* | **Brian E. Vodicka**<br>2601 NW 3rd Ave<br>Wilton Manors, FL 33311<br>(954) 716-9375<br>defamationperse@gmail.com<br>*Plaintiff Pro Se* |
| **Stephen Charles Schoettmer, Esq.**<br>4305 W. Lovers Lane<br>Dallas, TX 75209<br>(214) 228-8792<br>Steve.schoettmer1@gmail.com<br>*Defendant*<br><br>**Peter L. Harlan, Assistant District Attorney**<br>133 N. Riverfront Blvd. 1319<br>Dallas, Texas 75207<br>(512) 653-3690<br>*Attorney for Defendants Melinda C. Urbina, Dallas County Sheriff Department and Dallas County, Texas* | **Demetri Anastasiadis**<br>Assistant Attorney General of Texas<br>Law Enforcement Defense Division<br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, Texas 78711<br>(512) 463-2080<br><br>**Tiernan Cole, Esq.**<br>Assistant Attorney General<br>Office of Attorney General of Florida<br>110 SE 6th Street, FL 10<br>Fort Lauderdale, FL 33301<br>(954) 712-4600<br>Tiernan.cole@myfloridalegal.com<br>Gwendolyn.hinton@myfloridalegal.com;<br>Martine.legagneur@myfloridalegal.com<br>*Attorney for Defendant Judge Eric Vaughn Moye* |

*Continued next page*

| **Dana J. McElroy, Esq.**<br>Thomas & Locicero PL<br>915 Middle River Drive, Suite 309<br>Fort Lauderdale, FL 33304<br>(954) 703-3416<br>dmcelroy@tlolawfirm.com<br><br>**Jason P. Bloom, Esq.**<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>(214) 651-5000<br><br>*Attorneys For D Magazine Partners, L.P. D/B/A D Magazine; Magazine Limited Partners, L.P.; Allison Media, Inc.; and Jamie L. Thompson* | |