IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| STEVEN BENTON AUBREY, and § <br> BRIAN EDWARD VODICKA     § <br>    Plaintiffs,           § <br>                            § <br> v.                         § <br>                            § <br> D MAGAZINE PARTNERS et al., § <br>    Defendants.          § | CIVIL ACTION NO. 0:18-CV-61117 |

## DISTRICT JUDGE ERIC MOYÉ'S RESPONSE TO PLAINTIFFS' REQUEST FOR SERVICE OF PROCESS COSTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BETH BLOOM:

Judge Eric Vaughn Moyé, 14th Judicial District Court Judge for Dallas County files the following Response to Plaintiffs' Request for service of process costs. (ECF 109).

    **I.**    **This Court lacks in personam and subject matter jurisdiction**

Judge Moyé has pending before this federal district court, a motion to dismiss this case based on the absence of in personam and subject-matter jurisdiction, Eleventh Amendment and Judicial Immunity and failure to state a claim pursuant to FED. R. CIV. PROC. 12(b)(1) and 12(b)(6). (ECF 35). The Complaint's claims against Judge Moyé are not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law within the meaning of Rule 11(b)(2), FED. R. CIV. PROC. The First Amended Complaint, as to Judge Moyé' is a repetition of these meritless claims, is futile, and should not be permitted to be filed for the reasons set out in his opposition to Plaintiffs' Motion for Leave to file First Amended Complaint. (ECF 106-108). *McGee v. Citi Mortgage, Incorporated,* 680 Fed. App'x. 287, 291 (5th Cir. 2017) ("Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (The district court may

deny leave to amend if the amendment would be futile because "the amended complaint would fail to state a claim upon which relief could be granted."); *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) ("A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss."); *Patel v. Georgia Dept. BHDD,* 485 Fed. App'x. 982 (11th Cir. 2012); ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal.").

**II.     A court lacking personal jurisdiction may not award any relief**

Judge Moyé's pending motion to dismiss on file pursuant to FED. R. CIV. PROC. 12(b)(1) and 12(b)(6) (ECF 35) is based on the absence of in personam and subject-matter jurisdiction, Eleventh Amendment and Judicial Immunity and failure to state a claim. It sets out in detail why this Court lacks jurisdiction over Judge Moyé. Until the Court determines that is has jurisdiction to proceed, it should stay all proceedings, including ruling on Plaintiffs' request for expenses. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort. How this can best be done calls for the exercise of a court's discretion with wide latitude afforded. *Hachette Distribution, Inc. v. Hudson Cty. News Co.,* 146 F.R.D. 356, 358 (E.D.N.Y.1991).

An adjudicatory action taken against Judge Moyé, prior to a determination that the Court has jurisdiction, would violate his right to due process of law under the Fourteenth Amendment to the U.S. Constitution. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990):

> The court should have addressed the personal jurisdiction question first. We affirm the dismissal because due process does not permit the exercise of personal jurisdiction over Hall in Florida for this cause of action. We vacate the district court's holding regarding application of the California statute of limitations because Hall was not subject to the jurisdiction of the court, and therefore could not be personally bound by its rulings. Therefore, the issue should not have been reached.

*Future Technology Today, Inc. v. OSF Healthcare Systems,* 218 F.3d 1247, 1249 (11th Cir. 2000):

> First, the court must determine whether the applicable state statute governing

> personal jurisdiction is satisfied. If the requirements of the long-arm statute are satisfied, then the court must inquire as to, (1) whether defendant has established sufficient "minimum contacts" with the state of Florida; and (2) whether the exercise of this jurisdiction over defendant would offend "traditional notions of fair play and substantial justice."
>
> (citations omitted)

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985).

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations."

### III. Fed. R. Civ. Proc. 4(d)(1)(G) does not recognize emailing of a waiver request to persons other than the defendant.

Plaintiffs' Exhibit A attached to their request for service costs show that a waiver form was emailed to Bonnie Rivera and Demetri Anastasiadis. "On June 8, 2018, Plaintiffs tendered, via email, a request that Defendant Moye waive service of a summons for this case. The email was delivered to Moye's court coordinator, Bonnie Rivera and to his attorney, Demetri Anastasiadis…" (ECF 109, page 2)  Fed. R. Civ. Proc. 4(d)(1)(G) does not authorize the emailing of a waiver to non parties or to an attorney for a party, absent express designation of the non party as a service agent for the party sought to be served.

*Maiz v. Virani,* 311 F.3d 334, 340 (5th Cir. 2002):

> …there is no evidence that the alleged attorney had the actual authority to accept service of process. Therefore, the alleged service was not valid. *U.S. v. $184,505.01,* 72 F.3d 1160, 1164, n. 10 (3rd Cir.1995, cert. denied by *McGlory v. U.S.,* 519 U.S. 807, 117 S.Ct. 48, 136 L.Ed.2d 13 (1996)) (validity of service of process upon the attorney depends upon the actual authority of the attorney to receive process on behalf of the individual.).

*Martinez v. Fed. Bureau of Prisons*, No. 1:08cv314, 2011 WL 854680, at *2 (E.D. Tex. Feb. 10, 2011, recommendation adopted, 2011 WL 854167 (E.D. Tex. Mar. 9, 2011):

> "the fact that… [Defendants] may have received actual notice of the lawsuit and were furnished with an attorney to represent their interests in the law suit is insufficient to satisfy Rule 4's requirements.").

**Conclusion**

It is a plaintiff's burden to show compliance with statutory and rule requirements and demonstrate that the court in which he is pursuing his claim has jurisdiction. *Fort Sill Apache Tribe v. National Indian Gaming Commission*, 317 F. Supp. 3d 504, 510 (D.D.C., 2018):

> A federal court may not hear a claim if it lacks the jurisdiction to do so. Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of claims where a court lacks subject matter jurisdiction over them. No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is both a statutory requirement and an Article III requirement. The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. (citations omitted)

*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377(1994):

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citations omitted)

Because Plaintiffs have failed to establish in personam and subject matter jurisdiction in this Court and did not comply with Fed. R. Civ. Proc. 4(d)(1)(G), their request for costs should be denied.

    Respectfully Submitted,

    **KEN PAXTON**
    Attorney General of Texas

    **JEFFREY C. MATEER**
    First Assistant Attorney General

    **BRANTLEY STARR**
    Deputy First Assistant Attorney General

    **JAMES E. DAVIS**
    Deputy Attorney General for Civil Litigation
    **SHANNA E. MOLINARE**
    Assistant Attorney General
    Chief, Law Enforcement Defense Division

    /s/ Demetri Anastasiadis

Demetri Anastasiadis, Assistant Attorney General
Texas State Bar No. 01164480
demetri.anastasiadis@oag.texas.gov
Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9374


/s/ Tiernan Cole
Tiernan Cole, Assistant Attorney General
State Bar No. 87228
Tiernan.Cole@myfloridalegal.com
OFFICE OF THE ATTORNEY GENERAL OF FLORIDA
110 SE 6th St., Fl 10
Fort Lauderdale, FL 33301-5001
(954) 712-4600 (954) 527-370X

**ATTORNEYS FOR DEFENDANT
JUDGE ERIC VAUGHN MOYÉ**


**NOTICE OF ELECTRONIC FILING**

I, Tiernan Cole, Assistant Attorney General of Florida, certify that I have electronically submitted for filing, a copy of the above, in accordance with the Electronic Case Files System of the Southern District of Florida, on this the 26th day of October 2018.

/s/ Tiernan Cole
Tiernan Cole
Assistant Attorney General of Florida


**CERTIFICATE OF SERVICE**

I, Demetri Anastasiadis Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the Defendant Eric Moyé's Response to Plaintiffs' Motion for Service of Process Costs was served by the Southern District of Florida case electronic filing system, on October 26, 2018, on all counsel or parties of record on the service list.

## SERVICE LIST

| | |
|---|---|
| **Steven B. Aubrey**   (electronic notice)<br>2601 NW 3rd Avenue<br>Wilson Manors, FL 33311<br>defamationperse@gmail.com<br>*Plaintiff pro se* | **Brian E. Vodicka**   (electronic notice)<br>2601 NW 3rd Avenue<br>Wilson Manors, FL 33311<br>defamationperse@gmail.com<br>*Plaintiff pro se* |
| **Jason P. Bloom**   (electronic notice)<br>Jason.bloom@haynesboone.com<br>Thomas J. Williams<br>Thomas.williams@haynesboone.com<br>Stephanie Sivinski<br>Stephanie.sivinski@haynesboone.com<br>2323 Victory Ave., Suite 700<br>Dallas, Texas 75219<br>(214) 651-5000<br>*Attorney for Defendants Allison Media, Inc. and Jamie L. Thompson* | **Eric Page Hockman**  (electronic notice)<br>ehockman@wsh-law.com<br>**Joseph Hyam Serota**<br>jserota@wsh-law.com<br>**Richard Bradlee Rosengarten**<br>rrosengarten@wsh-law.com<br>Weiss Serota Helfman Pastoriza Cole & Boniske, P.L.<br>2525 Ponce de Leon Blvd., Suite 700<br>Coral Gables, FL 33134<br>(305) 854-0800<br>*Attorney for Defendants Dallas Police Department and City of Dallas* |
| **Peter L. Harlan, Assistant District Attorney**        (electronic notice)<br>pharlan@dallascounty.org<br>133 N. Riverfront Blvd. 1319<br>Dallas, Texas 75207<br>(214) 653-3690<br>*Attorney for Defendants Melinda C. Urbina, Dallas County Sheriff Department, and Dallas County, Texas* | **Stephen Charles Schoettmer, Esq.** (electronic notice)<br>4305 W. Lovers Lane<br>Dallas, TX 75209<br>(214) 228-8792<br>Steve.schoettmer1@gmail.com<br>*Defendant* |
| **Dana J. McElroy, Esq.** (electronic notice)<br>Thomas & Locicero PL<br>915 Middle River Drive, Suite 309<br>Fort Lauderdale, FL 33304<br>(954) 703-3416<br>dmcelroy@tlolawfirm.com<br>*Attorneys For D Magazine Partners, L.P. D/B/A D Magazine;*<br>*Magazine Limited Partners, L.P.; Allison Media, Inc.; and Jamie L. Thompson* | |

/s/ Demetri Anastasiadis
Demetri Anastasiadis, Assistant Attorney General
Texas State Bar No. 01164480
demetri.anastasiadis@oag.texas.gov
Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9374