UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 18-CV-61117-BLOOM-VALLE

STEVEN BENTON AUBREY and
BRIAN EDWARD VODICKA,

        Plaintiffs,

v.

D MAGAZINE PARTNERS, L.P. *et al.*,

        Defendants.

_____/

## CITY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendants City of Dallas ("City"),[1] Scott Sayers, and Robert Ermatinger (collectively, the "City Defendants"), hereby respond in opposition to Plaintiffs' Motion for Leave to File First Amended Complaint ("Motion") (ECF No. 106).

### Introduction

Plaintiffs' Motion for Leave to File First Amended Complaint should be denied as futile because it fails to cure the fundamental jurisdictional defects in the Complaint. There is a complete lack of facts underlying Plaintiffs' claims to establish personal jurisdiction over the City Defendants—or any of the Defendants. Nothing in the proposed First Amended Complaint changes that.

The Motion should also be denied because no new facts are alleged to overcome the Texas

---

[1] As Plaintiffs concede (ECF No. 83, at p. 8), the Dallas Police Department is not an independent entity subject to suit. The "City" includes the City of Dallas and the Dallas Police Department.

1

Tort Claims Act and *Monell*'s pleading requirements, demonstrating that all of Plaintiffs' proposed state-law claims, and all of Plaintiffs' proposed federal claims against the City, are futile. As to the defamation claims specifically, the proposed First Amended Complaint shows on its face that those claims are time-barred.

Moreover, all of the Defendants have expended considerable time and resources in fully briefing motions to dismiss Plaintiffs' Complaint, which motions are still pending. Allowing Plaintiffs' late amendment would cause these efforts to be wasted. Therefore, the Motion for Leave to Amend should be denied in favor of ruling on the pending motions to dismiss.

## Argument

### 1. The Proposed Amendment is Futile.

Plaintiffs' proposed First Amended Complaint is futile because, like the Complaint, it fails to allege any basis for the Court to exercise personal jurisdiction over the City Defendants—or over any of the Defendants. Under these circumstances, the Motion should be denied.

#### A. Amendments should be denied as futile for failing to cure jurisdictional defects.

"[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Eleventh Circuit has found that "'denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'" *Id.* (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999)).

A motion for leave to amend is properly denied as futile when the proposed amended complaint fails to cure jurisdictional defects in the original complaint. *See, e.g., Mason v. McPhillips, Shinbaum & Gill*, 454 F. App'x 758, 760 (11th Cir. 2011) (concluding the district court did not err by denying a motion for leave to amend as futile where the plaintiff's claims, even

as amended, still did not raise a federal question); *Johnson v. Regions Mortg.*, 503 F. App'x 810, 811 (11th Cir. 2013) (concluding the district court did not abuse its discretion in denying plaintiff's motion for leave to amend as futile, where the proposed amended complaint "d[id] not allege any violations of federal statutes, and it fail[ed] to state a claim for constitutional violations under 42 U.S.C. § 1983 because it allege[ed] only private conduct").

As to personal jurisdiction specifically, district courts often refuse to allow amendments as futile when the proposed amended complaint lacks sufficient allegations of personal jurisdiction. *See, e.g., Barnett v. Carnival Corp.*, No. 06-22521-CIV, 2007 WL 1526658, at *1 (S.D. Fla. May 23, 2007) (granting motion to dismiss and denying without prejudice an incorporated motion for leave to amend "[b]ecause any amendment to allege grounds to assert personal jurisdiction based on the facts of this case, as they are now known, would be futile"); *Martinec v. Party Line Cruise Co.*, No. 07-80098-CIV, 2007 WL 3197610, at *1 (S.D. Fla. Oct. 29, 2007) (vacating an order granting leave to amend where the amended complaint sought to add a party plaintiff but failed to make jurisdictional allegations as to that party); *CCTV Outlet, Corp. v. Desert Sec. Sys. L.L.C.*, No. 17-60928-CIV, 2017 WL 5640717, at *4 (S.D. Fla. Aug. 7, 2017) (dismissing complaint for trademark infringement with prejudice, and finding leave to amend was unwarranted because "[g]iven the passive nature of Defendants' website and Defendants' lack of any other meaningful contacts with Florida, any amendment to the Complaint in an attempt to establish personal jurisdiction would be futile.").

The Middle District's opinion in *Richards v. Financial Services Authority* is instructive here, as persuasive authority. In *Richards*, a pro se Plaintiff commenced an action in the Middle District of Florida against the Financial Services Authority ("FSA")—an independent non-governmental body based in the United Kingdom. *Richards v. Fin. Servs. Auth.*, No. 5:09-CV-

3

447-OC-32GRJ, 2010 WL 2652509, at *5 (M.D. Fla. May 28, 2010), *report and recommendation adopted*, No. 509-CV-447-OC-32GRJ, 2010 WL 2652513 (M.D. Fla. July 1, 2010). The action arose out of an alleged international financial "scam" that involved the transfer of money into the plaintiff's bank account in Florida. *Id.* The court ultimately denied a motion for leave to amend and concluded there was "a complete failure to demonstrate a factual basis for personal jurisdiction"—exactly the situation in the instant case. *Id.*

Specifically, the FSA moved to dismiss based on a lack of personal jurisdiction, and submitted sworn declarations contesting personal jurisdiction. One of the declarations stated "the FSA is not licensed to and does not transact any business in Florida." *Id.* at *3.[2] In response, the plaintiff "offered nothing to refute the uncontroverted evidence demonstrating that the FSA had nothing whatsoever to do with the alleged scam." *Id.*

The district court agreed there was no personal jurisdiction: "all of the events described in the Complaint allegedly occurred in Europe and are completely unconnected to any contacts or actions of the FSA in Florida. Consequently, the FSA is not subject to personal jurisdiction under any possible theory or argument." *Id.* at *2. Nevertheless, in response to FSA's motion to dismiss for lack of personal jurisdiction, the plaintiff requested leave to amend to set forth "the foundations for judicial personal jurisdiction.'" *Id.* at * 5. The court rejected this request for leave to amend, stating the following:

> While the Court normally would provide a *pro se* litigant with an opportunity to amend a complaint, the defect in the Complaint is not simply the failure to plead a

---

[2] The declaration also included sworn statements that the FSA "has no employees or agents in Florida; has no registered agent in Florida; has no office, mailing address or telephone number in the State of Florida; does not own, lease, use or possess any real or personal property situated within Florida; has never maintained any bank or brokerage accounts located in Florida; none of the FSA's directors reside or work in the Florida nor have the directors held a meeting in Florida; and the FSA does not derive income from any investment in Florida, any property in Florida or any business conducted in Florida." *Id.*

4

>basis for personal jurisdiction but *a complete failure to demonstrate a factual basis for personal jurisdiction. . . .* Thus, in view of the fact that the Plaintiff has failed to produce even a scintilla of evidence that the FSA had any involvement with any of the events which form the basis of the Complaint—and Plaintiff has failed to produce anything remotely suggesting that the FSA has any substantial connection to the State of Florida that would give rise to personal jurisdiction—granting the Plaintiff leave to amend would be a waste of time and a futile exercise.

*Id.* (emphasis added).

### B. Plaintiffs' proposed First Amended Complaint fails to cure the jurisdictional defects of the Complaint.

Although the proposed First Amended Complaint adds some new allegations, and appropriately drops the Dallas Police Department and Dallas County Sherriff's Department as parties,[3] it presents the same jurisdictional defects as the Complaint: there is no personal jurisdiction over the City Defendants.

Like the Complaint, the proposed First Amended Complaint is based on events that occurred entirely in Texas. For example, Plaintiffs have added numerous new allegations characterizing their seizure in Texas as a "Stake-Out and High-Risk Apprehension of Suspects." ECF No. 106, at p. 29 ¶ 116 *et seq*. Plaintiffs have also attempted to mildly embellish some of the allegations surrounding the alleged uses of force, now alleging Plaintiffs were "aggressively forced down on the concrete" (*id.* at p. 35 ¶ 122)—a minor revision to their Complaint, which alleges

---

[3] It is difficult to discern precisely *all* of the differences between the Complaint and the proposed First Amended Complaint, because Plaintiffs' Motion for Leave to Amend does not explain what the proposed amendments consist of.

they were simply "down on the concrete" (ECF No. 1 ¶ 151). But again, this does not change the fact that, under Plaintiffs' own allegations, all of this took place in Texas.

The proposed First Amended Complaint also does not contain any factual allegations to contradict the declarations of Ermatinger and Sayers (attached to the City Defendants' Motion to Dismiss), which show a lack of any contacts with Florida as would justify personal jurisdiction.

Only a few allegations in the proposed First Amended Complaint appear to be entirely new; but they do not amount to allegations of personal jurisdiction over the City Defendants. Among the new allegations are that Defendant Schoettmer—*not* one of the City Defendants— served thirteen subpoenas, copies of which Plaintiffs received in Florida, in apparent collection or investigatory efforts arising out of Texas litigation. ECF 106, at p. 43 ¶ 203 *et seq*. Plaintiffs attempt to tie these allegations to the City Defendants by alleging the City Defendants gave Schoettmer Plaintiffs' private information without which Schoettmer would not have been able to serve the subpoenas. *Id.* at p. 43 ¶ 204.

These new allegations fail to change the jurisdictional picture at all. By Plaintiffs' own allegations, the City Defendants' taking of Plaintiffs' information occurred in Texas, and they do not allege any of the City Defendants are the ones who sent subpoenas into Florida. Thus, there remains a complete absence of facts alleging the City Defendants have made any contacts with Florida as would justify personal jurisdiction over them.

Another new feature of the proposed First Amended Complaint is that Plaintiffs have replaced former Count IV (Private Property Taken for Public Use) with a new Count VI for Conversion. ECF No. 106, at p. 66.[4] This new Count VI fails to change the jurisdictional picture. The alleged "conversion" consists of the same searches and seizures underlying Plaintiffs'

---

[4] Otherwise, all of Plaintiffs' Counts remain the same—they have only been renumbered.

6

attempted federal claims. *See* ECF No. 106, at p. 67 ¶ 298. All of this alleged conduct took place in Texas.[5]

What may be said of the plaintiff in *Richards* may be said of Plaintiffs here: "the defect in the Complaint is not simply the failure to plead a basis for personal jurisdiction but a complete failure to demonstrate a factual basis for personal jurisdiction." 2010 WL 2652509, at *5. The proposed First Amended Complaint does not change this.[6]

Therefore, Plaintiffs' Motion for Leave to Amend should be denied as futile.

**2. Plaintiffs' proposed First Amended Complaint fails to overcome the Texas Tort Claims Act or to satisfy *Monell*'s pleading requirements**.[7]

As an additional ground for the futility of the proposed First Amended Complaint, nothing therein alters the analysis that all of Plaintiffs' state-law claims are barred under the Texas Tort Claims Act, as explained in the City Defendants' pending Motion to Dismiss. ECF No. 53, at pp. 13–15. No new waiver of sovereign immunity is alleged. No new facts are alleged that would support the application of any state law other than Texas law. Nothing changes the fact that Plaintiffs elected to sue both the City of Dallas and individual City officials together, which

---

[5] Plaintiffs' new Count VI for conversion is futile for the additional reason that Plaintiffs would be barred from pursuing it against the City Defendants under the Texas Tort Claims Act, as explained in the City Defendants' pending Motion to Dismiss. ECF No. 53, at pp. 13–15.

[6] It is clear from the lack of factual allegations concerning Florida contacts, and the fact that all relevant conduct underlying Plaintiffs' claims occurred in Texas, that Plaintiffs' proposed amendment is futile for the additional reason that, like the Complaint, it fails to show *venue* is proper in the Southern District of Florida.

[7] In the interests of judicial economy, the City Defendants do not want to argue futility by turning this Response into what would in essence be a lengthy motion to dismiss the proposed First Amended Complaint. But the issues of the Texas Tort Claims Act and *Monell* bear discussion here because those issues are, like personal jurisdiction, significant threshold issues that serve to bar most if not all (as in the case of personal jurisdiction) of Plaintiffs' claims, demonstrating the futility of the proposed amendment.

requires dismissal of the individual officials under the Texas Tort Claims Act. Thus, all of Plaintiffs' attempted state-law claims in the proposed First Amended Complaint are futile.

The proposed First Amended Complaint also fails to contain any new factual allegations of a municipal custom or policy, demonstrating the futility of Plaintiffs' federal claims against the City of Dallas under *Monell*, as explained in the City Defendants' Motion to Dismiss. ECF No. 53, at 16.

### 3. The proposed First Amended Complaint shows on its face that Plaintiffs' claims for defamation are time-barred.

Another reason Plaintiffs' Motion for Leave to Amend should be denied as futile is that it shows on its face that Plaintiffs' defamation claims are time-barred.

As revealed in Plaintiffs' Responses to the City Defendants' Motion to Dismiss (ECF Nos. 81 & 83), and as addressed in the City Defendants' Reply thereto (ECF No. 89), Plaintiffs are pinning their jurisdictional arguments almost entirely on alleged contacts relating to their defamation claims. Plaintiffs' reliance on defamation as a jurisdictional basis for this action is all the more reason to regard the proposed First Amended Complaint as futile. One of the few things the proposed First Amended Complaint clarifies is that the articles on which Plaintiffs base their defamation claims against the City Defendants were published in *April* 2017. ECF 106, at p. 145 ¶ 212. This action was not commenced until *May* 17, 2018, after the expiration of Texas' one-year statute of limitations for defamation claims. *See* Tex. Civ. Prac. & Rem. Code Sect. 16.002.

Thus, on the face of the proposed First Amended Complaint, Plaintiffs' defamation claims, on which they now pin their jurisdictional arguments, are time-barred. Therefore, Plaintiffs' Motion for Leave to Amend should be denied as futile.

**4. Granting Plaintiffs' Motion would unduly prejudice Defendants**.

The Motion should be denied because, under the circumstances, granting the Motion before ruling on Defendants' pending motions to dismiss would unduly prejudice Defendants. Undue prejudice is among the grounds a court may rely on to deny a motion for leave to amend. *Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003).

The Defendants have fully briefed motions to dismiss the Complaint. The first of these motions, by Defendant Moye, was filed July 30, 2018. The last motions to dismiss were filed September 9, 2018, and Plaintiffs failed to move for leave to amend within 21 days of that date. *See* Fed. R. Civ. P. 15. Plaintiffs also failed to include a memorandum of law in their Motion, as required by Local Rule 7.1(a)(1)—except to cite Federal Rule of Civil Procedure 15—or even provide an explanation as to why Plaintiffs are seeking leave to amend or what exactly they are amending.

A significant duplication of effort would be required if Defendants had to respond to the proposed First Amended Complaint before receiving a ruling on the pending motions to dismiss. For example, in the pending briefing on the City Defendants' Motion to Dismiss, Plaintiffs conceded that Count V of the Complaint (Deprived of Liberty Without Due Process of Law) should be dismissed. ECF No. 83, at p. 22. Yet in their proposed First Amended Complaint, that Count is still there (re-numbered as Count VII), and still asserted against the City Defendants. ECF No. 106, at p. 68. Plaintiffs conceded that Count VII of the Complaint (Presumption of Innocence) should be dismissed against all Defendants except Defendant Moye. ECF No. 83, at p. 22. Yet in their proposed First Amended Complaint, that count is still there (re-numbered as Count IX), and still asserted against the City Defendants. ECF No. 106, at p. 70.

Furthermore, as already explained throughout this Response, Plaintiffs' claims and the allegations made in support are essentially the same. What new allegations are added do not alter the analysis, or provide much by way of new factual matter or legal theory that Defendants would have to address. If Defendants had to respond to the Proposed First Amended Complaint, it would be an exercise in having to go through much of this all over again.

Therefore, granting the Motion for Leave to Amend before a ruling on the pending motions to dismiss would cause an undue burden on Defendants. The Motion should be denied.

## Conclusion

This action was, and remains, about a *Texas* murder investigation, involving defendants from *Texas*, as well as actions and statements made in *Texas*. The crux of the allegations, even in the proposed First Amended Complaint, all occurred while the Plaintiffs were *Texas* residents. There remains no alleged connection to Florida other than Plaintiffs' decision to move here after every act asserted against the City Defendants occurred. The proposed First Amended Complaint fails to add anything that would state even a prima facie case of personal jurisdiction in Florida over any of the City Defendants. Therefore, Plaintiffs' Motion for Leave to Amend, at least as to Plaintiffs' claims against the City Defendants, should be denied.

Respectfully submitted,

WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
*Attorneys for the City*
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, Florida 33134
Telephone:   (305) 854-0800
Facsimile:   (305) 854-2323

By: */s/ Joseph H. Serota*

JOSEPH H. SEROTA
Florida Bar No. 259111
Primary: jserota@wsh-law.com
Secondary: lmartinez@wsh-law.com

ERIC P. HOCKMAN
Florida Bar No. 064879
Primary: ehockman@wsh-law.com
Secondary: szavala@wsh-law.com

RICHARD B. ROSENGARTEN
Florida Bar No. 0106169
Primary: rrosengarten@wsh-law.com
Secondary: szavala@wsh-law.com

## Certificate of Service

I certify that on October 29, 2018, this document was electronically filed with the Clerk of Court using CM/ECF, and is also being served by U.S. Mail (or via CM/ECF if they have obtained authorization) upon all pro se plaintiffs and defendants identified on the below service list.

By: */s/ Joseph H. Serota*

## Service List

| | |
|---|---|
| **Steven B. Aubrey**<br>2601 NW 3rd Ave<br>Wilton Manors, FL 33311<br>(512) 666-8004<br>defamationperse@gmail.com<br>*Plaintiff Pro Se* | **Brian E. Vodicka**<br>2601 NW 3rd Ave<br>Wilton Manors, FL 33311<br>(954) 716-9375<br>defamationperse@gmail.com<br>*Plaintiff Pro Se* |
| **Stephen Charles Schoettmer, Esq.**<br>4305 W. Lovers Lane<br>Dallas, TX 75209<br>(214) 228-8792<br>Steve.schoettmer1@gmail.com<br>*Defendant* | **Demetri Anastasiadis**<br>Assistant Attorney General of Texas<br>Law Enforcement Defense Division<br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, Texas 78711<br>(512) 463-2080 |

| | |
|---|---|
| **Peter L. Harlan, Assistant District Attorney**<br>133 N. Riverfront Blvd. 1319<br>Dallas, Texas 75207<br>(512) 653-3690<br>*Attorney for Defendants Melinda C. Urbina, Dallas County Sheriff Department and Dallas County, Texas* | **Tiernan Cole, Esq.**<br>Assistant Attorney General<br>Office of Attorney General of Florida<br>110 SE 6th Street, FL 10<br>Fort Lauderdale, FL 33301<br>(954) 712-4600<br>Tiernan.cole@myfloridalegal.com<br>Gwendolyn.hinton@myfloridalegal.com;<br>Martine.legagneur@myfloridalegal.com<br>*Attorney for Defendant Judge Eric Vaughn Moye* |
| **Dana J. McElroy, Esq.**<br>Thomas & Locicero PL<br>915 Middle River Drive, Suite 309<br>Fort Lauderdale, FL 33304<br>(954) 703-3416<br>dmcelroy@tlolawfirm.com<br><br>**Jason P. Bloom, Esq.**<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>(214) 651-5000<br><br>*Attorneys For D Magazine Partners, L.P. D/B/A D Magazine; Magazine Limited Partners, L.P.; Allison Media, Inc.; and Jamie L. Thompson* | |