**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| STEVEN BENTON AUBREY and<br>BRIAN EDWARD VODICKA,<br><br>    Plaintiffs,<br><br>v.<br><br>D MAGAZINE PARTNERS, L.P.<br>d/b/a D MAGAZINE, MAGAZINE<br>LIMITED PARTNERS, L.P.,<br>ALLISON MEDIA, INC.,<br>JAMIE L. THOMPSON,<br>ROBERT L. ERMATINGER, JR.,<br>SCOTT ROBERT SAYERS,<br>STEPHEN CHARLES SCHOETTMER,<br>ERIC VAUGHN MOYE,<br>DALLAS POLICE DEPARTMENT,<br>CITY OF DALLAS,<br>MELINDA CHRISTINE URBINA,<br>DALLAS COUNTY SHERIFF'S DEPT.,<br>DALLAS COUNTY, TEXAS, and<br>DOES 1-10,<br>all of whose true names are unknown,<br><br>    Defendants. | **Case No. 18-cv-61117-BLOOM/Valle** |

**DEFENDANTS D MAGAZINE PARTNERS, L.P. F/K/A MAGAZINE LIMITED PARTNERS, ALLISON MEDIA, INC., AND JAMIE THOMPSON'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendants D Magazine Partners, L.P. d/b/a D Magazine (formerly known as Magazine Limited Partners, L.P.), Allison Media, Inc., and Jamie Thompson (collectively "D Magazine") file this expedited response in opposition to Plaintiffs' Motion for Leave to File First Amended Complaint (the "Motion for Leave"), ECF No. [106].

### I. INTRODUCTION

Plaintiffs' Motion for Leave, if granted at this stage of the case, would result in a futile amendment while exposing D Magazine to undue expense and delay. This case has been pending

for more than five months, and five motions to dismiss are now pending before the Court, all of which are fully briefed and ready for adjudication. Plaintiffs' proposed amended complaint contains nothing that would change the outcome of D Magazine's pending motion to dismiss, and granting the Motion for Leave would prejudice D Magazine by requiring it to incur additional expense filing a new motion to dismiss, giving plaintiffs a second opportunity to respond, and requiring D Magazine to file another reply, all while delaying the outcome. Plaintiffs have already caused D Magazine to incur substantial expense defending what D Magazine contend is a meritless lawsuit in an improper jurisdiction and venue.  It would be inequitable to permit Plaintiffs, who failed to amend their complaint as a matter of course in the time permitted by the rules, to now make a futile amendment that will do nothing more than cause further expense and delay.

## II.   FACTUAL BACKGROUND

In five separate motions, each defendant has moved to dismiss Plaintiffs' claims against it, and these motions are fully briefed and awaiting disposition. Specifically, D Magazine has moved to dismiss on the basis that Florida lacks personal jurisdiction, as none of the allegedly defamatory articles targeted the forum state. D Magazine has also moved to dismiss for improper venue, as no substantial part of the facts underlying Plaintiffs' claims occurred in the district. Other defendants have also moved on jurisdictional and venue grounds, as well as on other Rule 12(b) grounds.  After nearly three months of briefing, all motions to dismiss are finally ready for disposition, a disposition which Plaintiffs seek to avoid with a futile amendment.

Plaintiffs' proposed amendment would have no bearing on the outcome of D Magazine's motion to dismiss, and Plaintiffs have made no argument to the contrary in their Motion for Leave. Plaintiffs, in fact, have not stated why, exactly, they need to amend their complaint at this stage of the case, and any allegations related to jurisdiction and venue in Plaintiff's proposed

amended complaint have already been fully addressed in the parties' briefing on D Magazine's pending motion to dismiss.

### III.     ARGUMENT

Plaintiffs' Motion for Leave should be denied because their proposed amendment at this stage of the case would serve little purpose and unfairly burden D Magazine by causing unnecessary delay and expense. A court may deny leave to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." *Lacy v. BP P.L.C.*, 723 Fed. App'x 713, 715 (11th Cir. 2018) (citing *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999)). Leave to amend would be futile when the proposed amended complaint would still be subject to dismissal. *Id.*

**A.     Permitting the amendment would unfairly prejudice Defendants.**

The proposed amendment would effectively moot D Magazine's pending motion to dismiss (as well as each of the other four motions to dismiss). This would require D Magazine and the other defendants to re-brief their motions to dismiss, delay the adjudication of these motions, and force all defendants to continue litigating, at considerable expense, in a forum where they believe jurisdiction and venue are improper. The resolution of the pending motions to dismiss should not be unnecessarily delayed by allowing Plaintiffs to amend their complaint now, long after Plaintiffs' opportunity to freely amend has passed. *See* FED. R. CIV. P. 15(a)(1)(B). Conversely, the type of amendment Plaintiffs propose may be more appropriate, and less prejudicial, if any claims remain after the pending motions to dismiss have been ruled upon.

**B.     The proposed amendment would not cure Plaintiffs' jurisdictional and venue defects and would therefore be futile at this stage.**

The additional expense and delay that requiring D Magazine to re-brief its motion to

3

dismiss would cause would be for nothing, as the proposed amended complaint does not change the personal jurisdiction or venue analyses. Plaintiffs, in fact, advance no argument as to why they need to amend their complaint at this stage, and certainly do not argue that the amendment is necessary to cure any defects in jurisdiction or venue. And, Plaintiffs' proposed amended complaint does not contain any jurisdictional or venue allegations that have not already been fully address in the briefing on D Magazine's motion to dismiss. Their proposed amendment would therefore be futile at this stage and accomplish nothing more than subjecting D Magazine to further expense and delay.

### IV.    CONCLUSION AND PRAYER

Under these circumstances, leave to amend should be denied. The proposed amendment would create unnecessary expense for all parties involved, unduly delay the adjudication of five ripe motions to dismiss, and ultimately be futile at this stage of the case. While it may be appropriate to grant Plaintiffs leave to amend if any claims remain after the pending motions to dismiss have been adjudicated, doing so now would cause unfair prejudice

For these reasons, D Magazine requests that Plaintiffs' Motion for Leave to File First Amended Complaint be denied.

Respectfully submitted,

*/s/ Dana J. McElroy*
Dana J. McElroy
*dmcelroy@tlolawfirm.com*
Florida Bar No.: 845906
Thomas & LoCicero PL
915 Middle River Drive, Suite 309
Ft. Lauderdale, Florida 33304
Telephone: 954.703.3416
Facsimile: 954.400.5415

Thomas J. Williams
*thomas.williams@haynesboone.com*
Texas Bar No.: 21578500
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, Texas  76102
Telephone: (817) 347-6600
Telecopier: (817) 347-6650

Jason P. Bloom
*jason.bloom@haynesboone.com*
Texas Bar No.: 24045511
Stephanie Sivinski
*stephanie.sivinski@haynesboone.com*
Texas Bar No.: 24075080
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

**ATTORNEYS FOR DEFENDANTS D MAGAZINE PARTNERS, L.P. f/k/a MAGAZINE LIMITED PARTNERS, L.P., ALLISON MEDIA, INC., and JAMIE THOMPSON**

5

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on **October 29, 2018**, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served on this date to all other counsel or pro se parties listed below, either via transmission of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

Steven Benton Aubrey, Pro Se
2601 NW 3rd Avenue
Wilton Manors, FL  33311
(512) 666-8004 (Telephone)
defamationperse@gmail.com

Brian Edward Vodicka
2601 NW 3rd Avenue
Wilton Manors, FL  33311
(512) 666-8004 (Telephone)
defamationperse@gmail.com

*/s/ Dana J. McElroy*
Dana J. McElroy