UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN BENTON AUBREY, and
BRIAN EDWARD VODICKA,

    Plaintiffs,

v.                                                                 **Case No. 18-cv-61117-BLOOM/Valle**

D MAGAZINE PARTNERS, L.P. *et al.*,

    Defendants.

_____/

**DALLAS COUNTY DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

    Defendants Dallas County, Texas, Dallas County Sheriff's Department, and Melinda Christine Urbina (collectively "Dallas County Defendants"), pursuant to this Court's Order on October 22, 2018, ECF No. [107], hereby respond to and oppose Plaintiffs' motion for leave to file an amended complaint, ECF No. [106], and state:

### I. Introduction

    At issue is a motion filed by the *pro se* Plaintiffs that seeks leave to replace their 90-page complaint and with another 90-page version. Despite the long-winded nature of their pleadings, Plaintiffs' motion is essentially a one-liner saying that leave to amend should be freely given "when justice so requires." While that tracks the language of Fed. R. Civ. P. 15, Plaintiffs' motion is completely silent as to why "justice" would require this amendment. Moreover, their motion does not even mention what allegations have been added or changed, nor is it accompanied by any memorandum of law -- in direct violation of S.D. Fla. L. R. 7.1. Plaintiffs have just left the Court and Defendants to figure everything out for themselves, which further violates Fed. R. Civ. P. 7(b)(1)(B). That rule demands that motions "state with particularity the grounds for seeking the order," and Plaintiffs' motion falls woefully short.

While those deficiencies alone are a sufficient basis upon which to the motion, the proposed amended pleading reveals additional problems. Specifically, Plaintiffs' amended version does not add any new facts against the Dallas County Defendants that would establish personal jurisdiction over them or proper venue. Nor have Plaintiffs added any new facts that would support the causes of action that they have asserted against the Dallas County Defendants. These Defendants have already filed a comprehensive motion to dismiss addressing the multitude of jurisdictional, venue-related, and substantive flaws in the claims that were asserted against them in the original complaint, and *nothing* in the amended version cures *any* of those fatal defects. As such, the filing of their proposed amended complaint would be futile. That is a well-recognized ground for denying any amendment because, as the Eleventh Circuit has observed, "justice does not require district courts to waste their time on hopeless cases." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) (denying leave to amend complaint where motion failed to present anything that would bolster allegations in present complaint).

## II.  Argument

While Federal Rule of Civil Procedure 15(a)(2) provides that the court should give leave to amend "when justice so requires," the case law is well-settled that it is proper and appropriate to deny leave when amending the complaint would be futile. That circumstance exists where, as here, "the complaint as amended would still be properly dismissed." *See*, *e.g.*, *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (affirming denial of leave to amend based on futility where amended complaint would still fail to state a claim); *see also Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir. 1999) (denial of leave to amend was proper where plaintiffs failed to set out new factual allegations to support personal jurisdiction); *Pavlovich v. New York*, No. 11-80969-CIV, 2011 WL 3878353 at *1-*2 (S.D. Fla. Sept. 2, 2011) (denying leave because amendment would be futile where court still lacked personal jurisdiction over New York

defendants, plaintiff failed to state a claim, and venue would be proper in New York, not Florida); *Martinec v. Party Line Cruise Co.*, No. 07-80098-CIV, 2007 WL 3197610 at *2-*3 (S.D. Fla. Oct. 29, 2007) (denying leave based on futility because "Amended Complaint could not possibly survive a motion to dismiss" where it failed to allege facts to establish personal jurisdiction over a defendant).

As it relates to the Dallas County Defendants, the proposed amended complaint fares no better than the original complaint, and is subject to dismissal on all the same grounds that are set forth in the Dallas County Defendants' pending motion to dismiss the original complaint. ECF No. [54]. The allegations regarding these Defendants have not changed in any material way. In addition, just like their original complaint, the proposed amended version expressly acknowledges that these Defendants are Texas residents or governmental entities,[1] and that all the events at issue took place in Texas while Plaintiffs resided there.[2] Consequently, the proposed amendment is futile. To permit such an amendment would waste this Court's time, effort, and judicial resources and would unfairly cause these Defendants to incur unnecessary expense in defending against another baseless complaint. Accordingly, this Court should deny Plaintiffs' motion.

### III. Conclusion

Based on the foregoing, Defendants Dallas County, Texas, Dallas County Sheriff's Department, and Melinda Christine Urbina, respectfully request that this Court enter an order denying the Plaintiffs' motion for leave to file first amended complaint.

---

[1] *Compare* Proposed First Amended Complaint, ECF No. [106] ¶¶ 11-12, and 32 *with* Original Complaint, ECF No. [1] ¶¶ 18 and 31-33.

[2] *Compare* Proposed First Amended Complaint, ECF No. [106] ¶¶ 119, 392, 420, 441, and 464, *with* Original Complaint, ECF No. [1] ¶¶ 148, 281, 291, 339, 410, 430, 450, 463, 484, and 507. *See also* references to Plaintiffs' residing in Texas: ECF No. [106] ¶¶ 168, 170, 380, and 410 and ECF No. [1] ¶¶ 200, 202, 419, and 453.

Respectfully submitted,

| | |
|---|---|
| /s/ Dana J. McElroy | /s/ Peter L. Harlan |
| DANA J. MCELROY | PETER L. HARLAN |
| Florida Bar No. 845906 | Assistant District Attorney |
| dmcelroy@tlolawfirm.com | pharlan@dallascounty.org |
| Thomas & LoCicero PL | Texas Bar No. 09011300 |
| 915 Middle River Dr., Suite 309 | Frank Crowley Courts Building |
| Ft. Lauderdale, FL  33304 | 133 N. Riverfront Blvd., LB 19 |
| (954) 703-3416 (Telephone) | Dallas, Texas 75207-4399 |
| | (214) 653-3691 (Telephone) |
| | (214) 653-2899 (Facsimile) |
| | |
| ATTORNEYS FOR DEFENDANTS | ATTORNEY FOR DEFENDANTS |
| Dallas County Texas, Dallas County Sheriff's Dept., and Melinda Christine Urbina | Dallas County Texas, Dallas County Sheriff's Dept., and Melinda Christine Urbina |
| | Attorney *Pro Hac Vice* |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **29th day of October, 2018**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record and *Pro Se* Plaintiffs, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: */s/ Dana J. McElroy*
        Attorney