UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61117-BLOOM/Valle

STEVEN BENTON AUBREY and
BRIAN EDWARD VODICKA,

    Plaintiffs,
v.

D MAGAZINE PARTNERS, L.P. d/b/a
D MAGAZINE; MAGAZINE
LIMITED PARTNERS, L.P.; ALLISON
MEDIA, INC.; JAMIE L. THOMPSON;
ROBERT L. ERMATINGER, JR;
SCOTT ROBERT SAYERS; STEPHEN
CHARLES SCHOETTMER; ERIC
VAUGHN MOYE; DALLAS POLICE
DEPARTMENT; CITY OF DALLAS;
MELINDA CHRISTINE URBINA;
DALLAS COUNTY SHERIFF'S
DEPT.; DALLAS COUNTY, TEXAS;
and DOES 1–10, all of whose true
names are unknown,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Reconsideration of Rule 4 Expenses, ECF No. [123] ("Motion"). In their Motion, Plaintiffs argue that the Court erred in ruling that it could not grant relief after finding that no personal jurisdiction exists over the Defendants in this case. ECF No. [122] ("Order"). The Court has carefully reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.[1]

---

[1] The Court notes that in addition, Plaintiffs failed to confer under Local Rule 7.1 prior to filing the Motion, and it is thus due to be denied upon this basis alone.

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted).

On reconsideration, Plaintiffs argue that under Rule 4 of the Federal Rules of Civil Procedure, the Court was bound to award Plaintiffs the expenses incurred with respect to serving Defendants Schoettmer and Moyé, after Defendants failed to waive formal service of process. In addition, Plaintiffs state that the "good cause" required to justify such a waiver "does not include the belief that a lawsuit is groundless, or that is has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property."

Mot., ECF No. 123 at 1-2; Fed. R. Civ. P. 4, Form Notice of a Lawsuit and Request to Waive Service of Summons. Upon review, Plaintiffs' Motion fails.

First, Plaintiffs fail to address any of the three potential grounds justifying reconsideration, arguing simply that the Court erred. Therefore, Plaintiffs fail to set forth any ground warranting reconsideration. Second, while the Court acknowledges that Rule 4 incorporates a form waiver with language regarding what may or may not constitute "good cause" for a defendant's failure to waive service, Rule 4 does not—and cannot—alter the scope of the Court's personal jurisdiction over Defendants. "As a general rule, courts should address issued relating to personal jurisdiction before reaching the merits of a plaintiff's claims." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (citations omitted). This is so because "[a] defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings." *Id*. (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). Plaintiffs fail to cite any authority that would permit the Court to adjudicate their request for costs, when it has previously found that personal jurisdiction is lacking. *See, e.g. Smith v. Conner*, 2013 WL 1482761, at *2 (M.D. Fla. Apr. 10, 2013) ("It is elementary that without *in personam* jurisdiction, a court has no power to adjudicate a claim or obligation of that person . . . If a court acts without personal jurisdiction, any judgment or order it renders is *null and void*." (citation omitted)); *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("A Court without personal jurisdiction is powerless to take further action.").

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [123]**, is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record